UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC., and
METRC ID, LLC,

    Plaintiffs,
v.                                                  Case No. 8:24-cv-1252-WFJ-CPT

MARCUS ESTES,

    Defendant.
_____/

## MEMORANDUM ORDER

This memorandum memorializes the Court's Order at docket 19. The defense motion to dismiss, Dkt. 12, is denied. The Court reviewed the complaint, the subject motion, the response, Dkt. 17, and reply, Dkt. 18.

In short, Defendant sold a company to Plaintiff and then signed an employment agreement. He received significant consideration. He traveled to Florida from his home in Oregon to consummate the deal. The employment agreement had Florida as choice of law but no venue or forum provision. The agreements had a two-year non-solicitation contract, with fairly standard language. The signing bonus of $100,000 was refundable if Defendant's employment terminated for any reason before 24 months.

At about 12 months, Plaintiff terminated Defendant.  Plaintiff alleges that Defendant did not refund the signing bonus.  Plaintiff also alleges that Defendant contacted two key customers and disparaged the product that Plaintiff sold.

The complaint asserts three counts.  Dkt. 1.  Count One claims breach of contract on the employment letter.  Count Two claims breach of contract on the non-solicitation agreement.  Count Three alleges tortious interference with advantageous business relationships.

In his motion, Dkt. 12, Defendant asserts there is no personal jurisdiction to hale him into Florida on this lawsuit.  He also asserts as part of this motion that the tortious interference count (Count Three) fails to state a claim.  Dkt. 12 at 1, 9–10.

Concerning first the sufficiency of allegations related to Count Three, Federal Rule of Civil Procedure 8(a) sets a low bar.  All that is required is a "short and plain" statement of the claim showing the pleader is entitled to relief.  A reading of Count Three, Dkt. 1 at 12-13, shows that Plaintiff has surmounted this low bar.  Whether there be damages high or low or not at all, they are pled sufficiently to permit the pleader to pursue the claim.

Concerning the personal jurisdiction issue, Plaintiff traveled to Florida to consummate the contracts now sued upon.  He also traveled to Florida for company business on one other occasion during his 12-month tenure with Plaintiff.  Further, it is alleged he has breached a duty to pay $100,000 which would be

remitted to Plaintiff in Florida. Most importantly, however, it is clear that during his year in Plaintiff's employ the Defendant conducted extensive business in Lakeland, Florida, albeit remotely from his home in Oregon.

The operational headquarters (and apparently the only office) of Plaintiff is in Lakeland, Florida. As an important and well-compensated employee of Plaintiff, Defendant remotely participated in weekly product review meetings held in Lakeland, daily development meetings, and multiple other meetings that were based in and originated in Lakeland. Eagleson Aff., Dkt. 17-1 at 2–3; *see also id*. at 34–64. Defendant was an executive vice president of the Lakeland-based Plaintiff and was very active in the Lakeland directed, Lakeland-centered business. Dkt. 17-2. Defendant's affidavit is not contrary to these facts and is much more "boilerplate" and uninformative than the facts presented in Plaintiff's affidavits. *Compare* Dkt. 13 *with* Dkts. 17-1, 17-2.

The Court finds based on this record that Plaintiff was an active virtual participant in Lakeland, Florida, during his employ. As executive vice president, Defendant was engaged in and carried on a business in Florida, as contemplated by the Florida "long-arm" statute. Fla. Stat. § 48.193(1)(a)1. This was a general and ongoing course of business in Florida, daily activity as a supervisor and executive; not isolated or sporadic or episodic. It was active not passive.

Count Three plausibly alleges a tort that caused injury within Florida to the alleged Florida victim.  Fla. Stat. § 48.193(1)(a)2.; *see generally Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008).  Plaintiff further alleges a contract breach that requires payment of $100,000 to Lakeland.  Fla. Stat. § 48.193(1)(a)7.

Plaintiff's only office is in Lakeland.  Defendant had a daily or near-daily presence there as executive vice president.  His two physical trips to Lakeland during this year were in connection with this business.  Both this pervasive presence as well as the alleged tort damage in Florida to the claimed Florida victim, make short shrift of any due process "fairness" claim.  It is not unfair to "hale" Defendant into Florida to answer his former company's claims.  *See generally Licciardello*, *supra*; *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999).

**DONE AND ORDERED** at Tampa, Florida, on August 2, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record