IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC., and METRC ID, LLC,

Plaintiffs,

v.

MARCUS ESTES,

Defendant.

Case No. 8:24-CV-01252

**DEFENDANT'S MOTION TO AMEND ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND TO STAY ACTION PENDING APPELLATE REVIEW, AND INCORPORATED MEMORANDUM OF LAW**

Defendant MARCUS ESTES ("Defendant"), through undersigned counsel, respectfully requests that this Court amend its August 1, 2024 Order denying Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction (D.E. 19 and 20) to certify the jurisdictional question for interlocutory review under 28 U.S.C. § 1292(b). This Court should amend and certify the Order because it involves "controlling question[s] of law as to which there [are] substantial ground for difference of opinion," and an immediate appeal from the Order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant also requests that this Court enter an order staying this action pending appellate review of the Order. In support of this motion, Defendant submits the following memorandum of law.

## MEMORANDUM OF LAW

Under 28 U.S.C. § 1292(b), this Court is authorized to "certify an interlocutory order for appeal if the order (i) involves a controlling question of law; (ii) as to which there is substantial ground for difference of opinion, and (iii) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Harris v. Luckey,* 918 F.2d 888, 892 (11th Cir. 1990). This Court should certify the Order because it meets the criteria under section 1292(b). The question of whether Defendant is subject to this Court's jurisdiction is, by its very nature, a "controlling question of law." If the Eleventh Circuit were to disagree with this Court on this legal question, the litigation will end. As the parties' briefs and this Court's order make clear, there are substantial grounds for difference of opinion on this question. And, because a determination in Defendant's favor would terminate this action, there is no question that an immediate appeal may materially advance the ultimate termination of the litigation. This Court should also stay the proceedings before this Court pending appellate review.

### I. The Order Involves A Controlling Question Of Law Concerning Whether Defendant Is Subject To This Court's Personal Jurisdiction.

This Court's conclusion that Defendant is subject to personal jurisdiction is a question of law. *Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1217 (11th Cir. 2009) ("We have consistently held that the issue of whether personal jurisdiction is present is a question of law and subject to de novo review."). That

question of law is "controlling" under section 1292(b) because reversal of the Order would terminate the action. *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."); *see also Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974) ("A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal."). Moreover, the Order involves a controlling question of law because "it could cause the needless expense and delay of litigating an entire case that has no power to decide the matter." *Kuehner v. Dickinson & Co.,* 84 F.3d 316, 319 (9th Cir. 1996). Accordingly, the issue addressed in the Order is a controlling question of law under section 1292(b).

Federal courts around the nation—including those within the Eleventh Circuit—routinely "grant[] certification when the order involve[s] issues of in personam and subject matter jurisdiction." *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990); *see also, e.g., ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir.1997) (addressing interlocutory appeal of order, certified by district court under § 1292(b), denying motion to dismiss for lack of personal jurisdiction); *Army Times Publ'g Co. v. Watts,* 730 F.2d 1398, 1398-99 (11th Cir. 1984) (same); *Cox Enters., Inc. v. Holt,* 678 F.2d 936, 937 (11th Cir. 1982) (same); *GTE New Media Servs. Inc. v. Ameritech Corp.,* 44 F. Supp. 2d 313, 317 (D.D.C. 1999) (certifying for interlocutory appeal an order denying motion to dismiss for lack of personal jurisdiction, and staying all proceedings

before the district court). In *McFarlin v. Conseco Services, LLC,* 381 F.3d 1251, 1257 (11th Cir. 2004), while examining the legislative history behind § 1292(b), the court quoted the following paragraph from the Senate Judiciary Committee Report, S. Rep. No. 2424 (1958), which provides the following example of the type of situation Congress intended § 1292(b) to address:

> [I]n a recent case, a motion to dismiss for want of jurisdiction was filed in the district court early in the proceedings. The district court denied the motion and the matter then proceeded to trial. The disposition of that case took almost 8 months. Upon final order the case was appealed and the court of appeals determined that the district court did not have jurisdiction and entered an order accordingly. Had this legislation been in effect at that time, the district judge could have stated in writing his opinion that the motion was controlling and the defendant could thereupon have made application to the court of appeals for a review of the order denying the motion. Had the court of appeals entertained such a motion and reached the conclusion which it ultimately did, it would have resulted in a saving of the time of the district court and considerable expense on the part of the litigants.

