IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| METRC, INC., and METRC ID, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MARCUS ESTES,<br><br>   Defendant, | Case No. 8:24-cv-01252 |

**FIRST AMENDED ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

For his First Amended Answer, Defenses, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint, Defendant Marcus Estes ("Estes"), by and through his counsel of record, Andrew C. DeWeese, hereby Answers and alleges as follows:

**JURISDICTION AND VENUE**

1.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 1.

2.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 2.

3.

Defendant admits that Marcus Estes was at relevant times a resident of Hammond, Oregon, and now lives in Astoria, Oregon. Defendant admits he was employed by Plaintiffs between on or about April 18, 2023 to on or about April 9, 2024.

4.

Defendant admits that this Court has subject matter jurisdiction over this matter.

5.

Defendant denies the allegations of Paragraph 5.

6.

Defendant denies the allegations of Paragraph 6 as phrased, and denies that any basis for personal jurisdiction over him in Florida exists.

7.

Defendant denies the allegations of Paragraph 7.

8.

Defendant denies the allegations of Paragraph 8.

## **GENERAL ALLEGATIONS**

9.

Defendant denies the allegations of Paragraph 9 as phrased.

10.

Defendant denies the allegations of Paragraph 10 as phrased.

11.

Admitted.

12.

Defendant admits that he is the Founder of Chroma Protocol Corporation and that the language of the applicable documents, including the asset purchase agreement, speak for themselves; otherwise, Defendant denies the allegations of Paragraph 12 as phrased.

13.

Admitted.

14.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 14.

15.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 15.

16.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 16.

17.

Defendant denies the allegations of Paragraph 17 as phrased; the offer letter speaks for itself.

18.

Defendant denies the allegations of Paragraph 18 as phrased; the offer letter speaks for itself.

19.

Defendant denies the allegations of Paragraph 19 as phrased; the offer letter speaks for itself.

20.

Defendant denies the allegations of Paragraph 20 as phrased; the offer letter speaks for itself.

21.

Admitted.

22.

Admitted.

23.

Defendant denies the allegations of Paragraph 23 as phrased; the Non-

Solicitation Agreement speaks for itself.

24.

Defendant denies the allegations of Paragraph 24 as phrased; the Non-Solicitation Agreement speaks for itself.

25.

Defendant lacks sufficient information to admit or deny Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 25.

26.

Denied.

27.

Denied that he was "terminated due to performance." Denied that he contacted customers, but asserts that in fact, the customers contacted him.

28.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 28.

29.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 29.

30.

Defendant denies the allegations of Paragraph 30 as phrased.

31.

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 31.

32.

Defendant denies the allegations of Paragraph 32.

33.

Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 33.

34.

Defendant denies the allegations of Paragraph 34.

35.

Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 35.

36.

Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 36.

37.

Defendant denies the allegations of Paragraph 37.

38.

Admitted.

39.

Admitted.

40.

Admitted.

41.

Admitted.

42.

Defendant re-alleges and re-avers his responses to Paragraphs 1 through 41.

43.

Defendant admits that Plaintiffs have brought an action for breach of contract against him and denies that they are entitled to any recovery.

44.

Defendant admits that the Offer Letter Agreement is a valid contract.

45.

Defendant denies the allegations of Paragraph 45.

46.

Defendant denies the allegations of Paragraph 46.

47.

Defendant denies the allegations of Paragraph 47.

48.

Defendant re-alleges and re-avers his responses to Paragraphs 1 through 41.

49.

Defendant admits that Plaintiffs have brought an action for breach of contract against him and denies that they are entitled to any recovery.

50.

Defendant admits that Plaintiffs have brought an action for breach of contract against him and denies that they are entitled to any recovery.

51.

Defendant denies the allegations of Paragraph 51.

52.

Defendant denies the allegations of Paragraph 52 as phrased; the Non-Solicitation Agreement speaks for itself.

53.

Defendant denies the allegations of Paragraph 53.

54.

Defendant denies the allegations of Paragraph 54.

55.

Defendant denies the allegations of Paragraph 55.

56.

Defendant denies the allegations of Paragraph 56.

57.

Defendant denies the allegations of Paragraph 57.

58.

Defendant denies the allegations of Paragraph 58.

59.

Defendant denies the allegations of Paragraph 59.

60.

Defendant re-alleges and re-avers his responses to Paragraphs 1 through 41.

61.

Defendant admits that Plaintiffs have brought an action for tortious interference against him and denies that they are entitled to any recovery.

62.

Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 36.

63.

Defendant denies the allegations of Paragraph 63.

64.

Defendant denies the allegations of Paragraph 64.

65.

Defendant denies the allegations of Paragraph 65.

66.

Defendant denies the allegations of Paragraph 66.

67.

Defendant denies the allegations of Paragraph 67.

68.

Defendant denies the allegations of Paragraph 68.

## DEFENSES AND AFFIRMATIVE DEFENSES

69.

Plaintiffs, in each of their causes of action, have failed to state claims upon which relief may be granted.

70.

This Court does not have personal jurisdiction over Defendant.

71.

Plaintiffs have failed to plead sufficient facts to support a finding of malice, fraud, or oppression sufficient to support an award of punitive damages.

72.

Plaintiffs have failed to mitigate their damages, if any.

73.

Defendant reserves the right to assert additional defenses and affirmative defenses in this matter as appropriate and supported by discovery.

WHEREFORE, Defendant respectfully requests that Plaintiffs' claims be dismissed with prejudice and that this Court award Defendant his reasonable attorney fees, costs, and disbursements, and such other and further relief as this Court deems just and proper.

DATED: May 13, 2025     **ANDREW DEWEESE, PC**

>*/s/ Andrew C. DeWeese*
>Andrew C. DeWeese, OSB #136332
>3055 NW Yeon Avenue, #527
>Portland, Oregon 97210
>Telephone: (971) 303-0351
>andrew@andrewdeweese.com
>*Lead Counsel for Defendant Estes*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing **FIRST AMENDED ANSWER** on the following individual(s) by the method indicated below:

| | |
|---|---|
| Edward B. Carlstedt | __X__ By CM/ECF |
| Florida Bar No. 0136972 | __X__ By E-Mail |
| ecarlstedt@fordharrison.com | _____ By First Class Mail |
| Nicholas S. Andrews | _____ By Facsimile |
| Florida Bar No. 0105699 | _____ By Hand-Delivery |
| nandrews@fordharrison.com | |
| 401 East Jackson Street, Suite 2500 | |
| Tampa, Florida 33602 | |
| Telephone (813) 261-7800 | |
| Fax (813) 261-7899 | |
| *Attorneys for Plaintiff* | |

DATED: May 13, 2025          **ANDREW DEWEESE, PC**

*/s/ Andrew C. DeWeese*
Andrew C. DeWeese
Florida Bar No. 059925
3055 NW Yeon Avenue, #527
Portland, Oregon 97210
Telephone: (971) 303-0351
andrew@andrewdeweese.com
*Attorney for Defendant*