IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| METRC, INC., and METRC ID, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARCUS ESTES,<br><br>  Defendant. | Case No. 8:24-CV-01252 |

**DEFENDANT'S FIRST AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

Defendant Marcus Estes, ("Defendant" or "Estes"), by and through undersigned counsel, hereby submits this first amended response to Plaintiffs Metrc, Inc., and Metrc ID, LLC ("Plaintiffs") first set of interrogatories.

**INTERROGATORIES**

1. Identify all documents utilized or relied upon in any way in the preparation of the answers to these interrogatories, including the location and custodian of each such document.

   **ANSWER**: Defendant objects to this Interrogatory to the extent that it is vague, overbroad and unduly burdensome. Subject to and without waiving the foregoing or the General Responses and Objections, all documents utilized or relied upon in the preparation of the answers to the

Exhibit 7

Interrogatories will be produced in conjunction with Defendant's response to Plaintiffs' Requests for Production of Documents.

2. Identify the name, phone number, and address of every witness and person you believe to have knowledge of facts related to this case. For each such person, state the facts you believe are known to that person.

   **ANSWER**: Defendant objects to this Interrogatory to the extent that it is vague to the extent that the "facts related to this case" could include a wide range of topics, such as the fact that Defendant was employed by Plaintiffs, the fact that Plaintiffs acquired assets from Chroma Protocol Corporation, and other topics. Moreover, given that Plaintiffs' discovery requests seek to discover information not only regarding the issues raised by the operative pleadings, but also information regarding pleadings which have yet to be filed, Defendant is unsure whether the phrase "facts related to this case" includes the latter subject matter. Subject to and without waiving the foregoing or the General Responses and Objections, in addition to Plaintiffs and Defendant, the following individuals are believed to have knowledge pertaining to the issues implicated by the operative pleadings in this matter:

   a. John Brown, 704-507-5962

   b. Eric Mushrush, 302-250-1578

   c. Stephanie Arkel, 818-288-4690

Exhibit 7
2

    d. Mark Goetz, 303-887-4076

    e. David Eagleson, 443-758-4435

    f. Leif Shackelford, 510-292-7493

Defendant reserves the right to supplement this interrogatory response as discovery continues.

3. Identify all reasons you refused to return to Metrc the $100,000 signing bonus that is the subject of Metrc's lawsuit in this matter.

    **ANSWER**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege. Defendant further objects to this interrogatory on the grounds that it constitutes premature contention discovery; discovery has just been initiated and Defendant has not yet gathered all of the facts and information that will be used to support his defenses and proposed counterclaim, and has not yet received information from Plaintiffs that may also be used to support these claims. Subject to the foregoing objections, and without limitation, Defendant did not return the $100,000 signing bonus to Metrc because Metrc wrongfully terminated Defendant and because returning the $100,000 would have been financially burdensome for Defendant.

4. With respect to any written or oral statements of fact or opinion that you

Exhibit 7

3

have heard or received, from any person, regarding the subject matter of this litigation, or otherwise concerning the facts or circumstances that are the subject of this litigation, please state the following:

a. the identity of the person who gave or made the statement;

b. the substance of the statement;

c. the date upon which the statement was taken or made;

d. the identity of the person who took or heard the statement;

e. whether the statement was reduced to writing;

f. (if written) the present location of the statement and the identity of the person now in possession of the statement; and

g. all documents relating to the statement.

**AMENDED ANSWER**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege. Defendant objects to this Interrogatory to the extent that it is vague to the extent that the "facts or circumstances that are the subject of this litigation" could include a wide range of topics, such as the fact that Defendant was employed by Plaintiffs, the fact that Plaintiffs acquired assets from Chroma Protocol Corporation, and other topics. Moreover, given that Plaintiffs' discovery requests seek to discover information not only regarding the issues raised by the operative pleadings, but also information regarding pleadings which have yet to be filed, Defendant is unsure whether the phrase "facts or circumstances that are the subject of this litigation"

Exhibit 7
4

includes the latter subject matter. Subject to the foregoing objections, Defendant states that the only statements of fact or opinion responsive to this request beyond the communications and statements from Plaintiffs and Plaintiffs' counsel, and any communications produced in discovery in this matter, are that before being hired by Genetica, Estes disclosed the ongoing litigation with Metrc to Genetica's CEO, and the litigation was discussed among Estes and Genetica's CEO several additional times in connection with Estes' employment.

