UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC., METRC ID, LLC,

        Plaintiff,

v.

MARCUS ESTES,

        Defendant.

Case No.: 8:24-cv-01252-WFJ-CPT

AUG 12 2025 PM3:18
FILED - USDC - FLMD - TPA

**OPPOSITION OF DEFENDANT MARCUS ESTES, IN PRO PER, TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Marcus Estes, in pro per ("**Mr. Estes**"), hereby opposes the

motion for partial summary judgment (the "**Motion**") filed by plaintiffs Metrc, Inc.

and Metrc ID, LLC (collectively "**Plaintiffs**" or "**Metrc**") on the grounds that: (1)

genuine disputes of material fact preclude partial summary judgment; and (2)

partial summary judgment is not appropriate under applicable substantive law.

**I.    INTRODUCTION AND SUMMARY OF DISPUTED MATERIAL
FACTS THAT PRECLUDE SUMMARY JUDGMENT**

Plaintiffs' Motion is part of a continuing campaign by Plaintiffs to harass

and attempt to silence Mr. Estes, a whistleblower. By design, the Motion presents

the Court with only a fragment of the facts relevant to the disputes between the

parties. When the Court considers all the relevant facts at issue, as supported by

the Declaration of Mr. Estes filed herewith, it is apparent that genuine disputes of material fact preclude summary judgment. Relatedly, by providing an incomplete and therefore inaccurate description of the legal issues, Plaintiffs mischaracterize applicable substantive law, under which summary judgment is also not proper.

In the Motion, Metrc champions itself as a zealous provider of software as a service ("Saas") technology to assist state regulatory agencies, in jurisdictions that have legalized cannabis or marijuana, to "track and trace cannabis from growth, harvest, and processing to testing, transport, and sale **to ensure** no inversion *or diversion* of product." Motion at 3 (emphasis added).

Except in the above-quoted introductory paragraph, the Motion never again mentions diversion, which is the sale of legal cannabis into illegal markets. Diversion of legal cannabis into illegal markets is recognized in the industry and by law enforcement as a multi-billion dollar problem with extremely negative societal consequences, including loss of tax revenue, crime, and threats to public health and safety resulting from illegal sale and distribution of massive quantities of marijuana by criminal enterprises.[1]

---

[1] *See* Black market cannabis thrives in California despite legalization. https://www.npr.org/2024/04/05/1242165136/black-market-cannabis-california-legalization-marijuana-recreational-illegal; How marijuana research played itself. https://www.vox.com/the-highlight/379796/marijuana-legalization-black-market-drug-war-raids; https://archive.ph/hvSKj; The Cannabis Control Commission & Attorney General's Office Joint Report. https://masscannabiscontrol.com/wp-content/uploads/2020/03/02052020_Legislative-Report_c.55_s76.pdf

2

The material issues of fact that Plaintiffs intentionally omit from the Motion include the following:  Mr. Estes was terminated by Metrc in retaliation for his whistleblowing and objections internally, after he discovered the company's role in illegal and criminal diversions of cannabis product.  As a result, in April 2025, Mr. Estes filed a whistleblower complaint against Metrc in federal district court in Oregon.  The Oregon Complaint is attached as **Exhibit A** to this Opposition.  Further, Mr. Estes in his Declaration filed herewith attests to the veracity of the facts alleged in the Oregon Complaint.

Importantly, within the past two weeks, the federal district court in Oregon issued an Order transferring the Oregon Complaint to this Court for adjudication.  *See* Order Granting Reconsideration and Transferring Case [Oregon Dkt. 25].

Mr. Estes's Declaration, by attesting to the veracity of his allegations in the Oregon Complaint, explains the circumstances under which he discovered, while employed at Metrc, that the company was doing the *opposite* of what it was supposed to do.  That is to say, instead of tracking, tracing, and flagging irregularities in the cannabis distribution chain, as Metrc was contractually obligated and required to do pursuant to California state statutes and its contracts with state agencies, Metrc willfully facilitated and turned a blind eye toward massive illegal diversions of cannabis from the legal market into illegal markets.

