UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**METRC, INC. and METRC ID, LLC**,

    Plaintiffs,

v.                                  Case No. 8:24-cv-1252-WFJ-CPT

**MARCUS ESTES**,

    Defendant.
_____/

## ORDER

Defendant Marcus Estes represents to proceed *pro se*. *See* Dkts. 59, 60, 61, 62, 63, 69, 74, 76, 80, 82 (refencing Defendant Estes as filing "*in pro per*," which is commonly used in California state courts). The Court has accordingly treated his filings as such. However, Plaintiffs represent that attorney Evan Borges from the firm Greenberg Gross, LLP, a member of the California Bar, has been ghostwriting Defendant Estes' filings. Dkt. 83 at 1–2.

This was reportedly discovered because Plaintiffs' attorneys received Estes' opposition filings directly from a Greenberg Gross legal secretary, were contacted by attorney Evan Borges about the case, and later were forwarded email chains by Estes himself that confirmed the firm was drafting his briefs, instructing him to sign them, and planning to file them—none of which was disclosed in his *pro se* filings. *Id.* at 2. This allegation was substantiated by evidence of the aforementioned communications. Dkts. 83-1, 83-2, 83-3, 83-4. In Plaintiffs' reply to Defendants

response in opposition to Plaintiffs' motion to dismiss, they request "an evidentiary hearing to determine the level of assistance supplied by Greenberg Gross for potential sanctions." Dkt. 83 at 2.

"The federal courts have almost universally condemned ghostwriting." *Evangelist v. Green Tree Servicing, LLC*, No. CIV. 12-15687, 2013 WL 2393142, at *3 n.6 (E.D. Mich. May 31, 2013) (collecting cases). "When an attorney ghostwrites a *pro se* pleading, the litigant improperly receives the benefit of the liberal construction afforded *pro se* pleadings." *Carter v. Fla. Dept. of Children and Families*, No. 6:25-CV-372-JSS-DCI, 2025 WL 2775303, at *1 (M.D. Fla. Sept. 26, 2025) (citing *Duran v. Carris*, 238 F.3d 1268, 1271–72 (10th Cir. 2001)). "It would be unfair to afford [a party] this leniency while allowing an undisclosed attorney to represent him in substance and not in form." *Thigpen v. Banas*, No. 08 C 4820, 2010 WL 520189, at *2 (N.D. Ill. Feb. 11, 2010). "By not signing the pleading, the attorney also is shielded 'from responsibility and accountability for his actions and counsel.'" *Carter*, 2025 WL 2775303, at *1 (quoting *Duran*, 238 F.3d at 1272). Courts in this district have remarked that an "attorney who ghost-writes pleadings for a purportedly *pro se* litigant engages in unethical behavior and violates [Federal Rule of Civil Procedure] 11." *Hammett v. Sec'y, Dep't of Homeland Sec.*, No. 609CV397ORL31KRS, 2011 WL 13175525, at *1 n.1 (M.D. Fla. Apr. 28, 2011); *see Somerset Pharms., Inc. v. Kimball,* 168 F.R.D. 69, 72 (M.D. Fla. 1996) (concluding that the "practice of filing *pro se* pleadings

which are actually prepared by a legal advocate . . . taint[s] the legal process and create[s] disparity between the parties [.]").

According to a Florida Bar advisory opinion on this matter, "[a]ny pleadings or other papers prepared by an attorney for a *pro se* litigant and filed with the court must indicate 'Prepared with the Assistance of Counsel.'" Fla. Bar Ethics Op. 79-7 (2000). None of Defendant Estes' filings have included this required language. In fact, Defendant Estes has instead directly leveraged his *pro se* status to request leniency. *See* Dkt. 80 at 3 ("Mr. Estes is a pro per party; he has been doing all he can to comply with the Court's deadlines and apologizes for any inconvenience[.] . . . Mr. Estes's work commitments at his job are significant."); Dkt. 83-5 ("Although I am diligently working on the opposition, it is taking significant time to prepare since I am not a lawyer. I find myself in a difficult position since I have fulltime job commitments requiring my attention and I cannot spend hours daily working on my opposition.").

Defendant Estes appears to be engaging in unethical behavior by utilizing seemingly erroneous *pro se* status to gain a strategic advantage. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. On or before Friday, March 6, 2026, Defendant Marcus Estes shall **RESPOND** and **SHOW CAUSE**, explaining to the Court who drafted Defendants filings or materially assisted him in any way, including proof

3

reading or editing, after the withdrawal of attorney Andrew C. DeWeese on July 22, 2025.

2. Defendant Marcus Estes shall certify in every subsequent filing or served document in this case whether he has received any assistance from counsel with respect to the filing or served document, and if so, shall provide the following notice: "Prepared with the Assistance of Counsel."

3. The Clerk is **DIRECTED** to mail a copy of this order to attorney Evan Borges (650 Town Center Dr Ste 1700, Costa Mesa, CA 92626-7025) to ensure that he is made aware of the court's concerns and aware of possible issues which may arise.

4. Upon reviewing the above filings, the Court will decide on whether further evidentiary hearings or sanctions are warranted.

**DONE AND ORDERED** at Tampa, Florida, on February 13, 2026.

>  */s/ William F. Jung*
>  **WILLIAM F. JUNG**
>  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

4