UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| METRC, INC., METRC ID, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS ESTES,<br><br>Defendant. | MAR 9 2026 AM 8:55<br>FILED - USDC - FLMD - TPA<br><br>Case No.: 8:24-cv-01252-WFJ-CPT |

<u>**RESPONSE OF MARCUS ESTES, IN PRO SE, TO COURT'S ORDER TO SHOW CAUSE**</u>

**Prepared with the Assistance of Counsel**

I, defendant and counter-plaintiff Marcus Estes, in pro se, hereby respond to the Court's Order to Show Cause in this action (D.E. 88). To assist with background dates and events, attached as **Exhibit A** is a "Chronology of Procedural History" originally attached to my Opposition filed November 21, 2025 (Dkt. 82) in response to the motion to dismiss my counterclaims filed by plaintiffs and counter-defendants Metrc, Inc. and Metrc ID, LLC ("**Metrc**").

I.   <u>INTRODUCTION.</u>

Truthfulness is paramount to me. In addition, the attorney in California, Evan Borges, who has been intermittently helping me with this case free of charge

on limited issues over a discrete period of time (as detailed below), has emphasized the importance of being truthful with the Court, and to advise the Court that in addition to providing the explanation below, he and I wish to answer any questions the Court may ask.

## II. MY OBJECTIVE IN THIS LITIGATION ABOUT BEING ABLE TO PROVE THE TRUTH REGARDING METRC.

All I have wanted, since the events leading up to Metrc terminating my employment in April 2024 in retaliation for my speaking out about issues of public concern and what I believed were violations of law, was the chance to prove my contentions about Metrc. To do this, I needed and still need the ability to use legal process to force Metrc to turn over information about their electronic systems that they market and sell to various state agencies based upon representations and certifications of providing certain "software as a service" that I believe, in fact, Metrc has not provided, resulting in significant diversion of legal cannabis into the illegal black market, which is a problem law enforcement and various state agencies have defined as involving hundreds of millions if not billions of dollars of diverted product by criminal organizations or individuals. Based upon what I saw when I worked at Metrc and my knowledge of software and systems for tracking product, I believe that with the opportunity to conduct targeted discovery, I could prove my contentions.

Notwithstanding Metrc filing this litigation in May 2024, and my filing in Oregon through my then-attorney my whistleblower complaint in April 2025, Metrc has shut me down and avoided responding to discovery on the key issues about which I blew the whistle that led to Metrc's retaliatory termination of me in April 2024. It is important to me that the Court fully understand I am aware of the following:

- The Court has expressed skepticism about my claims, described me as asserting that Metrc participated in a vast "criminal conspiracy," and found that I or my former attorney used improper litigation tactics leading up to my filing the Oregon whistleblower Complaint in April 2025, which the Oregon district court transferred to this Court for a decision in August 2025.

- Metrc persuaded this Court to dismiss my Oregon whistleblower claims (asserted as counterclaims in this action) because the Court believes I should have and was required to assert the Oregon whistleblower claims much earlier as counterclaims in this action long before they were sent here by the Oregon district court in August 2025; and

- Metrc has persuaded this Court to grant "partial" summary judgment in favor of Metrc on its Complaint in this action against me, including a $100,000 money judgment and a permanent injunction enjoining me from

breaching the "Non-Solicitation" Agreement I signed upon commencing employment with Metrc in April 2023. I understand the next steps are Metrc's decision, but I do not know if Metrc intends to expend the resources to seek more relief and remedies against me at the upcoming trial. In sum, absent any recourse I may have to appeal, it seems this litigation is pretty close to concluded if not already practically concluded.

I mention the above points to acknowledge the Court's decisions, and to emphasize that notwithstanding my goal of being able to use binding legal process to prove the truth about Metrc, I have not had the opportunity to do so. I understand the Court's position that my time to have pursued that discovery was with my original attorney in this case under the original scheduling order issued by the Court; but the fact is that I've not been able to use the legal process as I had hoped.

## III. RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE

The best way to advise the Court of the truth and respond to the Court's Order to Show Cause is to explain the facts in chronological order.

### A. Background.

In May 2024, after terminating my employment in April 2024, Metrc filed its Complaint commencing this lawsuit.

In August 2024, I appeared in the case and, through my former attorney Mr.

DeWeese, filed an Answer to the Complaint. In November 2024, a mediation took place that was not successful.

On April 4, 2025, through my attorney Mr. DeWeese, I filed my whistleblower Complaint against Metrc in Oregon.

