**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

METRC, INC. and METRC ID, LLC

Plaintiffs,

v.                                                                          Case Nos.:  8:24-cv-01252-WFJ-CPT

MARCUS ESTES,

Defendant.

**METRC'S RULE 54(b) MOTION FOR FINAL JUDGMENT**

Pursuant to Rule 54(B), Fed. R. Civ. P., Plaintiffs Metrc, Inc. and Metrc ID, LLC ("Metrc") hereby petition the Court for: (1) a determination that Metrc is entitled to prejudgment interest fixed from the date of accrual (May 9, 2024), and (2) a final judgment as to Count I of their Complaint for Breach of the Offer Letter Agreement in the amount of $100,000, plus pre-judgment interest. In support thereof, Metrc states as follows:

**I.     FACTUAL BACKGROUND**

1.     This action arises from Defendant Marcus Estes ("Estes") employment with Plaintiffs and his subsequent termination.  On April 7, 2023, Metrc, through Metrc ID, LLC, acquired the assets of Estes' company Chroma Protocol Corporation, and as part of that transaction Metrc allowed Estes to stay on and hired him as an Executive Vice President.  Dkt. No. 90.

2.      As part of his hiring, Estes signed an Offer Letter Agreement that provided Estes with a one-time signing bonus of $100,000 and provided as follows:

> If your employment with the Company terminates prior to the second-year anniversary of your start date for any reason, you agree to repay to the Company the gross amount of the Signing Bonus within thirty (30) days following the effective date of your termination of employment.

Dkt. 90.

3.      The Court previously found that Defendant was terminated on April 9, 2024. Dkt. 90.  Under the repayment provision in the Offer Letter Agreement, Estes' $100,000 repayment obligation became due thirty days later, on May 9, 2024.

4.      On May 23, 2024, Metrc filed their Complaint against Defendant Marcus Estes ("Estes") in this Court alleging three separate counts: (1) breach of Estes' Offer Letter Agreement based on Estes' failure to repay a $100,000 Signing Bonus, (2) breach of the Non-Solicitation Agreement based on Estes' inducement or attempted inducement of Metrc's customers to cease doing business with Metrc, and (3) tortious interference with Metrc's business relationships ("Estes I").  Dkt. 90.

5.      On July 21, 2025, Metrc moved for partial summary judgment which, in pertinent part, sought summary judgment as to liability and damages with respect to Count I for Estes' breach of his Offer Letter Agreement for failure to repay his $100,000 signing bonus ("Motion for Partial Summary Judgment"). Dkt. 55.

6.      On March 3, 2026, this Court granted Metrc's Motion for Partial Summary Judgment.  Dkt. 90.  As to the Count I, the Court held:

     *a.* The Offer Letter Agreement was valid and undisputed;

2

    *b.* Estes received the $100,000 signing bonus;

    *c.* Estes was terminated within two years of his start date;

    *d.* Estes failed to return the signing bonus as required by the Offer Letter Agreement;

    *e.* Estes' asserted unlawful discharge and whistleblower theories had been waived as affirmative defenses; and

    *f.* "Defendant Marcus Estes is liable to Plaintiffs Metrc, Inc. and Metrc ID, LLC for Breach of the Offer Letter Agreement in the amount of $100,000."

Dkt. 90.

7.    In its Order, the Court noted that Metrc sought relief in Count I for "damages and/or restitution in the amount of at least $100,000, plus pre- and post-judgment interest accruing from May 9, 2024" and "such other damages, restitution and interest as allowed by Law." The Court stated that these "further requests for relief as to Count I shall proceed to trial." Dkt. 90 at 20.

8.    Metrc now seeks resolution of the only remaining Count I monetary issue necessary to reduce Count I to a complete and final judgment: prejudgment interest.

## II.   MEMORANDUM OF LAW

### A. Applicable Standards

Rule 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims" if the Court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The Eleventh Circuit applies a two-step

3

inquiry: first, the decision must be a final judgment as to an individual claim; second, the Court must determine that there is no just reason for delay. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.,* 483 F.3d 773, 777 (11th Cir. 2007); *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165-67 (11th Cir. 1997).

