**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**METRC, INC. and METRC ID, LLC**,

Plaintiffs,

v.

MARCUS ESTES,

Defendant.

_____/

Case No. 8:24-cv-1252-WFJ-CPT
(Consolidated with Case No. 8:25-cv-2067-WFJ-CPT)

## **ORDER**

Before the Court is Plaintiffs Metrc, Inc. and Metrc ID, LLC's (jointly, "Metrc") Motion for Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), specifically as to Count I. Dkt. 92. No objections have been filed, and the time for filing a response has passed. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Upon careful consideration, the Court grants Metrc's unopposed motion.

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*,

483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "That is, the court's decision must be 'final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action,' and a 'judgment in the sense that it is a decision upon a cognizable claim for relief.'" *Id.* (citation modified) (quoting *Curtiss-Wright Corp*, 446 U.S. at 7). "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id.* (citation omitted).

Here, the Court has already fully decided the merits of Count I and further determines this cognizable claim of breach of contract is due an ultimate disposition amidst the pendency of the remaining claims. There is no reason to delay entering final judgment against Defendant Marcus Estes ("Estes") as to Count I, as it is legally and factually distinct from the remaining claims. Count I is an action on a discrete debt that has remained due for several years. It concerns only Estes' repayment obligation under the Offer Letter Agreement, whereas the unresolved claims involve separate allegations concerning breaches of the Non-Solicitation Agreement related to Khalifa Kush, Wyld, and Holistic (Count II), as well as tortious interference claims regarding those entities (Count III). Accordingly, the Court finds no just reason to delay its entering of final judgment against Defendant Estes and allowing an immediate appeal as to Count I.

Furthermore, Plaintiff also seeks a determination of prejudgment interest as a part of its damages calculation. The Eleventh Circuit has held that "[s]tate law determines whether a successful litigant is entitled to prejudgment interest." *Seb S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 793 (11th Cir. 2005). "The Supreme Court of Florida has held that a [successful] plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). "The computation of prejudgment interest is a mathematical computation and a purely ministerial duty. No finding of fact is needed, and no discretion is permitted." *Id.* (citation modified) (quoting *Argonaut Ins. Co.*, 474 So. 2d at 215). The rate of prejudgment interest is set quarterly by Florida's Chief Financial Officer. *See* Fla. Stat. § 55.03.

Here, Plaintiff's motion provides a detailed calculation of Plaintiff's entitlement to prejudgment interest based upon the appropriate rate. Dkt. 25 at 12–13. Such interest accrues from May 9, 2024, as Defendant Estes' $100,000 repayment obligation became due 30 days after his termination on April 9, 2024, under the Offer Letter Agreement. The Court accordingly finds that Metrc is entitled to $18,482.94 in additional prejudgment interest as of the entry of this order and the Rule 54(b) judgment, dated the same. Post-judgment interest shall accrue under 28 U.S.C. § 1961 from the date of entry of the Rule 54(b) judgment.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiffs Metrc, Inc. and Metrc ID, LLC's Motion for Final Judgment, Dkt. 92, is **GRANTED**. The Clerk is directed to enter final judgment in favor of Plaintiffs Metrc, Inc. and Metrc ID, LLC and against Defendant Marcus Estes pursuant to Federal Rule of Civil Procedure 54(b), as follows: Defendant Marcus Estes is liable to Plaintiffs Metrc, Inc. and Metrc ID, LLC for Breach of the Offer Letter Agreement (Count I) in the amount of $100,000, with additional prejudgment interest of $18,482.94. Post-judgment interest shall accrue under 28 U.S.C. § 1961 from the date of entry of this final judgment.

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

4