**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

METRC, INC. and METRC ID, LLC

Plaintiffs,

    v.

MARCUS ESTES,

       Defendant.

Case Nos.:  8:24-cv-01252-WFJ-CPT

**PLAINTIFFS' OMNIBUS MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Metrc, Inc. and Metrc ID, LLC (collectively, "Metrc") move in limine for an order excluding four categories of evidence and argument that are irrelevant to the remaining trial issues, barred by prior rulings in this case, or inadmissible because Defendant Marcus Estes ("Estes") failed to disclose the factual basis for the defense during discovery. The requested relief is targeted. Metrc does not seek to prevent the jury from hearing admissible evidence about the remaining claims. Rather, Metrc seeks to prevent Estes from using trial to relitigate dismissed whistleblower and wrongful-discharge claims, revisit liability rulings already entered on Counts I and II, conduct a collateral trial on generalized cannabis-

diversion accusations, or surprise Metrc with undisclosed affirmative-defense theories.

The Court should grant the motion under Federal Rules of Evidence 401, 402, 403, 602, 701, 702, 801, 802, and 105; Federal Rules of Civil Procedure 26(e), 33(a)(2), and 37(c)(1); and the law-of-the-case doctrine.

## BACKGROUND

This case arises from Estes' employment by Metrc and his post-termination conduct. Metrc brought three claims: Count I for breach of the Offer Letter Agreement based on Estes' failure to repay the $100,000 signing bonus; Count II for breach of the Non-Solicitation Agreement based on Estes' communications with Metrc customers and prospective customers; and Count III for tortious interference with business relationships. Dkt. 1; see also Dkt. 90 at 8.

The Court has already materially narrowed the case. First, the Court dismissed Estes' counterclaims for whistleblower retaliation and wrongful discharge. Dkt. 87. The Court held that those claims were compulsory counterclaims under Rule 13(a), that they should have been brought in the Florida action, and that allowing them under Rule 15 was unwarranted due to undue delay. Id. at 5-11.

Second, the Court granted summary judgment to Metrc on Count I. Dkt. 90. The Court held that the Offer Letter required Estes to repay the $100,000 signing bonus if his employment terminated before the second-year anniversary of his start

date "for any reason," that Estes admitted receiving the bonus, that he did not repay it, and that no reasonable jury could find for Estes on Count I. Id. at 10-15, 20. The Court also held that Estes waived his wrongful-termination and whistleblower-retaliation theories as affirmative defenses. Id. at 13-14. The Clerk thereafter entered final judgment on Count I for $100,000, plus prejudgment interest. Dkt. 94.

Third, the Court granted summary judgment on Count II as to Wyld and Khalifa Kush. Dkt. 90 at 15-20. The Court held that Estes' communications with Eric Mushrush of Wyld and Stephanie Arakel of Khalifa Kush violated the Non-Solicitation Agreement because the contract barred contact for the purpose of inducing or attempting to induce a customer or potential customer to reduce business with Metrc; success was not required. Id. at 16-19. The Court reserved Count II only as to Holistic and reserved further relief issues for trial. Id. at 15 n.5, 20.

In light of those rulings, trial should be limited to the actual remaining issues: appropriate relief II due to Estes' established violations with respect to Khalifa Kush and Wyld, Count II liability and relief as to Holistic, and Count III tortious interference. Estes should not be permitted to reframe trial as a referendum on dismissed employment claims, previously decided contract liability, or broad allegations about the cannabis industry and Metrc's regulatory role.

### LEGAL STANDARD

3

A motion in limine is a proper vehicle to obtain an advance ruling excluding anticipated inadmissible evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Clearwater KEY Ass'n v. Lexington Ins. Co.*, No. 8:25-cv-295-VMC-AAS, 2026 LX 98090, at *2 (M.D. Fla. Mar. 2, 2026 (quoting *In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB*, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). District courts possess broad authority to manage trials and to rule on evidentiary issues before trial when doing so promotes efficiency and avoids unfair prejudice. *Luce,* 469 U.S. at 42, n.4; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Evidence is relevant only if it has a tendency to make a fact more or less probable and that fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulative proof. Fed. R. Evid. 403.

