_____

_____

**From:** marcus estes <marcus.e@gmail.com>
**Date:** June 3, 2026 at 2:00:21 PM EDT
**To:** "Nicholas S. Andrews" <nandrews@fordharrison.com>, Ed Carlstedt <ecarlstedt@fordharrison.com>
**Subject: Position on Anticipated Motions in Limine; Defendant's Pretrial Statement**


**Caution: Originated Outside FordHarrison.**

```
Ed, Nick,

As discussed on today's call, I am filing my own pretrial
statement, witness list, exhibit list, and objections
separately, and I do not agree to your draft as written.

In particular, I do not stipulate to the proposed agreed facts
```

1

Exhibit 1

or agreed principles of law to the extent they state that I breached the Non-Solicitation Agreement as to Holistic, that my communications caused damages or irreparable harm, or that I interfered with any relationship. Those remain disputed issues for trial.

On the four motions in limine, my positions are:

Reasons for termination, unlawful discharge, and whistleblower allegations: I oppose a blanket exclusion. I will not relitigate the lawfulness of my termination, will not re-assert the affirmative defenses addressed in the Court's summary judgment order, and will not offer evidence to prove that Metrc violated any law. But my purpose and intent are elements of the claims that remain for trial: purpose under the Non-Solicitation claim as to Holistic, "intentional and unjustified" under the tortious interference claim, and malice as the standard for the punitive damages Metrc seeks. Metrc is offering my text messages and deposed me at length about my intent, so my explanation of that intent is admissible. I would agree to an appropriate limiting instruction.

Cannabis diversion and Metrc's systems: I oppose a blanket exclusion for the same reasons. I am not offering the underlying allegations for their truth or asking the jury to find that Metrc broke the law. To the extent this evidence bears on my purpose and intent, and on why third parties acted as they did, it is admissible, and I would accept a limiting instruction.

Relitigation of liability as to Wyld and Khalifa Kush: I agree. I do not relitigate the liability the Court established on summary judgment. My agreement is limited to liability and does not extend to the amount of damages, which remains for trial, or to evidence of my purpose and intent relevant to the remaining claims and to punitive damages.

Affirmative defenses for which no discovery was provided: I oppose the framing. I am not asserting affirmative defenses; I am denying elements of Metrc's own claims, which is not an affirmative defense. Metrc had full discovery into my state of mind through its interrogatories and my full-day deposition.

I am also serving my objections to your exhibits and deposition designations, and my counter-designations, together with my pretrial statement.

Regards,
Marcus Estes
Defendant, pro se

Exhibit 1