IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC. and METRC ID, LLC,
     Plaintiffs,

v.

MARCUS ESTES,
     Defendant.

_____/

CASE NO.: 8:24-cv-01252-WFJ-CPT

## DEFENDANT'S PRETRIAL STATEMENT

### Prepared with the Assistance of Counsel

Defendant Marcus Estes, proceeding pro se, submits this Pretrial Statement pursuant to the Court's Endorsed Order establishing the remaining case management deadlines (D.E. 89) and Local Rule 3.06. Defendant submits it separately because the parties were unable to finalize a single joint statement before the deadline. Defendant has reviewed Plaintiffs' proposed draft and conforms to its format for the Court's convenience, but Defendant does not join or stipulate to Plaintiffs' characterizations except as expressly stated below.

## I. THE BASIS OF THE COURT'S JURISDICTION

Defendant does not contest jurisdiction under 28 U.S.C. § 1332.

## II. CONCISE STATEMENT OF THE ACTION

The Court granted partial summary judgment on March 3, 2026 (D.E. 90) on Count I (breach of the Offer Letter Agreement) and on Count II for breach of the Non-Solicitation Agreement as to Wyld and Khalifa Kush only. The Court expressly reserved Count II as to Holistic for trial (D.E. 90 at 15 n.5), and Count III (tortious interference) for trial. On May 26, 2026, the Court entered a Rule 54(b) final judgment on Count I (D.E. 93, 94); Count I is therefore no longer a trial issue. The issues remaining for trial are:

    (a) Count II as to Holistic: both breach and damages;
    (b) the amount of damages, if any, on Count II as to Wyld and Khalifa Kush; and
    (c) Count III (tortious interference) as to Holistic, Wyld, and Khalifa Kush: liability, damages, and punitive damages.

## III. CONCISE STATEMENT OF EACH PARTY'S POSITION

**Defendant states as follows:**

Defendant does not relitigate the liability findings already made on summary judgment. As to Wyld and Khalifa Kush under Count II, the only remaining question is whether Plaintiffs can prove they suffered any actual damages, and in what amount.

Defendant's position is that Plaintiffs cannot prove compensable damages. At the relevant time, Retail ID was an unlaunched pilot offered to Wyld and Khalifa Kush at no charge. Plaintiffs' damages theory rests on speculative lost profits from an unproven product and on assumptions of adoption that did not occur. Plaintiffs' lost-profits calculation depends on a statewide California adoption assumption that Plaintiffs' own declarants (D.E. 61, 62) and the Court's findings (D.E. 90 at 17-18) refute, and Plaintiffs' alternative loss-of-chance theory rests on conversion probabilities and unit volumes for which no supporting evidence or expert has been disclosed. Lost-profit damages are not recoverable where they are speculative and not proven to a reasonable certainty.

Defendant further contests causation. The declarations of Eric Mushrush (D.E. 61) and Stephanie Arakel (D.E. 62) state that their companies' decisions were made independently and were not caused by Defendant's communications. Independent factors, including Plaintiffs' own reputation in the cannabis industry during 2023-2025, explain any reluctance separate from anything Defendant said.

As to Holistic under Count II, the Court has made no liability finding (D.E. 90 at 15 n.5). The Non-Solicitation Agreement bars contact with a customer only "for the purpose of" inducing or attempting to induce a reduction in business (D.E. 90 at 16, quoting Non-Solicitation Agreement § 1(a)(iii)). Purpose is an element Plaintiffs must prove. Defendant's purpose in communicating with John Brown of Holistic was not to induce a reduction in Metrc's business. Defendant is entitled to put on evidence of his actual purpose.

As to Count III, Florida law requires Plaintiffs to prove that any interference was both intentional and unjustified. Defendant's good-faith reasons for his communications are directly responsive to the "unjustified" element, which is part of Plaintiffs' burden, not a separate affirmative defense. At his deposition Defendant testified that he did not intend to interfere with Metrc's relationships (e.g., Dep. 241:22-24). Defendant is entitled to explain that testimony to the jury.

