IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC. and METRC ID, LLC,
      Plaintiffs,

v.

MARCUS ESTES,
      Defendant.

CASE NO.: 8:24-cv-01252-WFJ-CPT

_____/

## EXHIBIT "A" : DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST

Defendant Marcus Estes objects to Plaintiffs' trial exhibits (Plaintiffs' Exhibits 1-44) as set out below. As to any exhibit not listed below, Defendant does not object to authenticity but reserves all objections to relevance, foundation, and admissibility to be raised at trial.

**No objection (or reserve only)**

Defendant does not object to Plaintiffs' Exhibits 1-7, 10, 16, 21, 22, 23, 28, 32, 36, 38, and 39. Plaintiffs' Exhibits 38 and 39 (the Mushrush and Arakel declarations) are relevant to causation. Plaintiffs' Exhibits 21, 22, 23, and 28 (the Eagleson-Arakel emails) show the customers' independent decision process.

**Completeness (Fed. R. Evid. 106): no exclusion sought, but the full document must be admitted**

As to Plaintiffs' Exhibits 8 (Estes-Brown texts), 9 (Estes-Mushrush texts), 11 (Estes-Goetz texts), and 24 (Estes-Arakel texts), Defendant objects to the admission of excerpts only; the complete threads must be admitted under Fed. R. Evid. 106 (see Defendant's Exhibit "B," Items 3-6). As to Plaintiffs' Exhibits 33, 34, and 35 (Defendant's interrogatory responses and deposition excerpt), Defendant objects on completeness grounds.

**Relevance / Fed. R. Evid. 403: collateral post-termination domain dispute**

Defendant objects to Plaintiffs' Exhibits 12, 13, 14, 15, 17, 19, 26, 27, 29, and 30 as irrelevant to the issues remaining for trial and unfairly prejudicial. The domain dispute concerns Count I (now reduced to final judgment) and Defendant's character, not the remaining non-solicitation damages or interference issues. Fed. R. Evid. 401, 403.

**Hearsay / improper trial use of a summary-judgment declaration**

Plaintiffs' Exhibit 37 (Johnson declaration): Defendant objects on hearsay grounds (Fed. R. Evid. 801-802); a declaration prepared for summary judgment is not admissible substantive trial evidence. Mr. Johnson should testify live and be subject to cross-examination. Plaintiffs' Exhibit

31 (Wyld "asking not to do press" email): Defendant objects on hearsay grounds to the extent it is offered for the truth of Wyld's statements, and on foundation. Plaintiffs' Exhibit 18 (internal Metrc email from Jesse Naranjo to James Daley, Apr. 10, 2024, recounting a call with Mr. Eagleson): Defendant objects as hearsay within hearsay (Fed. R. Evid. 801-802, 805) and as irrelevant and unfairly prejudicial (Fed. R. Evid. 401, 403); it concerns Defendant's acquisition-contract and bonus dispute (Count I, now reduced to final judgment) and Defendant's character and job performance, not the purpose, causation, or damages issues remaining for trial.

**Damages**

Plaintiffs' Exhibit 40 (Metrc's Damages Spreadsheet) and Plaintiffs' associated damages calculations (including the lost-profits, lost-business-opportunity, and loss-of-chance-of-conversion theories): Defendant objects as speculative; lacking foundation; improper lay opinion or undisclosed expert testimony (Fed. R. Evid. 701-702); assuming facts not in evidence (full California adoption of an unlaunched, no-charge pilot, and probabilities of conversion unsupported by any evidence); contradicted by Plaintiffs' own declarants (D.E. 61, 62) and by D.E. 90 at 17-18; internally inconsistent on its face; and not proven to a reasonable certainty. The lost-profits theory monetizes 238,720,098 units of statewide California adoption that the record does not connect to Defendant's communications with three pilot contacts.

**Catch-alls**

Plaintiffs' Exhibits 41 ("all exhibits attached to depositions") and 42 ("all exhibits listed by Plaintiff"): Defendant objects as improper and overbroad; exhibits must be individually identified. Plaintiffs' Exhibits 43 and 44 (demonstratives): subject to objection and pre-admission review at trial.

Dated: June 4, 2026.

_____
Marcus Estes, Pro se