IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC. and METRC ID, LLC,
     Plaintiffs,

v.

MARCUS ESTES,
     Defendant.

CASE NO.: 8:24-cv-01252-WFJ-CPT

_____/

## EXHIBIT "B" : DEFENDANT'S EXHIBIT LIST

| No. | Date Id. | Date Adm. | Witness | Description | Objections |
|-----|----------|-----------|---------|-------------|------------|
| 1 | | | | Order on Partial Summary Judgment (D.E. 90) | |
| 2 | | | | Offer Letter Agreement; Non-Solicitation Agreement | |
| 3 | | | | Complete text-message thread, Estes-John Brown, offered in full under Fed. R. Evid. 106 (includes the pre-termination collegial messages, e.g., 2/1/24 "let's start a company," DEF_000378) | |
| 4 | | | | Estes-Eric Mushrush text-message thread (DEF_000382). To the extent Plaintiffs offer excerpts (Pl. Ex. 9), Defendant will require admission of the complete thread under Fed. R. Evid. 106 for context, including the pre-termination collegial messages (e.g., 2/19/24 "Hey friend") | |
| 5 | | | | Estes-Stephanie Arakel text-message thread (DEF_000360-363). To the extent Plaintiffs offer excerpts (Pl. Ex. 24), Defendant will require admission of the complete thread under Fed. R. Evid. 106 for context | |
| 6 | | | | Complete text-message thread, Estes-Mark Goetz, offered in full under Fed. R. Evid. 106 | |

| No. | Date Id. | Date Adm. | Witness | Description | Objections |
|---|---|---|---|---|---|
| 7 | | | | Declaration of Eric Mushrush (D.E. 61) | |
| 8 | | | | Declaration of Stephanie Arakel (D.E. 62) | |
| 9 | | | | Emails between David Eagleson and Stephanie Arakel re Metrc Retail ID follow-up (also Pl. Ex. 21-23, 28; PLAINTIFF-003864-885, 003872-879), offered on the customers' independent decision-making and causation | |
| 10 | | | | Email re Wyld asking not to do press, 6/14/24 (PLAINTIFF-003808; also Pl. Ex. 31), offered to show Wyld remained an active Metrc account and that any reluctance had independent causes | |
| 11 | | | | Meeting-accept documents re Chroma Signet/Metrc pilot kickoff, 9/22/23 (also Pl. Ex. 6-7; PLAINTIFF-003860-863), offered to show Retail ID was a pre-commercial, no-charge pilot. The free-of-charge pilot status is also established by the Mushrush and Arakel declarations (Items 7-8) and by D.E. 90 at 17-18. | |
| 12 | | | | Metrc's Amended Objections and Answers to Defendant's First Set of Interrogatories, 5/15/25 (also Pl. Ex. 36), offered for Metrc's admissions regarding Retail ID's status, revenue, and customers | |
| 13 | | | | California Department of Technology Standard Agreement, 6/25/24 (also Pl. Ex. 32; PLAINTIFF-003886-4069), bearing on the actual market and contract and on damages | |
| 14 | | | | Metrc's Damages Spreadsheet (also Pl. Ex. 40) and Damages Calculations, offered to cross-examine and impeach Metrc's damages model | |
| 15 | | | | RFID Journal, "Cannabis Operators Say They Have Little to Show for Track-and-Trace Investments" (Kate Robertson, Jan. | |

| No. | Date Id. | Date Adm. | Witness | Description | Objections |
|---|---|---|---|---|---|
| | | | | 26, 2024), offered not for the truth of the matter asserted but for effect on the listener (Fed. R. Evid. 801(c)), on the industry's independent wariness of track-and-trace | |
| 16 | | | | Minute Order (Under Submission Ruling) in HNHPC, Inc. v. Department of Cannabis Control, OC Superior Court No. 30-2021-01221014-CU-WM-CJC, entered Dec. 9, 2025 (Hon. Lee Gabriel). Offered NOT for the truth of any factual finding about diversion or about any Metrc product, NOT as a finding against Metrc (which is not a party to that proceeding), and NOT as information known to Defendant before his 2024 communications, but solely as bearing on whether Defendant's expressed concerns were objectively unreasonable or malicious (Count III "unjustified"; punitive malice). Defendant does not offer it to prove diversion occurred or that Metrc violated any law | |
| 17 | | | | Defendant's own contemporaneous business records (DEF_000364-000365) reflecting that, during his employment, he raised concerns internally and that Metrc personnel acknowledged receipt of them, together with calendar records of the June 8, 2023 and September 5, 2023 meetings. Offered solely as evidence that Defendant held and communicated a subjective belief (state of mind; notice that he reported), NOT for the truth of any concern and NOT to prove the substance of any meeting | |
| 18 | | | | Estes deposition transcript (Apr. 8, 2025), counter-designated portions (see Exhibit "F") | |
| 19 | | | | Demonstrative aids by Defendant | |

| No. | Date Id. | Date Adm. | Witness | Description | Objections |
|-----|----------|-----------|---------|-------------|------------|
| 20  |          |           |         | Any exhibit listed by Plaintiffs | |

Dated: June 4, 2026.

_____

Marcus Estes, Pro se