IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC. and METRC ID, LLC,
     Plaintiffs,

v.

MARCUS ESTES,
     Defendant.

_____/

CASE NO.: 8:24-cv-01252-WFJ-CPT

### EXHIBIT "F" : DEFENDANT'S OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS AND DEFENDANT'S COUNTER-DESIGNATIONS

**Objections to Plaintiffs' Deposition Designations**

Defendant does not object to Plaintiffs' use of his April 8, 2025 deposition as a party admission (Fed. R. Civ. P. 32(a)(2)), subject to the rule of completeness (the counter-designations below). Defendant objects to the following designations:

**Collateral domain-dispute designations: relevance and Rule 403.** Designations at 230:11-23; 232:20-25; 233; 234:1-9; 235:4-10; 237:3-15, 21-25; and 238:1-10 concern the post-termination dispute over transfer of the chroma.io domains. That dispute relates to Count I (reduced to final judgment, D.E. 93-94) and to Defendant's character; it is not probative of the issues remaining for trial (Count II Holistic; Count II and III damages and causation; Count III liability). The "hostage," "leverage," and "bargaining chip" framing is unfairly prejudicial and substantially outweighs any probative value. Fed. R. Evid. 401, 403.

**Lucid / Paul Botto designations: relevance and Rule 403.** Designations at 271-272 concern Defendant's LinkedIn message to Paul Botto of Lucid ID, a competitor of Metrc. Lucid is not one of the three customers at issue (Wyld, Khalifa Kush, Holistic); the exchange is not probative of any remaining claim, and the "burn in hell" language is offered only to inflame. Fed. R. Evid. 401, 403.

If any objected-to designation is admitted, Defendant counter-designates the completing testimony below.

**Defendant's Counter-Designations (Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106)**

| Plaintiffs designated | Defendant counter-designates | Basis (completeness) |
|---|---|---|
| 232:20-25 ("holding domains hostage ... | 232:6-19 | What legal action was implied and Defendant's stated reason; precedes the |

| Plaintiffs designated | Defendant counter-designates | Basis (completeness) |
|---|---|---|
| No") | | snippet. (Also objected to above.) |
| 233 (entire); 234:1-9 ("rendered unusable") | 234:10-236:25 | Metrc's IT director said the domains would be sunsetted; Defendant was complying; a printed QR code cannot be moved. Rebuts "rendered unusable." (Also objected to.) |
| 240 (entire); 241:1-3 (Mushrush texts) | 241:22-25; 242:1-243:8 | Defendant testified he did NOT intend to interfere ("A. No."), that Mushrush was not a decisionmaker, that he did not initiate the exchange and spoke "as a citizen," and did not contact the actual decisionmaker. |
| 249:8-21; 250:3-7 (advocating Retail ID; "I don't recall") | 250:8-251:9 | Defendant "didn't make a claim that Retail ID was corrupt," "never said anything negative about the product," and "Certainly not" tell Brown not to proceed ("if anything ... the opposite"). Rebuts inducement as to Holistic. |
| 258:6-9 (Ex. 60); questioning whether he told Brown to end the relationship | 258:14-261:21 | "Not at all ... that's not even directly implied ... I did not impugn Retail ID to John Brown ... I'm just trying to warn Mark ... that's what a friend would do." Core good-faith / purpose testimony. |
| 262:1-13 (Arakel "a friend more than anything") | 262:14-25 | Completes the description of the personal / consultant relationship. |
| 269:5-18 ("I cannot speculate / I do not know" any effect) | 269:19-270:6 | Defendant's only recent contact with Brown concerned "a totally unrelated matter." (The designation is itself favorable: no known effect on the relationships.) |
| 271-272 (Botto / Lucid) | 272:10-25 | If admitted over objection: Defendant was "a man looking for a job," "swing my Rolodex," networking about his post-Metrc status, not soliciting a Metrc customer (Lucid is a competitor, not one of the three customers at issue). |

**Background pages (4-7; 21-70; 133-135; 168-171).** These early-deposition designations are largely undisputed foundation and need little completeness counter-designation, with the following exceptions:

| Plaintiffs designated | Defendant note / counter-designation |
|---|---|
| 170:8-18 ("Who created the relationship with Wyld? ... A. No ... Holistic? ... A. No.") | Favorable as designated: Defendant testified he did NOT originate the Wyld or Holistic relationships, cutting against any claim he was the linchpin. No counter needed; let it stand. |
| 169:14-25; 170:1-18 (Maryland prospects easy to find after the state's QR mandate) | Counter-designate 168:22-169:13: the pilot focus kept shifting (California, then Nevada, then Maryland), requiring "big initiatives to start over again." Supports that the pilots were early-stage and the opportunity was regulation-driven, not Defendant-dependent (relevant to speculative damages and causation). |
| 134:1-8 (his role connecting clients / prospects to development) | Optional: 133:12-25 for context. Low value. |

Dated: June 4, 2026.

Marcus Estes, Pro se