IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC. and METRC ID, LLC,
     Plaintiffs,

v.

MARCUS ESTES,
     Defendant.

_____/

CASE NO.: 8:24-cv-01252-WFJ-CPT

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Defendant Marcus Estes, proceeding pro se, responds to Plaintiffs' Omnibus Motion in Limine (D.E. 95). Defendant agrees with much of the motion and opposes it only in part. Defendant agrees that he will not relitigate the liability the Court decided on summary judgment, will not argue that Plaintiffs unlawfully terminated or retaliated against him or that any whistleblower status excuses his repayment, solicitation, or interference, will not use the label "whistleblower" at trial, and will not offer generalized cannabis-diversion or regulatory evidence untethered to a remaining element. Defendant also agrees that the proper tool is a limiting instruction, which Plaintiffs themselves propose. Defendant opposes the motion only to the extent it would sweep more broadly than Plaintiffs' own stated exceptions and exclude evidence of his subjective purpose, intent, and belief, which is element-denial evidence on the claims that remain for trial and on the punitive damages Plaintiffs seek.

## THE COMMON GROUND, AND THE NARROW DISPUTE

Plaintiffs do not seek to exclude all evidence of Defendant's state of mind. Plaintiffs concede that Defendant's statements to Wyld, Khalifa Kush, Holistic, and other relevant customers may be admitted to show what was said, his intent, the effect on the listener, causation, or damages, subject to a limiting instruction. Mot. at 8-9, 14; see Fed. R. Evid. 105, 801(c); United States v. Rivera, 780 F.3d 1084, 1092-93 (11th Cir. 2015). Defendant agrees. The narrow dispute is whether that evidence also reaches Defendant's purpose, intent, and belief as offered on the elements of the remaining claims, and whether it is properly recast as an undisclosed affirmative defense. It does reach those elements, and it is not such a defense. By belief, Defendant means his contemporaneous state of mind: what he believed and why he acted as he did when he contacted the customers. That evidence is offered to show his purpose and to rebut the intent Plaintiffs must prove for punitive damages. Defendant does not offer his beliefs for their truth, and does not ask the jury to find that Plaintiffs violated any law; whether Plaintiffs did so is not an issue in this trial.

Purpose is a textual element of the Non-Solicitation claim as to Holistic, which the Court reserved for trial (D.E. 90 at 15 n.5); the agreement reaches contact made "for the purpose of" inducing or attempting to induce a reduction in business (D.E. 90 at 16, quoting § 1(a)(iii)). Intentional and unjustified interference is an element of tortious interference. Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985); see Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994). And punitive damages require clear and convincing evidence that Defendant was personally guilty of intentional misconduct, that is, actual knowledge of the wrongfulness of his conduct and of a high probability that injury would result. Fla. Stat. § 768.72(2). Plaintiffs, not Defendant, placed Defendant's knowledge and intent in issue by seeking punitive damages; having undertaken to prove that Defendant acted with actual knowledge of the wrongfulness of his conduct, Plaintiffs cannot exclude the evidence by which Defendant rebuts that very mental state. Defendant's subjective purpose, intent, and belief are therefore part of what Plaintiffs must prove, and Defendant may meet that proof.

## RESPONSE TO PLAINTIFFS' SPECIFIC REQUESTS

### I. Termination, retaliation, and the "whistleblower" label (Motion Part I): agreed, subject to Plaintiffs' own exception for limited-purpose evidence.

Defendant does not oppose an order precluding argument that Plaintiffs unlawfully terminated or retaliated against him, that his whistleblower status excuses his obligations, or the use of the bare label "whistleblower." Defendant opposes only to the extent the order would reach, beyond Plaintiffs' stated exception, evidence of his purpose, intent, and belief offered on the elements identified above. Plaintiffs concede this evidence is admissible for a limited purpose with a limiting instruction (Mot. at 8-9); Defendant asks only that the exception be stated to reach his purpose, intent, and belief on Holistic purpose, on the "intentional and unjustified" element, and on punitive damages, in addition to "what was said," effect on the listener, causation, and damages.