*McFarlin*, 381 F.3d at 1257 (quoting 1958 U.S.C.C.A.N. 5256). The court noted that this example involved a "potentially dispositive legal question[] collateral to the merits that might render unnecessary a lengthy trial." *Id.* Thus, it is clear that the Order involves the very type of controlling question of law that justifies certification under section 1292(b).

## II. There Are Substantial Grounds For Difference Of Opinion

There are substantial grounds for a difference of opinion about whether the jurisdictional facts cited by the parties and set forth in the Order are legally sufficient to subject Defendant to this Court's personal jurisdiction under the Florida Long Arm Statute. Even if this Court doubts that the Eleventh Circuit will

disagree with this Court's conclusion on these issues, this Court should certify the jurisdictional question in the Order. "[I]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . , certification may be justified at a relatively low threshold of doubt." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 422 (2d ed. 1996).

The Order states that personal jurisdiction over Defendant is proper under Florida Statute § 48.193(1)(a)(1), (2), and (7), and that such exercise of personal jurisdiction does not offend due process.[1] The corresponding questions therefore presented under the Order, which this Court should certify for immediate appeal, are discussed below.

**1. Florida Statutes Section 48.193(1)(a)(1).**

It is undisputed that all of Defendant's contacts with Florida were in either his capacity as employee of Plaintiffs, or as CEO of Chroma. The Court concluded that these contacts were sufficient to bring Defendant within the reach of Fla. Stat. 48.193(1)(a)(1), which confers jurisdiction over someone who is "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."

[1] In their complaint, Plaintiffs also assert that specific personal jurisdiction over Defendant exists under Florida Statutes Section 48.193(1)(a)(6), and that general jurisdiction also exists. The Order does not appear to address these assertions, and in their response to Defendant's motion, Plaintiffs did not attempt to controvert Defendant's argument that there is no basis for jurisdiction under Florida Statutes Section 48.193(1)(a)(6).

Left unaddressed in the Order, however, was the effect of the corporate shield doctrine, which provides that "personal jurisdiction does not extend over the individual capacity of a nonresident defendant when the defendant's acts within the forum state are performed solely in the defendant's capacity as a corporate employee for the benefit of a corporate employer." *Mainline Info. Sys. v. Fordman,* 2011 US Dist. LEXIS 55698 (N.D. Fla. May 24, 2011). In *Mainline,* a Florida employer sued a former high-ranking employee who had worked for the company in Alabama, and district court granted the employee's motion to dismiss for lack of personal jurisdiction based on the fact that "all of [the employee's] business activities performed within Florida were done in his capacity as a corporate employee. Accordingly, this Court cannot use this subsection to establish jurisdiction over [the employee] in his individual capacity." *Id.* at *8-9, *see also Duncanson v. Wine & Canvas Dev., LLC,* 2015 U.S. Dist. LEXIS 183785 (M.D. Fla. June 24, 2015), *Kitroser v. Hurt,* 85 So. 3d 1084, 1088 (Fla. 2012) (holding that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee.").

Thus, the first question presented under the Order, which this Court should certify for immediate appeal, is whether a foreign defendant whose only contacts with Florida were as an employee of either the plaintiff, or a company

acquired by the plaintiff, is subject to personal jurisdiction in Florida under Florida Statutes Section 48.193(1)(a)(1).

**2. Florida Statutes Section 48.193(1)(a)(2).**

Section 48.193(1)(a)(2) specifies "Committing a tortious act within this state" as a basis for establishing specific jurisdiction. Analysis under this subsection requires courts "to ask first whether the complaints states a cause of action, and if so, whether the cause of action arises from the out-of-state communications into Florida." *Estate of Scutieri v. Chambers,* 386 Fed. Appx. 951, 954 (11th Cir. 2010).