5. State with particularity the facts which support any affirmative defense you may have to the claims set forth in Plaintiffs' complaint.

   **ANSWER**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege. Defendant further objects to this interrogatory on the grounds that it constitutes premature contention discovery; discovery has just been initiated and Defendant has not yet gathered all of the facts and information that will be used to support his defenses and proposed counterclaim, and has not yet received information from Plaintiffs that may also be used to support these claims. Defendant will supplement this response at the close of discovery, as appropriate.

6. Since April 9, 2024, identify all communications you have had with

Exhibit 7
5

Holistic Industries and/or Wyld, including the dates of the communications, the names of the individuals involved in the communications, the substance of the communications, and the mode of the communications (*i.e.*, phone, email, text, social media, etc.)

**ANSWER**: Defendant made the following communications: Text Messages from January 31, 2024 and June 12, 2024 between Defendant and John Brown. Text Messages from February 16, 2024 and April 2024 between Defendant and Eric Mushrush.

7. Since April 9, 2024, identify all communications wherein you have made negative comments or remarks or provided false information about Metrc (including its owners, executives, and/or employees) and/or Retail ID to any individual, including the name(s) of the individuals to whom you made the negative comments or remarks and/or to whom provided false information; the date you made the negative comments or remarks and/or provided false information; and the substance of your negative comments or remarks and/or the substance of the false information provided.

   **ANSWER**: Defendant provided no false information about Metrc to anyone. Without conceding that they are "negative" as used in this interrogatory, since the meaning of that word is ambiguous and unclear, Defendant made the following communications involving Metrc: Text Messages from April 2024 between Defendant and Leif Shackelford; Text

Exhibit 7
6

Messages from April 4, 2024 and April 11, 2024, between Defendant and Mark Goetz; Text Messages from April 24, 2024 and May 1, 2024, between Defendant and Stephanie Arkel; LinkedIn Message from July 11, 2024 to July 16, 2024 between Defendant and Lindsay Moran; LinkedIn Message from April 26, 2024 and May 3, 2024 between Defendant and Paul Botto.

8. Identify the name, address, and telephone number of every current, former, or prospective customer, or business partner, of Metrc with whom you have had communication since April 9, 2024. For each such client or business partner identified, identify the substance and content of the communication(s); the date(s) of the communication(s); the name of the individual who initiated the communication; and the method of communication (*i.e.,* telephone, text message, e-mail, social media, in person, etc.).

**ANSWER**: Defendant objects to this interrogatory to the extent Defendant is unaware of all possible persons or entities who may qualify as Metrc's "former, current, or prospective customer, or business partner." Additionally, Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. In his current job, Defendant communicates with cannabis licensees, who may be former or current customers of Plaintiffs, on a daily basis. Identifying all of those licensees and specifying the content of Defendant's communications with them is

Exhibit 7
7

unduly burdensome. Subject to the foregoing objections, Defendant has identified all persons whom he understands to be "former, current, or prospective customers or business partners" of Plaintiffs, with whom Defendant had communications which could pertain in some way to the issues raised in this matter, in his answers to previous interrogatories.

9. Identify how you are currently employed, including the name of your employer, your position and duties, to whom you report, and the amount of compensation you receive on annual basis, including your salary, commissions, bonuses, incentives, stock options, etc.

    **ANSWER**: Defendant is currently the Chief Technical Officer at Genetica. He reports to Genetica's CEO. His role is to provide executive leadership of the technical and product teams, and his annual salary is $150,000. He has 73,338 stock options in Genetica.

10. Identify all claims you contend you have against Metrc, the factual basis for such claims and all damages you claim to have suffered in connection with such claims.