When Mr. Estes raised and objected internally at Metrc to (1) the company's

3

role in facilitating illegal activity, and (2) the company's non-compliance with its contractual obligations under state statutes and government contracts requiring it to identify and flag irregularities in cannabis distribution, which Mr. Estes discovered Metrc was able to do, he was told not to discuss the issue with anyone, ostracized, and shunned internally. Mr. Estes was also criticized internally and told to stop discussing the issue outside the company after, with the goal of helping a significant Metrc customer who had alerted him to the problem of illegal diversion of product, Mr. Estes told the customer that, after researching the issue internally, he believed Metrc did have the capability to flag irregularities in the cannabis distribution chain. Instead of supporting and encouraging Mr. Estes for trying to help solve a known industry-wide problem, however, Metrc terminated him for having blown the whistle on the company's role in facilitating illegal activity, its concealment of the truth from state regulators, and its abdication of its contractual responsibilities. Presumably, Metrc concealed the truth from its state agency customers so as not to jeopardize the tens of millions of dollars in profits made by Metrc under lucrative government contracts going back several years. In truth and in fact, however, Mr. Estes discovered and blew the whistle on Metrc having sold, made claims for payment, and obscenely profited under contracts with government agencies to provide a product and services that were never provided.

Now that Mr. Estes's Oregon Complaint has been transferred to this Court,

4

and based upon Mr. Estes's Declaration in which he attests to the veracity of the allegations in the Oregon Complaint, genuine disputes of fact preclude this Court from granting Plaintiffs' Motion. The Motion also should be denied because Plaintiffs mischaracterize the law applicable to the issues presented.

## II.    SUMMARY JUDGMENT SHOULD BE DENIED ON PLAINTIFFS' FIRST COUNT FOR ALLEGED BREACH OF THE OFFER LETTER AGREEMENT.

Plaintiffs request partial summary judgment on Count I of their Complaint, which alleges breach by Mr. Estes of the terms of his offer letter agreement (the "Offer Letter Agreement").

Plaintiffs rely on the term of the Offer Letter Agreement which provides that: "If your employment with the Company terminates prior to the second-year anniversary of your start date for any reason, you agree to repay to the Company the gross amount of the Signing Bonus [of $100,000] with thirty (30) days following the effective date of your termination of employment." *See* Offer Letter Agreement, Exhibit 5 to Motion. Plaintiffs further rely on the term of the Offer Letter Agreement stating that, "[y]our employment with the Company is on an 'at will' basis[.]" *Id.*

Plaintiffs further assert as an undisputed fact that, prior to the second-year anniversary of Mr. Estes's employment, "[o]n April 9, 2024, Metrc terminated Estes due to poor performance." Motion at 8, ¶ 22.

5

Based upon the above alleged undisputed facts, because Mr. Estes did not repay the $100,000 Signing Bonus within 30 days of Metrc demanding it after he had been terminated, Plaintiffs argue that partial summary judgment on Count I is appropriate. Specifically, Plaintiffs assert that because the Offer Letter Agreement repayment obligation is triggered based upon a termination of employment in the first two years "for any reason," the Court must grant summary judgment on Count I.

Under both Florida and Oregon law, however, if as Mr. Estes sets forth in detail in his Declaration attesting to the veracity of the allegations in the Oregon Complaint, a genuine dispute of material fact exists as to whether Metrc terminated Mr. Estes's employment in retaliation for protected whistleblowing activity, then the termination was unlawful, invalid, and against public policy. Among other remedies, under both Florida and Oregon law, Mr. Estes had and has the right to bring a whistleblower claim, including requesting a damages remedy and/or reinstatement (i.e., as though the purported termination never had occurred). Specifically, under the Florida Whistle Blower's Act, Florida Statutes §§ 448.101-448.105 (1995):

- Metrc as an employer was prohibited from taking any retaliatory personnel action against Mr. Estes, including termination of his employment, because he had "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is a violation of a law, rule, or regulation." See § 448.102(3), Fla. Stats. Mr. Estes's Declaration attests to the detailed facts alleged in the Oregon Complaint, which provide the factual predicate

6

for a retailatory and unlawful purported discharge of him pursuant to section 448.102(3).

- Mr. Estes therefore had and has the right to bring an action seeking, among other forms of relief, reinstatement and damages. *See* § 448.103(2)(b) and (2)(e).