On or about April 16, 2025, by way of an engagement agreement bearing that date, I retained a California-based law firm, Greenberg Gross LLP, to advise me and evaluate a future representation on a confidential subject.

Between April 2025 and July 2025, I interacted with other attorneys at Greenberg Gross LLP.

On July 14, 2025, my then-attorney, Mr. DeWeese, who had been representing me in this case and the Oregon action, filed a motion to withdraw in this case.

On July 21, 2025, Metrc filed its motion for partial summary judgment on its Complaint.

On July 22, 2025, this Court granted Mr. DeWeese's motion to withdraw, noting that my opposition to the Metrc motion for partial summary judgment was due in approximately 21 days.

### B. My Meeting Mr. Borges, Followed by His Assistance on Limited Issues Free of Charge.

On or about July 18, 2025, I met Mr. Borges for the first time in a Zoom conference arranged by one of his partners. Mr. Borges's partner explained that

5

the associate who had been assisting me on my confidential legal issue would be leaving the firm, but that Mr. Borges would be taking over the representation.

Over the next few weeks, either I explained to Mr. Borges or he independently determined from review of the docket in this case that Mr. DeWeese had moved to withdraw, that the motion to withdraw had been granted, that I did not have substitute counsel, and that I faced an upcoming deadline in August to file an opposition to Metrc's motion for partial summary judgment.

On or about July 28, 2025, in a Zoom conference with Mr. Borges, he advised me that because I faced an imminent deadline to oppose Metrc's motion for partial summary judgment, he would assist me free of charge. Earlier, I had sent Mr. Borges a draft opposition that I prepared on my own using AI tools. Mr. Borges has authorized me to disclose that in an email to me that same day (July 28 at 1139 a.m.), he stated the following with respect to this case:

> " 3.  <u>FL Employment Litigation</u>.  I will help you with this case, certainly until you are past the current deadlines and/or you decide the best strategy going forward (which I'll assist with). . . . **[Y]our opposition to Metrc's motion for partial summary judgment is not due until two weeks from today or Monday August 11**.  I started but did not finish reading Metrc's motion for partial summary judgment but I'll review it as well as the draft opposition you sent me." (emphasis in original).

Between late July and August 12, 2025, when I filed my Opposition to Metrc's motion for partial summary judgment, I discussed the Opposition with Mr. Borges and he was the principal author of the Opposition. After this Court entered

its Order to Show Cause ("OSC") to which I am now responding, Mr. Borges advised me that he was not aware of the rules of various courts cited in the OSC regarding "no ghostwriting" or the related requirement in Florida that when a *pro se* litigant has assistance from an outside attorney in preparing court filings, the filing must bear a legend that says "Prepared with Assistance of Counsel."

Speaking for myself, and Mr. Borges has told me that he feels the same way, I would have gladly put the legend of "Prepared with Assistance of Counsel" on my Opposition to Metrc's motion for partial summary judgment filed on August 12, 2025, as well as other court filings since that time, as elaborated below.

I also played an active role in preparation of several of my court filings after late July 2025, including for example in the declarations in support of my Opposition to the Metrc motion for partial summary judgment.

Most importantly, starting on August 11 and 12, 2025, as shown by the documents attached to the Metrc Reply Brief filed 12/3/25, Mr. Borges's law firm, I, and he did not conceal his involvement from Metrc. (See Dkt. 83-1, 83-2, & 83-3).

It is also important that, on October 11, 2025, as shown by the attachment to Metrc's Reply Brief filed 12/3/25, Mr. Borges called both of the attorneys representing Metrc in this action leaving similar messages. (Dkt. 83-3). In the voice mail to Mr. Andrews, Mr. Borges stated:

7

> Hello Nicholas, or Nick, I believe you go by Nick. My name is Evan Borges, I'm a lawyer in California. We don't know each other. I'm calling about Marcus Estes. If you could . . . Give me a call back, it's Friday October 10th. I'd very much appreciate it. I'm at . . I'll be quick, but I'm at area code 949-383-2860.

Mr. Borges has informed me that he never received any response from either of the two attorneys for Metrc in this action for whom he left voice mails on October 11, 2025. A simple Google search of Mr. Borges's name would have revealed he was and is a partner at Greenberg Gross LLP, the same law firm that had openly sent emails to the same attorneys for Metrc on August 11 and 12, 2025, about my Opposition to Metrc's motion for partial summary judgment.