Under Florida law, prejudgment interest is an element of pecuniary damages on a liquidated claim, and once damages are fixed as of a date certain, computation of prejudgment interest is a mathematical exercise. *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So.2d 212, 214-15 (Fla. 1985).   State law governs the award of prejudgment interest in a diversity case. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007).

**B. The Court Should Determine Prejudgment Interest Now Because Count I Liability and Principal Damages Have Already Been Conclusively Determined.**

The Court has already fully decided the merits of Count I. The Court held that Defendant is liable on Count I for breach of the Offer Letter Agreement and that Metrc is entitled to $100,000 in principal damages.  The order also identifies the operative contract language and the date of termination. The Offer Letter Agreement required repayment of the "gross amount" of the signing bonus "within thirty (30) days following the effective date of [Defendant's] termination of employment," and the Court found that Defendant was terminated on April 9, 2024. As a result, the repayment obligation became due on May 9, 2024.

Because the $100,000 contractual repayment amount is fixed and the due date is fixed, Count I is a liquidated contract claim for purposes of prejudgment interest.

4

Under Florida law, prejudgment interest should therefore be awarded from the date payment became due. *Argonaut*, 474 So. 2d at 214–15.

The Florida Supreme Court has emphasized that the computation of prejudgment interest is a "mathematical computation" and a "purely ministerial duty." *Id.* at 215. No factual findings or judicial discretion are required once the amount of damages and the date of loss are determined. *Id.* This principle was affirmed in *Argonaut* where the Florida Supreme Court court held that prejudgment interest is an element of pecuniary damages and must be awarded to make the plaintiff whole from the date of the loss. *Id.*; *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 571-572 (11th Cir. 1991) (affirming same principles). Further, the award of pre-judgment interest is non-discretionary once the amount of principal loss is ascertained. *Alhassid v. Bank of Am., N.A.*, 688 Fed. Appx. 753, 760-61 (2017) (affirming no abuse of discretion for awarding prejudgment interest, even *after* judgment was entered on the claim).

The prejudgment interest rates applicable during period beginning May 9, 2024 are as follows:

| Effective Date | Rate Per Annum | Daily Rate as % | Daily Rate as Decimal |
|---|---|---|---|
| April 1, 2026 | 8.25% | .0226027% | .000226027 |
| January 1, 2026 | 8.44% | .0231233% | .000231233 |
| October 1, 2025 | 8.65% | .0236986% | .000236986 |
| July 1, 2025 | 8.90% | .0243836% | .000243836 |
| April 1, 2025 | 9.15% | .0250685% | .000250685 |
| January 1, 2025 | 9.38% | .0256986% | .000256986 |
| October 1, 2024 | 9.50% | .0259563% | .000259563 |
| July 1, 2024 | 9.46% | .0258470% | .000258470 |

| April 1, 2024 | 9.34% | .0255191% | .000255191 |
|---|---|---|---|

As of April 20, 2026, the prejudgment interest totals $17,669.24, with prejudgment interest accruing thereafter at $.0226027% per day until entry of the Rule 54(b) judgment.

### C. Once Prejudgment Interest is Determined, Count I is Final and Suitable for Rule 54(b) Final Judgment.

After the Court determines prejudgment interest, Count I will be completely resolved. At that point, there will be nothing left to do on Count I except execute judgment. That satisfies the first Rule 54(b) requirement. *Lloyd Noland*, 483 F.3d at 777.

Count I is also sufficiently distinct from the claims that remain for trial. Count I concerns a straightforward repayment obligation under the Offer Letter Agreement. The Court has already held that Defendant is liable for breach of that agreement and for $100,000 in damages. The remaining issues for trial: (1) damages for breach of the separate RCA with respect to Khalifa Kush and Wyld; (2) liability and damages for the breach of the RCA with respect to Holistic; and (3) liability and damages for tortious interference with these same three customers/prospective customers, share none of the same legal underpinnings as Count I, particularly given Estes' waiver of his defenses to the latter (i.e. unlawful discharge, whistleblower violation).