Evidence may also be limited to its proper purpose. If evidence is admissible for one purpose but not another, the Court may restrict the evidence to its proper scope and instruct the jury accordingly. Fed. R. Evid. 105. This limiting authority is

4

especially important where statements may be admissible to show the fact that they were made or their effect on a listener, but not for the truth of the accusation embedded in the statement. *See United States v. Rivera*, 780 F.3d 1084, 1092-93 (11th Cir. 2015) (out-of-court statements not offered for their truth are not hearsay); Fed. R. Evid. 801(c).

Finally, the law-of-the-case doctrine bars relitigation of issues already decided in the same case, whether explicitly or by necessary implication. *This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006); *United States v. Escobar-Urrego,* 110 F.3d 1556, 1560 (11th Cir. 1997). The doctrine protects finality, efficiency, and obedience to prior rulings. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

## ARGUMENT

I.     **The Court Should Exclude Evidence or Argument that Estes Was Unlawfully Terminated, Retaliated Against, or Is a "Whistleblower" Whose Status Excuses His Conduct.**

Metrc first seeks to exclude testimony, argument, exhibits, or references suggesting that Metrc retaliated against Estes, wrongfully discharged him, or that Estes' asserted whistleblower status excuses his repayment obligation or his post-termination solicitation and interference conduct. These matters are not live claims or defenses. The Court dismissed Estes' whistleblower-retaliation and wrongful-discharge claims. Dkt. 87. The Court also rejected Estes' attempt to use those

theories to avoid Count I liability, holding that Estes waived the theories as affirmative defenses and could not raise them. Dkt. 90 at 13-14.

The summary-judgment order is dispositive on the attempted defense. Estes argued that he did not have to repay the signing bonus because Metrc allegedly terminated him in retaliation for protected whistleblowing activity. Dkt. 90 at 10-13. The Court characterized those arguments as affirmative defenses because Estes did not dispute the repayment provision or his failure to repay, but instead sought to avoid enforcement based on alleged wrongful termination and retaliation. Id. at 12. The Court then held that Estes failed to provide Metrc sufficient notice, waived those arguments as affirmative defenses, and "cannot now raise them." Id. at 13-14. That ruling forecloses any attempt to present the same themes to the jury as a reason to excuse repayment, solicitation, or interference.

The later order dismissing Estes' counterclaims independently forecloses the same evidence as a liability narrative. Dkt. 87. The Court held that Estes' whistleblower-retaliation and wrongful-discharge claims were compulsory counterclaims that should have been asserted in this action, and that allowing the claims under Rule 15 was unwarranted because of undue delay. Id. at 5-11. Whether the dismissal is framed as Rule 13/Rule 15, waiver, or law of the case, there are no live claims for retaliatory termination, wrongful discharge, or whistleblower relief.

Evidence offered to prove those adjudicated theories is therefore irrelevant under Rules 401 and 402.

The law-of-the-case doctrine independently bars relitigation. The Eleventh Circuit holds that law of the case bars relitigation of issues decided expressly or by necessary implication. *This That & The Other Gift & Tobacc*o, 439 F.3d at 1283; *Escobar-Urrego*, 110 F.3d at 1560. The Court's orders have already determined that Estes may not use retaliation and wrongful discharge theories to defeat Count I, and that those counterclaims are dismissed. Dkt. 87; Dkt. 90. Estes cannot avoid those rulings by presenting the same matter through "background," "motive," "public importance," "context," or "whistleblower" labels. *See Christianson*, 486 U.S. at 816 (law of case promotes orderly judicial administration); *Arizona v. California*, 460 U.S. 605, 618 (1983) (law of case promotes finality and efficiency).

Rule 403 supplies an additional basis for exclusion. Retaliation and whistleblower evidence would invite jurors to decide whether Metrc wrongfully terminated Estes and whether he was a whistleblower, even though those claims have been dismissed and the Court has rejected their use as an affirmative defense. The resulting prejudice and confusion would be substantial: the jury may believe Estes is entitled to litigate employment-law issues, may reduce or deny relief based on sympathy or perceived public-policy concerns, or may disregard the Court's prior liability rulings. Rule 403 exists to prevent exactly that sort of collateral mini-trial

7

and issue confusion. See Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d at 1328 (Rule 403 permits exclusion for unfair prejudice and confusion).