Plaintiffs also seek punitive damages on Count III. To recover punitive damages, Plaintiffs must prove by clear and convincing evidence that Defendant acted with intentional misconduct or malice. Defendant's state of mind is therefore squarely at issue, and Plaintiffs cannot ask a jury to find malice while preventing Defendant from explaining what he actually believed and intended.

Plaintiffs themselves intend to introduce Defendant's contemporaneous text messages (their proposed Exhibits 8, 9, 11, and 24), which contain Defendant's statements of his reasons, and they deposed Defendant at length about his intent and state of mind. Plaintiffs cannot put those statements before the jury and simultaneously bar Defendant from explaining the beliefs and intent that produced them.

Defendant's evidence of his subjective purpose, intent, and good-faith belief is offered solely to rebut the "purpose" element of Count II as to Holistic, to deny the "unjustified" element and the malice required for punitive damages on Count III, and to contest causation and the amount of damages. It is not offered to prove the truth of any underlying allegation about Plaintiffs' conduct, and Defendant does not seek to relitigate the claims dismissed at D.E. 87 or the affirmative defenses addressed at D.E. 90. Defendant will accept an appropriate limiting instruction to that effect, and opposes any motion in limine that would exclude this evidence wholesale.

## IV. LIST OF EACH EXHIBIT WITH NOTATION OF EACH OBJECTION

a. Plaintiffs' Exhibit List, with Defendant's objections, is addressed in Exhibit "A."
b. Defendant's Exhibit List, including Plaintiffs' objections, is attached as Exhibit "B."

## V. LIST OF ALL WITNESSES WHO MAY BE CALLED AT TRIAL

a. Plaintiffs' Witness List, with Defendant's objections, is addressed in Exhibit "C."
b. Defendant's Witness List is attached as Exhibit "D."

## VI. LIST OF ALL EXPERT WITNESSES

Defendant does not intend to call an expert. Defendant reserves the right to call a rebuttal witness if Plaintiffs offer expert or opinion testimony supporting their damages model.

## VII. A BREAKDOWN OF THE TYPE AND AMOUNT OF MONETARY DAMAGES

Defendant seeks no monetary damages and disputes Plaintiffs' damages breakdown (Plaintiffs' Exhibit "E") as speculative and unsupported, for the reasons in Section III.

## VIII. LIST OF EACH DEPOSITION OFFERED IN LIEU OF LIVE TESTIMONY

Defendant took no depositions. To the extent Plaintiffs offer designated excerpts of Defendant's April 8, 2025 deposition, Defendant objects to incomplete or misleading designations and counter-designates the completing portions identified in Exhibit "F," pursuant to Fed. R. Civ. P. 32(a)(6) and Fed. R. Evid. 106.

## IX. CONCISE STATEMENT OF EACH ADMITTED FACT

Defendant admits only the following:

1. Metrc provides a track-and-trace SaaS product used by state cannabis regulators, working with RFID technology.
2. Estes founded Chroma Protocol Corporation, which developed Chroma Signet.
3. On April 7, 2023, Metrc, through Metrc ID, LLC, acquired the assets of Chroma under an Asset Purchase Agreement.
4. Metrc hired Estes as an Executive Vice President.

5. The Offer Letter Agreement included a $100,000 signing bonus repayable if Estes's employment terminated before his second anniversary for any reason, and provided that his employment was at-will.

6. Estes signed the Non-Solicitation Agreement on April 7, 2023.

7. Metrc terminated Estes on April 9, 2024.

8. After his termination, Estes sent text messages to Mark Goetz, Eric Mushrush, and Stephanie Arakel, and communicated with John Brown.

9. The Court granted partial summary judgment as set out in Section II, and entered a Rule 54(b) final judgment on Count I.

Defendant does NOT admit Plaintiffs' characterization of his purpose, that any communication caused a reduction in business, or that he interfered with any relationship.

## X. CONCISE STATEMENT OF EACH AGREED PRINCIPLE OF LAW

Defendant agrees only to the following:

1. The Court has subject matter and personal jurisdiction; venue is proper.

2. The Offer Letter Agreement and the Non-Solicitation Agreement were valid contracts.

3. The Court granted partial summary judgment establishing Estes's breach of the Offer Letter Agreement (Count I) and his breach of the Non-Solicitation Agreement as to Wyld and Khalifa Kush (Count II), and entered final judgment on Count I.