### II. Relitigation of Count I and of Count II as to Wyld and Khalifa Kush (Motion Part II): agreed.

Defendant will not relitigate liability on Count I or on Count II as to Wyld and Khalifa Kush, and will not argue that he did not owe the signing bonus, did not breach the Offer Letter, did not violate the Non-Solicitation Agreement as to those customers, or that success or actual causation was required to prove those adjudicated breaches. Consistent with the motion itself (Mot. at 12), this preclusion does not bar evidence relevant to what the Court reserved for trial: the amount of damages and causation on Count II as to Wyld and Khalifa Kush, liability and damages on Count II as to Holistic, and Count III. The Court held that Defendant did not have to be successful, and that actual causation was not required, to prove the breach as to Wyld and Khalifa Kush (D.E. 90 at 18); Defendant does not contest that holding. But the Court reserved compensatory damages on Count II for trial (D.E. 90 at 18 n.6), and to recover those damages Plaintiffs must prove that the breach caused an actual loss. On that reserved damages question, evidence that Wyld and

Khalifa Kush made their decisions independently, including the declarations of Eric Mushrush and Stephanie Arakel (D.E. 61, 62), is relevant to the amount of any damages and is not an attempt to relitigate the adjudicated breach.

### III. Generalized diversion and regulatory evidence (Motion Part III): agreed as to untethered evidence; the element-tied exceptions must be preserved and applied at trial.

Defendant does not offer generalized cannabis-diversion, black-market, regulatory-corruption, software-defect, state-contract, or public-safety evidence untethered to a remaining element, and does not ask the jury to decide whether diversion occurred or whether Plaintiffs broke the law. Defendant does not intend to offer lay opinion that crosses into expert testimony about Plaintiffs' software or compliance (Fed. R. Evid. 701-702). Defendant agrees to Plaintiffs' proposed mechanism of showing, outside the presence of the jury, that specific evidence is tied to a remaining element before it is offered. Defendant opposes only a categorical order that would foreclose, in advance, (a) his communications with Wyld, Khalifa Kush, and Holistic, which Plaintiffs concede are admissible; (b) the fact that, when he contacted these customers, he acted on a contemporaneous belief, offered for his state of mind as it bears on his purpose under the Non-Solicitation claim as to Holistic (whether his purpose there was to warn rather than to induce a reduction in business), on whether any interference was intentional and unjustified, and on punitive intent, and not for the truth of any concern or to narrate to the jury the content of any allegation against Plaintiffs; and (c) where a specific customer's decision-maker actually received and reacted to a particular statement, that statement offered not for its truth but for its effect on that listener (Fed. R. Evid. 801(c)) and only as it bears on causation as to that customer. Those items fall within Plaintiffs' own tied-to-element standard, and their admissibility is best resolved item-by-item at trial under that standard, not by a blanket pretrial exclusion.

### IV. The element-denial evidence is not an undisclosed affirmative defense (Motion Part IV).

Defendant's evidence of his own purpose, intent, and belief is not an affirmative defense; it denies elements of Plaintiffs' own claims, and Plaintiffs had full discovery into it. An affirmative defense is one that requires judgment for the defendant even if Plaintiffs prove every element of their claim. Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Evidence that negates an element of Plaintiffs' claim is the opposite; it prevents Plaintiffs from proving their case and is not an affirmative defense. Plaintiffs served interrogatories, took Defendant's deposition about his intent and purpose, and hold his text messages. The one matter on which Defendant declined to provide discovery, Interrogatory 14, sought the factual basis for the contention that Plaintiffs violated the law: the statutes, the dates, and the content of his complaints, all to prove that a violation occurred. Defendant offers no such proof of a violation and does not ask the jury to find that Plaintiffs broke any law. That he acted on a contemporaneous belief, offered only for his state of mind and not for the truth of any concern, is a separate matter. The prejudice Plaintiffs identify (Mot. at 17-18) attaches to genuinely undisclosed affirmative-defense facts; it does not attach to Defendant's purpose and intent, which

Plaintiffs explored at his deposition and possess in his text messages. As to that element-denial evidence, any claimed nondisclosure is harmless within the meaning of Rule 37(c)(1). To the extent Plaintiffs seek to exclude genuinely undisclosed affirmative-defense facts, Defendant does not offer such facts; to the extent the motion recasts Defendant's element-denial evidence as a barred affirmative defense under Rule 37(c)(1), it should be denied. Defendant's pleaded defenses are legal in nature (failure to state a claim and personal jurisdiction), challenge the sufficiency of Plaintiffs' punitive-damages allegations, or rest on Plaintiffs' own damages proof (failure to mitigate); none depends on undisclosed facts from Defendant.