**a. Failure to State a Claim for Tortious Interference.**

It is undisputed that Plaintiffs' claims for tortious interference arise out of Defendant's alleged defamatory statements to H and W. Specifically, Plaintiffs allege: "Defendant used his high-level position and influence and sent disparaging and false information regarding Metrc and the development of Retail ID to key contacts at W and H." D.E. 1, ¶ 32. The specific content of this information is not alleged in the Complaint, and there is no way for this Court to independently verify whether it was, indeed, "disparaging" or "false."

Under Florida law – the "the single publication/single action rule" – a tortious interference claim predicated upon alleged defamatory statements must satisfy the same pleading criteria as a claim for defamation predicated upon those statements. *See Ozyesilpinar v. Reach PLC,* 365 So. 3d 453, 461 (Fla. 3d DCA 2023); *Samara v. Juice Plus+ Co., LLC,* 2021 U.S. Dist. LEXIS 259065 (M.D. Fla.

March 1, 2021). Allegedly defamatory words "should be set out in the complaint for the purpose of fixing the character of the alleged libelous publication" although they need not necessarily be set up verbatim. *Edward L. Nezelek v. Sunbeam TV Corp.,* 413 So. 2d 51, 56 (Fla. 3d DCA 1982). "[I]t is sufficient that the plaintiff set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory." *Id.*

In the Order, the Court appears to have analyzed the sufficiency of Plaintiffs' pleading not under this standard, but rather under the "low bar" of FRCP 8(a). This approach is irreconcilable with that taken by the court in *Jetaire Aero., LLC v. Aersale Inc.,* 2023 U.S. Dist. LEXIS 232937 (S.D. Fla. Nov. 28, 2023), where the court, on its own initiative, dismissed a defamation claim with much more detailed allegations than alleged here.

Thus, the second question presented under the Order, which this Court should certify for immediate appeal, is whether, in a claim for tortious interference predicated on allegedly defamatory statements, the substance of such statements must be alleged with particularity sufficient to enable the court to determine whether they were defamatory.

**b. Plaintiffs' Claim is Not Alleged to Arise from an Out-of-State Communication into Florida.**

Plaintiffs allege that they sustained injury in Florida as a result of Defendant's allegedly defamatory communications with H and W, which are not

alleged to have occurred inside of, or into, Florida. Rather, H "is one of Canada's leading cannabis infused product developers and producers," and "W is a leading cannabis infused product developer and distributor, and holds a significant share of the United States cannabis edibles market." D.E. 1 at ¶¶ 28, 29. Neither H nor W is alleged to have any connection with Florida, other than a business relationship with Plaintiffs.

For personal jurisdiction to exist under Florida Statute Section 48.193(1)(a)(2), "the cause of action [must] arise from the communication *into the state*[.]" *Don King Prods. v. Mosley,* 2016 U.S. Dist. LEXIS 188060, at *9 (S.D. Fla. Jan. 26, 2016) (emphasis added). "The requirement that the cause of action arise from the communication into the state is necessary in order to satisfy the 'connexity' requirement of section 48.193(1)." *Id., citing Wendt v. Horowitz,* 822 So. 2d 1252, 1260 (Fla. 2002); *see also Consol. Energy, Inc. v. Strumor,* 920 So. 2d 829, 832 (Fla. 4th DCA 2006) ('[M]ere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant.").

Here, because any communication Defendant is alleged to have had with H and W occurred outside of Florida, the connexity factor identified in *Don King Prods*. is lacking. However, in the Order, this Court held that "Count Three plausibly alleges a tort that caused injury within Florida to the alleged Florida victim."

Therefore, the third question presented under the Order, which this Court should certify for immediate appeal, is whether, in a claim for tortious interference predicated on allegedly defamatory statements, those statements must be made into the state of Florida.

**3. Florida Statutes Section 48.193(1)(a)(7).**

Plaintiffs allege that payment under the Offer Letter was due in Florida, and the Order holds that this allegation is sufficient to invoke jurisdiction under section 48.193(1)(a)(7).