    **ANSWER**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege. Defendant further objects to this interrogatory on the grounds that it constitutes premature contention discovery; discovery has just been initiated and Defendant has

Exhibit 7
8

not yet gathered all of the facts and information that will be used to support his defenses and proposed counterclaim, and has not yet received information from Plaintiffs that may also be used to support these claims. Defendant will supplement this response at the close of discovery, as appropriate.

11. With respect to the LinkedIn post attached hereto as Exhibit 1, identify (a) the individual or entity that has "an opening for a UX/UI designer to work with [you] on a new cannabis AI product"; (b) the actual title and responsibilities of the position for which there is an "opening"; (c) a detailed description of the "new cannabis AI product"; and (d) a detailed description of your role in the "new cannabis AI product."

    **ANSWER**: Defendant objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is propounded solely for the purpose of harassment.

12. Since April 9, 2024, identify all payments/income you have received from any individual and/or entity, the name of the individual and/or entity that paid you, a description of the services you provided in consideration for the payments, the amount of the payments, and the date the payments were made to you.

    **ANSWER**: Other than salary payments from Genetica, none.

Exhibit 7
9

13. Since April 9, 2024, identify all efforts you have made to obtain employment or work, including the identity of all entities or individuals to whom you submitted applications or resumes, the positions for which you applied, the identity of any entities or individuals that offered a position or work to you, the compensation offered to you for said position(s) and/or work, and whether you accepted the position(s) or work.

    **ANSWER**: Defendant was hired by his current employer after conversations with their CEO.

14. Identify with specificity every law, rule, and/or regulation you contend Metrc violated, a citation to the specific statute, regulation, rule and/or other law you contend Metrc violated, a description of the specific acts in which you allege Metrc engaged to violate said laws, rules, and/or regulations, the date you allegedly complained about these alleged violations, the individual(s) to whom you allegedly complained about these violations, whether on each occasion you complained orally or in writing, and how Metrc responded to your alleged complaint(s).

    **ANSWER**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege. Defendant further objects to this interrogatory on the basis that the operative pleadings in this matter do not currently encompass the subject matter of this

Exhibit 7
10

interrogatory, and therefore it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it constitutes premature contention discovery; discovery has just been initiated and Defendant has not yet gathered all of the facts and information that will be used to support his defenses and proposed counterclaim, and has not yet received information from Plaintiffs that may also be used to support these claims. Defendant will supplement this response at the close of discovery, as appropriate.

Exhibit 7
11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I served the foregoing **DEFENDANT'S FIRST AMENDED REPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT** on the following individual(s) by the method indicated below:

| | |
|---|---|
| Edward B. Carlstedt | _____ By CM/ECF |
| Florida Bar No. 0136972 | __X__ By E-Mail |
| ecarlstedt@fordharrison.com | _____ By First Class Mail |
| Nicholas S. Andrews | _____ By Facsimile |
| Florida Bar No. 0105699 | _____ By Hand-Delivery |
| nandrews@fordharrison.com | |
| 401 East Jackson Street, Suite 2500 | |
| Tampa, Florida 33602 | |
| Telephone (813) 261-7800 | |
| Fax (813) 261-7899 | |
| *Attorneys for Plaintiffs* | |

DATED: April 28, 2025          **ANDREW DEWEESE, PC**

　　　　　　　　　　　　　　　　　*/s/ Andrew DeWeese*
　　　　　　　　　　　　　　　　　Andrew C. DeWeese
　　　　　　　　　　　　　　　　　Florida Bar No. 059925
　　　　　　　　　　　　　　　　　3055 NW Yeon Avenue, #527
　　　　　　　　　　　　　　　　　Portland, Oregon 97210
　　　　　　　　　　　　　　　　　Telephone: (971) 303-0351
　　　　　　　　　　　　　　　　　andrew@andrewdeweese.com
　　　　　　　　　　　　　　　　　*Lead Counsel for Defendant*

Exhibit 7
12