Similarly, under the Oregon whistleblower protection statute, it was an unlawful employment practice for Metrc to terminate Mr. Estes's employment "for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a statute or federal law, rule or regulation." *See* ORS § 659A.199. In addition, as with Florida, the Oregon whistleblower statute provides Mr. Estes the remedies of seeking damages and reinstatement (which by definition, would reverse the termination as a matter of law). *See* ORS § 659A.885.

To grant Metrc's motion for partial summary judgment would be to disregard improperly and essentially erase from the books the whistleblower protection statutes of both Florida and Oregon, by permitting an unlawful and statutorily prohibited reason for termination, which in turn gives rise to a remedy of reinstatement as though the termination never occurred, to count as "any reason" under the language of the Offer Letter Agreement.[2]

---

[2] *See also* "Florida's Whistleblower Laws are an Exception to At-Will Employment," at https://castropottslaw.com/floridas-whistleblower-laws-are-an-exception-to-at-will-employment/

7

Accordingly, due to genuine disputes of material fact as to whether Metrc's termination of Mr. Estes constituted an unlawful act of retaliation against a whistleblower for engaging in protected activity, which as a matter of law would entitle Mr. Estes to reinstatement as though the termination never occurred, Plaintiffs' Motion should and must be denied.

## III. SUMMARY JUDGMENT SHOULD BE DENIED ON COUNT II FOR ALLEGED BREACH OF THE NON-SOLICITATION AGREEMENT

Under the Non-Solicitation Agreement (Exhibit 6 to the Motion), the provision relied upon by Plaintiffs prohibits certain contacts "**for the purpose of**" "inducing or attempting to induce the entity to cease doing business with the Company . . . or reduce the amount of business previously done or contemplated to be done by the Company . . . for such entity." Exhibit 6 to Motion at ¶ 1.(a)(iii). As shown by the Declaration of Mr. Estes and the Declarations Stephanie Arakel and Erik Mushrush filed concurrently herewith, the following genuine disputes of material fact preclude partial summary judgment on Count II on the issues of liability, causation, and damages, all of which require a trial:

- Mr. Estes contacted the third parties at issue for the purpose of expressing concerns of public importance, not for the purpose of damaging Plaintiffs' business relationships.

- The third party customers or potential customers at issue made their business decisions not because of what Mr. Estes said, but for other reasons.

- The "Retail ID" product line at issue was only at the pilot project or prototype stage, there were no prices to charge customers that had been set

and therefore no revenue was or can be associated with the pilot projects absent engaging in speculation.

Plaintiffs in their Motion also admit that they need to go to trial as to alleged harm based upon Mr. Estes's alleged contacts with a third customer.

It also should be noted that due to pre-existing and other negative publicity surrounding Metrc, it is very difficult if not impossible to isolate what effect if any at all Mr. Estes's text messages at issue have caused.

Finally, regarding Plaintiffs' request for an injunction, Plaintiffs have put forward no evidence whatsoever of any imminent threat of irreparable harm that would justify the extraordinary remedy of an injunction, especially where Plaintiffs' true and obvious aim is to silence a whistleblower.

Accordingly, due to disputed issues of material fact related to Count II, including regarding liability, causation, and damages, and for reasons of judicial economy given that Plaintiffs concede a trial will be required as to a third customer on the claims in Count II, the Motion should be denied.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Estes requests that the Court deny Plaintiffs' Motion based upon genuine disputes of material fact and the law applicable to whistleblower retaliation claims.  In addition, given the transfer of the Oregon Complaint to this Court, judicial economy favors this action combined with the Oregon Complaint being consolidated for trial.

Dated: August 11, 2025

Marcus Estes
1142 Grand Ave
Astoria, OR 97103
Telephone: (917) 309-5894
*Defendant In Pro Per*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2025, a true and correct copy of the foregoing has been served via email to all counsel of record registered with the Court's CM/ECF system as follows:

Edward B. Carlstedt
Nicholas S. Andrews
**FordHarrison LLP**
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: 813-261-7800
Fax: 813-261-7899
Email:      ecarlstedt@fordharrison.com
            nandrews@fordharrison.com

Dated: August 11, 2025

Marcus Estes
1142 Grand Ave
Astoria, OR 97103
Telephone: (917) 309-5894
*Defendant In Pro Per*

10