As Mr. Borges was assisting me with my Opposition to Metrc's motion for partial summary judgment filed August 12, 2025, various events related to this case took place in succession that required immediate attention:

**August 4, 2025**: The Oregon district court granted a prior motion for reconsideration Mr. DeWeese had filed on my behalf related to an order of the Oregon court dismissing my Oregon Complaint under the "first-to-file" rule, because Metrc had filed first its Complaint in this case. Specifically, the Oregon district court's August 4 Order vacated its prior dismissal of my whistleblower Complaint and transferred the Complaint to this Court for adjudication. In response, Metrc filed a motion to consolidate the newly-transferred Oregon whistleblower Complaint with this action.

8

**August 27, 2025**: This Court granted Metrc's motion to consolidate the newly-transferred Oregon whistleblower Complaint with this action, and ordered that the parties file a joint (or, if disputed, separate) proposed case management schedule within 10 days.

**September 9 and 10, 2025**: Metrc and I filed case management reports. Mr. Borges assisted me greatly with my case management reports, bearing in mind that communicating my overriding goal of being able to conduct discovery was my idea, and the work between Mr. Borges and me was interactive, with me expressing my goals and him acting as the principal drafter, subject to my review and approval.

I was and continue to be at all times in pro se in this action. Mr. Borges, free of charge, has helped me greatly with certain key filings, such as the Opposition to Metrc's motion for partial summary judgment and the Opposition to Metrc's motion to dismiss my Oregon whistleblower claims. But I was and still remain in pro se given that I knew I needed to retain an attorney as soon as practical. Unfortunately, it is true that my new job has been highly demanding on my time.

**September 19, 2025**: Metrc filed its first motion to dismiss my recently transferred and newly consolidated Oregon whistleblower Complaint.

**September 29, 2025**: Metrc and I filed a joint report with the Court about the pleadings in the consolidated action.

**October 2025:** On October 11, 2025, as noted above, Mr. Borges left voice mails for both of the attorneys representing Metrc in this action. I was facing a deadline to file an opposition to Metrc's motion to dismiss and while Mr. Borges had been assisting me, I was largely on my own and needed more time. Next, on October 16, 2025, this Court entered an Order that, among other things, required that I re-file my Oregon whistleblower Complaint as a new counterclaim in a Second Amended Answer and Counterclaim, which I did on October 20, 2025, once again with assistance from Mr. Borges who has not billed me and said his work for me on this case has been pro bono and free of charge. (Dkt. 76). On October 27, 2025, Metrc re-filed its prior motion to dismiss, with some changes, and directed the motion to dismiss at my Counterclaim. (Dkt. 77).

**November 21, 2025:** On this date I filed my Opposition to Metrc's motion to dismiss my Counterclaim consisting of my whistleblower claims as alleged originally in my Oregon Complaint that was transferred to this Court. Mr. Borges was the principal author of the Opposition, which I know required taking the time to understand the prior pleadings and history of this case and the Oregon case in which Mr. Borges had no involvement at a time I was represented by Mr. DeWeese. Mr. Borges and I did, however, have multiple discussions about the Opposition and what to say, and the Opposition reflected and reflects what I wanted to say. As I have already stated, I wish to emphasize that we did not hide

from counsel for Metrc the fact of Mr. Borges' pro bono assistance on certain court filings between August and November 2025 after Mr. DeWeese had withdrawn and at a time I needed and appreciated his help. In hindsight, I can say for myself—and Mr. Borges has authorized me to say on his behalf—that had we known of the requirement to put a legend of "Prepared with Assistance of Counsel" on court filings where he assisted me, we would have done so and we certainly will be doing so going forward in what remains of this case.

Dated: March 6, 2026

*[signature]*
_____
Marcus Estes
1142 Grand Ave
Astoria, OR 97103
Telephone: (917) 309-5894
*Defendant In Pro Per*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 6, 2026, a true and correct copy of the foregoing has been served via email to all counsel of record registered with the Court's CM/ECF system as follows:

>Edward B. Carlstedt
>Nicholas S. Andrews
>**FordHarrison LLP**
>401 E. Jackson Street, Suite 2500
>Tampa, FL 33602
>Tel: 813-261-7800
>Fax: 813-261-7899
>Email:    ecarlstedt@fordharrison.com
>             nandrews@fordharrison.com

Dated: March 6, 2026

>_[signature]_
>_____
>Marcus Estes
>1142 Grand Ave
>Astoria, OR 97103
>Telephone: (917) 309-5894
>*Defendant In Pro Per*