Entry of judgment on Count I now would not require the Court or a later appellate court to revisit unresolved liability issues as to that claim. Instead, it would reduce a fully adjudicated and liquidated contract claim to judgment while allowing

the remaining claims to proceed.

**D. There Is No Just Reason for Delay.**

As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The question requires the district court to balance judicial administrative interests and relevant equitable concerns. *Id.* at 8. Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S. Ct. 895, 901, 100 L. Ed. 1297 (1956). The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay. *Southeast Banking Corp. v. Bassett*, 69 F.3d 1539, 1547 n.2 (11th Cir. 1995); *Burlington Northern R.R. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985); *see Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509-10 (11th Cir. 1990).

As stated above, there is not just reason to delay the entry of judgment on Count I once prejudgment interest is fixed. Count I has already been conclusively resolved in liability and principal damages. There are no overlapping legal theories at issue with the remaining counts and no similarity in the relief sought by Metrc. Allowing Estes to move forward with any appeal as to Count I, should he be inclined to do so, would not threaten judicial administrative interests because it will not require this Court to twice consider issues that may arise later. *Compare Ebrahimi*, 144 F.3d at 166-67 (concluding that Rule 54(b) certification was improper in part because "the same

operative facts serve[d] as the basis for each legal theory advanced [by the plaintiff]"). Indeed, Estes' question on appeal will turn on whether he is required to repay his signing bonus to Metrc pursuant to his Offer Letter Agreement, which is materially different from the remaining counts involving Estes' purported breach of a separate agreement—the RCA—by interfering with Metrc's customers and prospective customers.

Third, entering judgment on Count I now promotes efficiency by allowing a separate judgment to be entered on a fully adjudicated contract claim, rather than postponing judgment on that claim while unrelated trial issues on other claims remain pending. Metrc has been deprived of its overdue payment for nearly two years now, and interest continues to accrue on those amounts for the Defendant. *See Chapman v. Dunn,* 129 F4th 1307, 1313-1315 (11th Cir. 2025) (affirming entry of Rule 54(b) final judgment where claim on which final judgment was entered was sufficiently different from remaining claims).

### D. Post-judgment Interest Should Accrue by Statute From the Date of Entry of the Rule 54(b) Judgment.

Once the Rule 54(b) judgment is entered, post-judgment interest should accrue under 28 U.S.C. § 1961 from the date of entry of that judgment. Accordingly, Plaintiffs request that the Court award prejudgment interest on Count I from May 9, 2024, through the date of entry of judgment.

## III.   CONCLUSION

WHEREFORE, Metrc respectfully requests that this Court enter an order: (1)

8

awarding prejudgment interest on Count I from May 9, 2024 through the date of entry of judgment; (2) fixing the amount of prejudgment interest due on Count I; (3) directing the Court to enter a partial final judgment under Rule 54(b) on Count I in favor of Metrc and against Defendant in the amount of $100,000 plus pre-judgment interest, and (4) providing that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961

## Local Rule 3.01(g) Certificate

Counsel for Metrc has attempted to confer with Estes regarding the subject matter of this motion, including via email on April 17, 2026 and April 20, 2026, and Estes has not responded directly to Metrc's conferral attempts.

Dated April 23, 2026

FORDHARRISON LLP

By:   /s/ *Nicholas S. Andrews*
      Edward B. Carlstedt
      Florida Bar No. 0136972
      ecarlstedt@fordharrison.com
      Nicholas S. Andrews
      Florida Bar No. 0105699
      nandrews@fordharrison.com
      FordHarrison LLP
      401 East Jackson Street, Suite 2500
      Tampa, Florida 33602
      Telephone (813) 261-7800
      Facsimile (813) 261-7899
      Attorneys for Plaintiffs

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will send an electronic notification of the filing to all counsel of record, and that a true and correct copy of this motion was sent via email and mail to:

Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com

/s/  *Nicholas S. Andrews*
Attorney