This requested exclusion should include the label "whistleblower" itself. Whether Estes subjectively views himself as a whistleblower is not a fact of consequence to the remaining claims. The term is also loaded. It carries a legal conclusion and a favorable moral inference: that Estes engaged in protected conduct and suffered unlawful retaliation. Those are precisely the claims the Court dismissed and the defenses the Court rejected. Allowing the term would unfairly prejudice Metrc and risk confusing the jury about the scope of trial. See Fed. R. Evid. 403; *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) (evidence may be excluded where it would confuse issues or mislead the jury); *Burns v. AstraZeneca Pharms. LP, (In re Seroquel Prods. Liab. Litig.)*, 601 F. Supp. 2d 1313, 1318 (2009) (excluding evidence that would serve to confuse the issues or mislead the jury).

Metrc recognizes one narrow distinction. Certain statements Estes made to Wyld, Khalifa Kush, Holistic, or other relevant customers may be admissible for a limited non-hearsay purpose: to show that the statement was made, Estes' intent, the effect on the listener, causation, or damages. But admissibility for that limited purpose does not make the truth of the underlying accusations admissible. See Fed. R. Evid. 105, 801(c); *United States v. Rivera*, 780 F.3d at 1092-93. Metrc requests a limiting instruction that the statements are admitted only to show what was said,

8

intent, effect on listener, causation, or damages, and not to prove that Metrc engaged in unlawful conduct or retaliatory termination.

Accordingly, the Court should preclude Estes, his witnesses, and counsel (if counsel is retained) from offering evidence, eliciting testimony, referencing exhibits, or making argument that Metrc unlawfully terminated or retaliated against Estes, that Estes is a protected whistleblower, or that Estes' alleged whistleblower status excuses or justifies his communications with Metrc customers or prospective customers.

## II.    Estes Should Be Precluded from Relitigating Liability on Count I and Count II as to Wyld and Khalifa Kush.

Metrc next seeks to exclude any evidence, testimony, argument, or insinuation that Estes did not breach the Offer Letter Agreement, did not owe the $100,000 signing bonus, did not breach the Non-Solicitation Agreement as to Wyld or Khalifa Kush, or that his communications with Wyld and Khalifa Kush were not solicitations. Those issues have already been decided by the Court and are not for the jury.

The Court granted summary judgment on Count I. Dkt. 90. The Court held that the Offer Letter Agreement was valid and enforceable, that Estes agreed to repay the $100,000 signing bonus if his employment terminated before the second anniversary of his start date "for any reason," that Estes received the signing bonus, and that he failed to repay it. Id. at 10-15. The Court concluded that "no reasonable

9

jury could find for Defendant Estes on the breach of contract claim" and granted summary judgment to Metrc on Count I in the amount of $100,000. Id. at 15, 20. Final judgment has been entered on Count I. Dkt. 94.

The Court also granted summary judgment on Count II as to Wyld and Khalifa Kush. Dkt. 90 at 15-20. The Court held that the Non-Solicitation Agreement barred Estes from contacting past, present, or potential Metrc customers for the purpose of inducing or attempting to induce the entity to cease doing business with Metrc or reduce business contemplated to be done with Metrc. Id. at 15-16. The Court held that Estes' text messages to Wyld and Khalifa Kush showed that he was attempting to induce those entities to reduce Metrc's business involving Retail ID. Id. at 17. The Court rejected Estes' argument that he could avoid liability because the customers were not actually influenced, holding that "[p]er its terms, Estes did not have to be successful in his inducement to breach the Agreement." Id. at 18. The Court found "no genuine dispute" that those communications violated Section 1 of the Non-Solicitation Agreement. Id. at 18-19.

Those rulings are law of the case. *This That & The Other Gift & Tobacco*, 439 F.3d at 1283; *Escobar-Urrego*, 110 F.3d at 1560. They are also binding trial-management determinations that define the issues for trial. The jury may decide only issues that remain. It may not revisit matters resolved on summary judgment. *See Christianson*, 486 U.S. at 816; *Arizona*, 460 U.S. at 618.