4. Estes's employment was at-will.

Defendant does NOT agree to any principle that he breached the Non-Solicitation Agreement as to Holistic, that his conduct caused damages or compensable harm, or that he tortiously interfered with any relationship. Those are disputed (Section XI).

## XI. CONCISE STATEMENT OF EACH ISSUE OF FACT

1. Whether Estes contacted Holistic "for the purpose of" inducing a reduction in Metrc's business, or for another purpose.

2. Whether Estes breached the Non-Solicitation Agreement as to Holistic.

3. Whether any breach caused Metrc actual damages, and if so, in what amount.

4. Whether Metrc's claimed lost-profit damages are reasonably certain or speculative, given that Retail ID was an unlaunched, no-charge pilot.

5. Whether the decisions of Wyld, Khalifa Kush, and Holistic were caused by Estes's communications or by independent factors, including Metrc's own industry reputation.

6. Whether any interference by Estes was intentional and unjustified.

7. Whether Estes acted with the malice or intentional misconduct required for punitive damages.

## XII. CONCISE STATEMENT OF EACH ISSUE OF LAW

1. Whether Metrc can prove damages caused by the breach of the Non-Solicitation Agreement, and in what amount.
2. Whether Metrc can prove the elements of tortious interference, including that any interference was intentional and unjustified, and resulting damages.
3. Whether Metrc can meet the clear-and-convincing-evidence standard for punitive damages on Count III.
4. Whether and in what amount any party is entitled to attorneys' fees and costs.

## XIII. LIST OF EACH PENDING MOTION OR UNRESOLVED ISSUE

1. Defendant's anticipated Motion in Limine.
2. Defendant's opposition to Plaintiffs' anticipated motions in limine (see Section III).

Plaintiffs' Rule 54(b) Motion (D.E. 92) is no longer pending: the Court granted it and entered final judgment on Count I on May 26, 2026 (D.E. 93, 94).

## XIV. STATEMENT OF THE USEFULNESS OF FURTHER SETTLEMENT DISCUSSION

Defendant remains willing to discuss a reasonable resolution at any time.

## XV. SIGNATURES

In preparing this Pretrial Statement, Defendant has aimed for the just, speedy, and inexpensive resolution of this action.

Dated: June 4, 2026.

Marcus Estes, Pro se
1142 Grand Ave., Astoria, Oregon 97103
Telephone: (917) 309-5894
Marcus.e@gmail.com

## CERTIFICATION OF COUNSEL ASSISTANCE (per D.E. 88 / Fla. Bar Ethics Op. 79-7)

**Prepared with the Assistance of Counsel.**

Pursuant to the Court's Order dated February 13, 2026 (D.E. 88), Defendant certifies that he has received assistance from counsel in connection with this filing, as described below, and provides the foregoing notice.

Defendant prepared this filing and is solely responsible for its contents. No attorney drafted this filing or appears on Defendant's behalf; Defendant is not represented by counsel of record in this action.

Evan Borges of Greenberg Gross LLP, who does not represent Defendant in this action, has provided Defendant with general strategic guidance regarding the case. Mr. Borges did not draft this filing. Defendant used research and drafting tools, including generative artificial intelligence, as an aid in preparing this filing, and Defendant reviewed, verified, and adopted the content as his own.

This filing was physically transmitted to the Clerk for filing by a member of the staff of Greenberg Gross LLP as a clerical accommodation only. Greenberg Gross LLP does not represent Defendant in this action, and no attorney or other person at Greenberg Gross LLP drafted, revised, or directed the content of this filing.

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I served a copy of the foregoing on counsel of record for Plaintiffs (Edward B. Carlstedt and Nicholas S. Andrews, FordHarrison LLP, 401 E. Jackson St., Ste 2500, Tampa, FL 33602; ecarlstedt@fordharrison.com; nandrews@fordharrison.com) by email and U.S. mail.

Marcus Estes, Pro se