## PROPOSED LIMITING INSTRUCTION

Defendant agrees a limiting instruction is the proper tool and proposes the following, which tracks the instruction Plaintiffs propose (Mot. at 14): "Evidence of Mr. Estes's statements to the customers, and of his purpose, intent, and belief when he made them, may be considered only on the questions that remain for your decision: his purpose under the Non-Solicitation claim as to Holistic; whether any interference was intentional and unjustified under the tortious-interference claim; whether punitive damages are warranted; and causation and the amount of any damages. His statements may be considered for the fact that he made them and for their effect on those who heard them, not for the truth of any accusation in them. Liability for breach of the Non-Solicitation Agreement as to Wyld and Khalifa Kush has already been decided and is not before you. This evidence is not evidence that Metrc engaged in any unlawful, corrupt, unsafe, or noncompliant conduct, and you may not consider it for that purpose."

## CONCLUSION

Defendant respectfully requests that the Court (1) grant the motion as to the matters Defendant does not oppose: relitigation of the decided liability, argument of wrongful termination, retaliation, or whistleblower status as an excuse, the bare label "whistleblower," generalized diversion and regulatory evidence untethered to a remaining element, lay opinion crossing into expert testimony, and any genuinely undisclosed affirmative-defense facts, none of which Defendant offers; (2) deny the motion only to the extent it would sweep beyond Plaintiffs' own stated exceptions, that is, to the extent it would exclude evidence of Defendant's purpose, intent, and belief offered on the remaining elements and on punitive damages, or would foreclose in advance his customer communications and effect-on-listener evidence that Plaintiffs concede are admissible, all of which are tied to the remaining elements; (3) resolve specific evidentiary questions at trial, with Defendant showing outside the jury's presence that an item is tied to a remaining element before it is offered; and (4) adopt the limiting instruction above or one substantially similar.

Dated: June 8, 2026.

Marcus Estes, Pro se
1142 Grand Ave., Astoria, Oregon 97103
Telephone: (917) 309-5894
Marcus.e@gmail.com

## CERTIFICATION REGARDING COUNSEL ASSISTANCE AND USE OF ARTIFICIAL INTELLIGENCE (per D.E. 88)

Pursuant to the Court's Order dated February 13, 2026 (D.E. 88), Defendant certifies as follows. Defendant did not receive any assistance from counsel in connection with this filing, and because no counsel assisted, the notice "Prepared with the Assistance of Counsel" is not required. No attorney drafted, revised, reviewed, or directed the content of this filing. Defendant prepared this filing himself and is solely responsible for its contents.

Defendant further certifies regarding the use of generative artificial intelligence. Defendant used AI-assisted research and drafting tools as an aid in preparing this filing. Any language produced with the assistance of those tools was personally reviewed by Defendant for accuracy, and Defendant has confirmed that every legal citation in this filing refers to an actual, non-fictitious authority and accurately reflects the contents of that authority. Defendant has reviewed, verified, and adopted the entire filing as his own.

This filing was transmitted to the Clerk for filing by a member of the staff of Greenberg Gross LLP as a clerical accommodation only. No attorney or other person at Greenberg Gross LLP drafted, revised, reviewed, edited, proofread, directed, or otherwise contributed to the content of this filing in any respect; their involvement was limited to transmitting it to the Clerk and serving it on Plaintiffs' counsel at Defendant's request.

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I caused a copy of the foregoing to be served on counsel of record for Plaintiffs (Edward B. Carlstedt and Nicholas S. Andrews, FordHarrison LLP, 401 E. Jackson St., Ste 2500, Tampa, FL 33602; ecarlstedt@fordharrison.com; nandrews@fordharrison.com) by email.

Marcus Estes, Pro se