However, other courts have held that that "the failure to pay money in Florida, standing alone, would not suffice to obtain jurisdiction over a nonresident defendant." *Global Satellite Commun. Co. v. Sarl Sudline,* 849 So. 2d 466, 469 (Fla. 4th DCA 2003). While the Defendant had some contacts with Florida as an employee, those contacts are insufficient to establish jurisdiction over Defendant, as explained above.

Therefore, the fourth question presented under the Order, which this Court should certify for immediate appeal, is whether a former employee, whose only contacts with Florida were as an employee, and who is alleged to be obligated to pay money in Florida under an employment contract, is subject to specific jurisdiction in Florida under Florida Statutes Section 48.193.(1)(a)(7).

**III. An Immediate Appeal May Materially Advance the Termination of the Litigation.**

This element of § 1292(b), which is "closely tied to the requirement that the order involve a controlling question of law," *Pub. Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D. N.J. 1993), is satisfied if "resolution of [the] controlling legal question would serve to avoid a trial or otherwise shorten the litigation," *McFarlin*, 381 F.3d at 1259. Without a doubt, permitting an interlocutory appeal in this case would meet that purpose. If the Eleventh Circuit disagrees with this Court's jurisdictional analysis, it will most likely direct a dismissal of the suit and thus avoid "extensive discovery, employment of expert witnesses, and investigation of numerous complex legal issues." *Max Daetwyler Corp. v. R. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983). And any delay inherent in allowing the interlocutory appeal does not "outweigh the potential cost to the parties and th[is] [C]ourt if this matter proceeds to trial and is later dismissed by the Court of Appeals on jurisdictional grounds." Id. at 282-83. Accordingly, such an appeal may materially advance the ultimate termination of this litigation.

## IV. This Court Should Also Stay These Proceeding Pending Appellate Review.

In addition to certifying the Order for immediate appeal under section 1292(b), this Court should stay proceedings in this case pending appellate review in order to prevent the potential waste of court and party resources. *See GTE,* 44 F. Supp. 2d at 317. Such a stay is contemplated by section 1292(b) upon the request of the party seeking certification of an order for interlocutory appeal.

## CONCLUSION

Defendant respectfully requests that this Court amend the Order to certify it for immediate appeal under 28 U.S.C. § 1292(b). The Order involves controlling jurisdictional questions about which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. To prevent the potential waste of court and party resources, Defendant also requests that this Court stay further proceedings pending appellate review.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant has conferred via e-mail with counsel for Plaintiffs concerning the relief requested in this motion and hereby certifies that Plaintiffs oppose this motion.

DATED this August 9, 2024.

**ANDREW DEWEESE, PC**

By: */s/ Andrew DeWeese*
Andrew DeWeese, Fla. Bar 0059925
3055 SW Yeon Avenue, #527
Portland, Oregon 97210
andrew@andrewdeweese.com
Telephone: (971) 303-0351
*Lead Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth below, I served the foregoing on the following individual(s) by the method indicated below:

| | |
|---|---|
| Edward B. Carlstedt | __X__ By CM/ECF |
| Florida Bar No. 0136972 | __X__ By E-Mail |
| ecarlstedt@fordharrison.com | _____ By First Class Mail |
| Nicholas S. Andrews | _____ By Facsimile |
| Florida Bar No. 0105699 | _____ By Hand-Delivery |
| nandrews@fordharrison.com | |
| 401 East Jackson Street, Suite 2500 | |
| Tampa, Florida 33602 | |
| Telephone (813) 261-7800 | |
| Fax (813) 261-7899 | |
| *Attorneys for Plaintiff* | |

DATED this August 9, 2024.

**ANDREW DEWEESE, PC**

*/s/ Andrew DeWeese*
Andrew C. DeWeese
Florida Bar No. 059925
3055 NW Yeon Avenue, #527
Portland, Oregon 97210
Telephone: (971) 303-0351
andrew@andrewdeweese.com
*Lead Counsel for Defendant*