10

Evidence or argument that invites the jury to revisit those rulings is irrelevant under Rules 401 and 402. Count I liability has been decided and reduced to judgment. Count II liability as to Wyld and Khalifa Kush has been decided. The remaining issues do not include whether the Offer Letter required repayment, whether repayment was owed, whether Estes' Wyld and Khalifa Kush communications were solicitations, whether those communications violated the Non-Solicitation Agreement, or whether success was required to prove the breach. Fed. R. Evid. 401-402.

Even if some evidence touching those subjects has marginal relevance to damages, relief, causation, or Holistic, the Court should exclude any use of such evidence to contest adjudicated liability. Rule 403 strongly supports exclusion because relitigation would confuse the issues, mislead the jury, waste time, and create an unfair risk of inconsistent findings. See Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d at 1328; *Brown*, 415 F.3d at 1264-65.

Metrc therefore requests an order precluding Estes from arguing or implying that: (1) he did not breach the Offer Letter Agreement; (2) he did not owe or was not required to repay the $100,000 signing bonus; (3) he did not breach the Non-Solicitation Agreement as to Wyld or Khalifa Kush; (4) his Wyld or Khalifa Kush communications were not solicitations or attempted solicitations; or (5) actual success or causation was required to establish the already-adjudicated breach of the

11

Non-Solicitation Agreement as to Wyld and Khalifa Kush. Estes may contest only damages and relief issues that the Court expressly left for trial, and Count II liability only as to Holistic.

### III.   Generalized Cannabis-Diversion, Black-Market, Regulatory-Corruption, and Public-Safety Evidence Should Be Excluded.

Metrc further seeks to exclude evidence, testimony, argument, exhibits, articles, reports, or narratives concerning alleged cannabis diversion, black-market cannabis activity, regulatory corruption, public-safety concerns, alleged flaws in Metrc's cannabis tracking systems, alleged violations of state regulatory contracts, or whether Metrc supposedly enabled unlawful activity, unless the evidence is tied to a remaining claim element and otherwise admissible.

The remaining trial is not a trial about whether Metrc violated state cannabis laws, whether Metrc's software should have flagged irregularities, whether state cannabis programs are effective, whether cannabis diversion exists as an industry problem, or whether Estes' accusations about Metrc were true. Those subjects relate to dismissed counterclaims and rejected defenses, not the remaining claims. The remaining issues are limited to relief on Counts I and II, Count II liability and relief as to Holistic, and Count III tortious interference. Dkt. 90 at 20.

Evidence about generalized cannabis diversion, black-market activity, regulatory failures, public-safety concerns, or alleged corruption does not make any remaining element more or less probable unless tied to an actual communication, an

actual customer relationship, causation, damages, intent, or another issue left for trial. Fed. R. Evid. 401-402. A broad public-policy narrative is not a substitute for element-specific evidence.

Rule 403 also warrants exclusion. Allowing Estes to introduce industry articles, public reports, third-party accusations, or generalized claims about Metrc's regulatory role would create a trial within a trial over collateral issues. The jury would be asked to decide whether cannabis diversion occurred, whether Metrc had a legal duty to detect it, whether Metrc's software design was adequate, whether California or other state regulators were complicit or negligent, and whether Estes' accusations were true. That inquiry would substantially outweigh any marginal probative value and would create unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste time. Fed. R. Evid. 403; *see also United States v. Lehder-Rivas*, 955 F.2d 1510, 1520 (11th Cir. 1992) (Rule 403 permits exclusion of evidence that would confuse issues or cause undue delay). Further, as noted in the Court's Order dismissing Estes' Counterclaims, Estes stymied Metrc's discovery efforts on these issues, thereby waiving them.

This evidence also raises hearsay concerns. Articles, reports, public statements, and third-party accusations offered to prove that Metrc enabled diversion or engaged in corruption are out-of-court statements offered for their truth. They are inadmissible unless a specific hearsay exclusion or exception applies. Fed. R. Evid.

13

801-802. Estes should not be permitted to place inflammatory accusations before the jury through news articles, public reports, LinkedIn posts, or third-party statements and then argue those accusations as true.

Nor may lay witnesses offer technical or specialized opinions about Metrc's software, regulatory compliance, cannabis tracking architecture, diversion detection, or causation unless the testimony satisfies Rule 701 and does not cross into expert testimony governed by Rule 702. Lay opinion must be rationally based on the witness's perception, helpful to the jury, and not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. Expert testimony must satisfy Rule 702 and Daubert. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-95 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *United States v. Frazier*, 387 F.3d 1244, 1260-63 (11th Cir. 2004) (en banc). A witness also must have personal knowledge. Fed. R. Evid. 602.

Metrc recognizes the same limited-purpose distinction noted above. The fact that Estes made particular statements to Wyld, Khalifa Kush, Holistic, or another relevant customer may be admissible to show what was said, Estes' intent, the effect on the listener, causation, or damages. But the truth of the accusations embedded in those statements is a different matter. Fed. R. Evid. 105, 801(c). If such evidence is admitted, the Court should instruct the jury that the statements are not admitted to prove that Metrc engaged in unlawful, corrupt, unsafe, or noncompliant conduct.

14

Accordingly, the Court should exclude generalized cannabis-diversion, black-market, regulatory-corruption, software-defect, state-contract, and public-safety evidence unless Estes first establishes, outside the presence of the jury, that the specific evidence is directly tied to a remaining claim element and is otherwise admissible under the Federal Rules of Evidence.

**IV.    Estes Should Be Precluded from Offering Evidence or Argument Supporting Affirmative Defenses for Which He Refused to Disclose Supporting Facts During Discovery and Never Supplemented.**

Metrc finally seeks to preclude Estes from offering evidence, testimony, exhibits, or argument in support of any affirmative defense for which he refused to disclose supporting facts, witnesses, documents, or circumstances during discovery and never supplemented. A party may not withhold the factual basis for an affirmative defense during discovery, allow discovery to close, and then present the undisclosed theory at trial.

Rule 8(c) requires a party to affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). The rule's purpose is to give the opposing party notice of issues that may be raised at trial so the party can prepare to litigate them. *Hassan v. U.S. Postal Serv.,* 842 F.2d 260, 263 (11th Cir. 1988). Failure to plead an affirmative defense generally waives it. *Id.*; *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). Pleading a defense, however, does not authorize a party to hide its factual basis through discovery and then present it at trial by ambush.

Rule 33 expressly permits contention interrogatories. Fed. R. Civ. P. 33(a)(2). A contention interrogatory may ask a party to state facts supporting claims, defenses, or contentions, and although the Court may defer an answer until later in discovery, the Rule does not permit a party to refuse to answer indefinitely. Id. The Middle District's Civil Discovery Handbook likewise recognizes contention interrogatories as a legitimate tool to identify and narrow claims, defenses, and contentions. M.D. Fla. Civil Discovery Handbook, Ch. IV.C.2.

Here, Metrc served a proper contention interrogatory asking Estes to identify the facts supporting his affirmative defenses. Estes gave no substantive answer. He objected that the request was premature or otherwise refused to disclose the factual basis. He claimed that he would supplement his interrogatory response before the close of discovery, but he never did. He did not move for a protective order and did not obtain a ruling deferring his obligation to answer. The Court's summary-judgment order already noted that Estes failed to substantively respond to relevant interrogatories when it held that his wrongful-termination and whistleblower-retaliation theories were waived as affirmative defenses. Dkt. 90 at 13-14.

Rule 26(e) required Estes to supplement or correct his interrogatory responses in a timely manner once he knew the responses were incomplete or incorrect and the information had not otherwise been made known to Metrc during discovery. Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement is independent. It does not disappear

16

because the propounding party did not move to compel. Nor may a party rely on an objection that a contention interrogatory is "premature" and then remain silent through the end of discovery.

Rule 37(c)(1) supplies the consequence. If a party fails to provide information required by Rule 26(a) or 26(e), the party may not use that information or witness to supply evidence at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Eleventh Circuit recognizes the district court's broad discretion to exclude undisclosed evidence and to manage Rule 37 sanctions. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004); *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004). Relevant considerations include surprise or prejudice, ability to cure, disruption of trial, the importance of the evidence, and the nondisclosing party's explanation. *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008); see also *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).

Those factors support exclusion. The failure was not substantially justified because Estes could have answered when the factual basis was known, sought a protective order, requested deferral, or supplemented before the close of discovery. The failure was not harmless because Metrc was deprived of the opportunity to test the defenses through document discovery, depositions, third-party discovery, expert

17

analysis if needed, dispositive motion practice, and trial preparation. Allowing undisclosed defenses now would prejudice Metrc and reward trial by ambush.

Estes may argue that Metrc should have moved to compel during discovery. That argument should not defeat exclusion. Rule 26(e) imposed an independent duty to supplement, and Rule 37(c)(1) applies when a party fails to provide information required by Rule 26(a) or 26(e). Fed. R. Civ. P. 26(e), 37(c)(1). The requested relief is not punishment for a technical discovery defect; it is a trial-management ruling to prevent prejudice caused by withholding the factual basis for affirmative defenses until after discovery closed. *See Taylor*, 940 F.3d at 593; *Prieto*, 361 F.3d at 1318.

The Court should therefore preclude Estes from offering evidence, testimony, exhibits, or argument in support of each of his affirmative defenses, as he failed to disclose supporting facts, witnesses, documents, or circumstances during discovery and failed to supplement. The ruling should apply to the following affirmative defenses set forth in Defendant's First Amended Answer, Defenses, Affirmative Defenses and Counterclaim:

1.    Plaintiffs, in each of their causes of action, have failed to state claims upon which relief may be granted.

2.    This Court does not have personal jurisdiction over Defendant.

3.    Plaintiffs have failed to plead sufficient facts to support a finding of malice, fraud, or oppression sufficient to support an award of punitive damages.

4.    Plaintiffs have failed to mitigate their damages, if any.

18

Alternatively, the Court should deem those defenses abandoned or waived, and strike them. Any defense not supported by facts previously disclosed in discovery should be excluded.

## REQUESTED RELIEF

For the foregoing reasons, Metrc requests that the Court enter an order:

1. Excluding evidence or argument that Metrc unlawfully terminated or retaliated against Estes, that Estes is a whistleblower, or that alleged whistleblower status excuses repayment, solicitation, or interference conduct, except for actual statements admitted for a proper limited purpose and subject to an appropriate limiting instruction;

2. Precluding Estes from relitigating liability on Count I and Count II as to Wyld and Khalifa Kush, including any argument that he did not owe the signing bonus, did not breach the Offer Letter Agreement, did not violate the Non-Solicitation Agreement as to Wyld or Khalifa Kush, or that success was required to prove those already-adjudicated breaches;

3. Excluding generalized cannabis-diversion, black-market, alleged regulatory-corruption, software-defect, state-contract, and public-safety evidence with the exception of his limited communications to Khalifa Kush, Wyld, and Holistic that are necessary to establish his inducement/interference;

19

4. Excluding evidence, testimony, exhibits, or argument supporting affirmative defenses for which Estes refused to disclose supporting facts during discovery and failed to supplement, or alternatively deeming those defenses abandoned or waived.

## Local Rule 3.01(g) Certificate

Counsel for Metrc has conferred with Estes regarding the subject matter of this motion, including via email on May 28, 2026 and June 1, 2026, and telephone conference on June 3, 2026, and Estes opposes this Omnibus Motion in Limine.

Dated June 3, 2026.

**[SIGNATURES ON FOLLOWING PAGE]**

FORDHARRISON LLP

By:    /s/ *Nicholas S. Andrews*
        Edward B. Carlstedt
        Florida Bar No. 0136972
        ecarlstedt@fordharrison.com
        Nicholas S. Andrews
        Florida Bar No. 0105699
        nandrews@fordharrison.com
        FordHarrison LLP
        401 East Jackson Street, Suite 2500
        Tampa, Florida 33602
        Telephone (813) 261-7800
        Facsimile (813) 261-7899
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will send an electronic notification of the filing to all counsel of record, and that a true and correct copy of this motion was sent via email and mail to:

Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com

/s/ *Nicholas S. Andrews*
Attorney

21