**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

METRC, INC., METRC, ID LLC,

   *Plaintiffs,*     **CASE NO.: 8:24-cv-01252**

v.

MARCUS ESTES,

   *Defendant.*

_____/

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S WITNESS LIST**

  Plaintiffs Metrc, Inc. and Metrc, ID, LLC ("Metrc" or "Plaintiffs") hereby

submit their objections to Defendant's Trial Witness List and, in particular, request

the exclusion of Elliott Lewis as a previously undisclosed witness who could only

testify to collateral issues concerning Defendant's waived whistleblower and

unlawful discharge defenses:

**Plaintiff's Objections to Defendant's Witness Designations**

| WITNESS | OBJECTIONS |
|---|---|
| Marcus Estes | Object to any testimony relitigating liability on Count I or Count II as to Wyld/Khalifa Kush, including whether the communications were solicitations or whether actual success was required. Object to cannabis-diversion, whistleblower, wrongful-termination, public-concern, regulatory-misconduct, corruption, or alleged failure-to-flag-irregularities testimony as irrelevant, prejudicial, collateral, and an improper |

1

| | attempt to revive waived/unpled defenses. FRE 401, 402, 403, 602, 701, 801, 802. |
|---|---|
| John Brown | Object to any hearsay, speculation, improper opinion, or testimony outside personal knowledge concerning Holistic's business decisions, damages, or reasons for any change in business with Metrc. Also object to any cannabis-diversion, regulatory, whistleblower, or justification testimony not tied to the Holistic non-solicitation issue or tortious-interference elements. FRE 401, 402, 403, 602, 701, 801, 802. |
| Eric Mushrush | Object to testimony offered to relitigate the Court's summary-judgment ruling on Wyld, deny that Estes' communications constituted solicitation, or suggest that actual success was required. Object to hearsay, lack of personal knowledge regarding Wyld's corporate decision-making, and collateral testimony concerning cannabis diversion, regulatory concerns, or alleged Metrc misconduct. FRE 401, 402, 403, 602, 701, 801, 802. |
| Stephanie Arakel | Object to testimony offered to relitigate the Court's summary-judgment ruling on Khalifa Kush, deny that Estes' communications constituted solicitation, or suggest that actual success was required. Object to hearsay, lack of foundation, lack of personal knowledge regarding Khalifa Kush's corporate decision-making, and collateral cannabis-diversion/regulatory themes. FRE 401, 402, 403, 602, 701, 801, 802. |
| Mark Goetz | Object to any testimony used to relitigate liability already decided, or |

|  | present collateral cannabis-diversion/regulatory theories. Any testimony should be limited to non-hearsay communications within personal knowledge, including the April 11, 2024 text concerning Estes' contact with Holistic. FRE 401, 402, 403, 602, 701, 801, 802. |
|---|---|
| David Eagleson | Object to cumulative or duplicative testimony, hearsay, speculation, or testimony beyond personal knowledge concerning customer decision-making. Any testimony should be limited to admissible facts concerning Metrc's relationships, communications, damages, and business opportunities. FRE 401, 402, 403, 602, 701, 801, 802. |
| James Daley | Object to testimony concerning alleged internal concerns about diversion, regulatory compliance, Metrc's alleged failure to flag irregularities, or purported whistleblower/public-concern issues. Such testimony is irrelevant, collateral, prejudicial, and tied to waived/unpled defenses and excluded theories. FRE 401, 402, 403, 602, 701, 801, 802. |
| Michael Johnson | Object. Mr. Johnson is Plaintiffs' CEO and Defendant has not identified any unique, non-cumulative personal knowledge he has concerning the remaining trial issues. Any relevant information concerning customer communications, damages, or Metrc/Retail ID business relationships can be obtained from lower-level witnesses, documents, or corporate testimony. Defendant should not be permitted to call Plaintiffs' CEO merely for corporate optics, undue burden, or |

| | |
|---|---|
| | prejudice. Exclude or limit under apex doctrine/proportionality principles, Fed. R. Civ. P. 26/37, and FRE 401, 402, 403, 602, and 701. Alternatively, require a proffer outside the jury's presence identifying the specific admissible, non-cumulative facts Mr. Johnson personally knows that are tied to a remaining claim element. |
| Taylor Coffield | Object absent a proffer showing relevance to remaining trial issues. Exclude undisclosed, cumulative, speculative, hearsay, or collateral testimony, including cannabis-diversion, regulatory, whistleblower, or justification themes. Fed. R. Civ. P. 26/37; FRE 401, 402, 403, 602, 701, 801, 802. |
| Sam Peterson | Object absent a proffer showing relevance to remaining trial issues. Exclude undisclosed, cumulative, speculative, hearsay, or collateral testimony, including cannabis-diversion, regulatory, whistleblower, or justification themes. Fed. R. Civ. P. 26/37; FRE 401, 402, 403, 602, 701, 801, 802. |
| Jesse Naranjo | Object absent a proffer showing relevance to remaining trial issues. Exclude undisclosed, cumulative, speculative, hearsay, or collateral testimony, including cannabis-diversion, regulatory, whistleblower, or justification themes. Fed. R. Civ. P. 26/37; FRE 401, 402, 403, 602, 701, 801, 802. |
| Elliott Lewis | Objection. Mr. Lewis was not disclosed as a witness with knowledge concerning the remaining trial issues and should be |

4

| | |
|---|---|
| | excluded under Rules 26 and 37(c)(1). His apparent testimony concerns Catalyst's cannabis-diversion / "burner distro" allegations, Metrc's alleged failure to flag irregularities, and collateral regulatory criticisms—not the remaining claim elements. Defendant failed to plead justification and, as noted in the summary-judgment order, waived affirmative defenses and did not provide discovery on the same. Exclude under FRE 401, 402, 403, 602, 701, 801, 802, and Rule 37(c)(1). |
| Lief Shackleford | Object absent a proffer showing relevance to remaining trial issues. Exclude undisclosed, cumulative, speculative, hearsay, or collateral testimony, including cannabis-diversion, regulatory, whistleblower, or justification themes. Fed. R. Civ. P. 26/37; FRE 401, 402, 403, 602, 701, 801, 802. |
| Records Custodians for documents on either party's exhibit list | |
| Rebuttal Witnesses | |
| Impeachment Witnesses | |
| Any witness listed by Plaintiffs | |

## ADDITIONAL OBJECTIONS TO SPECIFIC WITNESSES

**Marcus Estes –** Plaintiffs object to any testimony, evidence, or argument from Defendant Marcus Estes that seeks to relitigate issues already decided on summary judgment, revive waived or unpled defenses, or inject collateral cannabis-diversion, whistleblower, regulatory, public-safety, or alleged Metrc software-deficiency issues into the trial.

The remaining issues for trial are limited. The Court has already adjudicated liability on Count I and on Count II as to Wyld and Khalifa Kush. Defendant therefore should not be permitted to testify or argue that he did not owe repayment of the signing

5

bonus, did not breach the Non-Solicitation Agreement as to Wyld or Khalifa Kush, did not "solicit" those customers, or that Plaintiffs were required to prove that his solicitations succeeded. Any such testimony would be irrelevant, contrary to the Court's summary-judgment rulings, and unfairly prejudicial. Fed. R. Evid. 401, 402, 403.

Plaintiffs further object to any testimony from Estes concerning alleged cannabis diversion, "burner distro" activity, alleged black-market activity, alleged regulatory misconduct, alleged public-safety concerns, alleged Metrc software deficiencies, or alleged failures by Metrc to flag irregularities. Those issues are not elements of any remaining claim or defense. They would not assist the jury in deciding damages on the adjudicated contract claims, liability or damages on the Holistic non-solicitation claim, or Plaintiffs' tortious-interference claims. Instead, such testimony would invite the jury to decide collateral questions about cannabis regulation, Metrc's platform, third-party conduct, Catalyst's allegations, and Estes' subjective grievances with Metrc—none of which is properly before the jury.

This objection is particularly warranted because Defendant did not plead justification as an affirmative defense to Plaintiffs' tortious-interference claims. To the extent Estes seeks to testify that he acted for reasons of public concern, regulatory concern, whistleblowing, cannabis diversion, or alleged customer protection, that testimony is an improper attempt to backdoor a waived and unpled justification defense. Defendant cannot avoid the consequences of his pleadings and discovery failures by recasting a waived affirmative defense as "state of mind," "context," or "motive" testimony at trial.

Nor should Defendant be permitted to use his own testimony to resurrect theories on which he failed to provide discovery. The Court's summary-judgment order recognized that Defendant waived the affirmative defenses he claimed excused his breach and did not provide discovery on those theories. Having failed to plead, disclose, and develop those defenses in discovery, Defendant should not be permitted to present them to the jury through narrative testimony about alleged cannabis diversion, public concern, Metrc's regulatory practices, or purported justification for his conduct.

The probative value of such testimony, if any, is substantially outweighed by the dangers identified in Rule 403. Permitting Estes to testify about cannabis diversion, alleged irregularities, Metrc's alleged regulatory failures, or third-party disputes would create a trial within a trial concerning the California cannabis market, Metrc's software, regulatory enforcement, Catalyst's allegations, and alleged black-market

6

activity. That mini-trial would confuse the issues, mislead the jury, waste time, unfairly prejudice Plaintiffs, and distract from the limited remaining issues actually to be tried.

Plaintiffs also object to such testimony to the extent it would be based on hearsay, speculation, improper lay opinion, or matters outside Estes' personal knowledge. Estes should not be permitted to repeat alleged statements by customers, regulators, Catalyst, Elliott Lewis, or other third parties for the truth of the matters asserted; offer lay opinions about Metrc's software functionality or regulatory compliance; or speculate about why customers did or did not do business with Metrc. Fed. R. Evid. 602, 701, 801–802.

Accordingly, Plaintiffs request that the Court prohibit Estes from offering testimony or argument concerning alleged cannabis diversion, "burner distros," black-market activity, regulatory misconduct, public-safety concerns, Metrc's alleged failure to flag irregularities, alleged software deficiencies, whistleblower/wrongful-discharge themes, or any purported justification for his interference with Plaintiffs' customer relationships. Plaintiffs further request that Estes be prohibited from relitigating liability on Count I or Count II as to Wyld and Khalifa Kush. Alternatively, Plaintiffs request that the Court require a proffer outside the jury's presence before any such testimony is offered and strictly limit Estes' testimony to admissible, non-hearsay facts within his personal knowledge that are directly tied to a remaining claim element.

**Elliot Lewis** - Plaintiffs object to Defendant's designation of Elliott Lewis as a trial witness. Defendant did not timely disclose Mr. Lewis as a witness with discoverable knowledge concerning the issues remaining for trial, and Defendant should not be permitted to cure that failure for the first time through his trial witness list. Fed. R. Civ. P. 26(a), 26(e), 26(a)(3), 37(c)(1).

Plaintiffs further object because Mr. Lewis has no apparent admissible testimony concerning any remaining issue for the jury. Based on Defendant's prior allegations and filings, Mr. Lewis' anticipated testimony would concern Catalyst's allegations about cannabis diversion, alleged "burner distro" activity, Metrc's alleged ability or obligation to flag irregularities in cannabis tracking data, and/or pending third-party disputes involving the California cannabis market. Those issues are not trial issues in this case. The remaining issues are limited to damages and relief on the adjudicated breach-of-contract claims, liability and relief on the Holistic non-solicitation claim, and Plaintiffs' tortious-interference claims. Mr. Lewis is not identified as a witness to Estes' communications with Wyld, Khalifa Kush, or

7

Holistic; is not a witness to Plaintiffs' damages; and is not competent to provide generalized opinions regarding Metrc's regulatory obligations, software capabilities, cannabis diversion, alleged third-party wrongdoing, or the propriety of Metrc's business practices.

Any testimony from Mr. Lewis concerning cannabis diversion, alleged black-market activity, alleged regulatory failures, alleged Metrc software deficiencies, or Catalyst's accusations would be irrelevant under Rules 401 and 402 and should be excluded under Rule 403 because it would create a trial within a trial, confuse the issues, mislead the jury, waste time, and unfairly prejudice Plaintiffs. Such testimony would also constitute improper lay opinion, lack foundation and personal knowledge, and likely include hearsay concerning third-party lawsuits, accusations, investigations, or out-of-court statements. Fed. R. Evid. 602, 701, 801–802.

The objection is especially warranted because Defendant did not plead justification as an affirmative defense to Plaintiffs' tortious-interference claims. To the extent Defendant seeks to offer Mr. Lewis to show that Estes was "justified" in interfering with Metrc's customer or prospective-customer relationships because of alleged cannabis-diversion concerns, that theory is waived and should not be presented to the jury. Defendant may not use Mr. Lewis to backdoor an unpled justification defense, revive dismissed whistleblower or wrongful-discharge theories, or invite the jury to decide whether Metrc's cannabis-tracking system should have flagged alleged irregularities in the California market.

Nor should Defendant be permitted to use Mr. Lewis to resurrect a theory on which Defendant failed to provide discovery. In granting summary judgment, the Court noted that Defendant "waived the affirmative defenses that he argued excused his breach and did not provide discovery on the same." Dkt. 90 at 15. Defendant cannot avoid the consequences of that failure by calling Mr. Lewis at trial to present the same collateral cannabis-diversion/justification narrative that Defendant failed to plead, failed to disclose properly, and failed to develop (or even allow to be developed) in discovery. Permitting such testimony would unfairly prejudice Plaintiffs, reward Defendant's discovery failures, and inject collateral issues that the Court has already recognized were not properly preserved.

Respectfully submitted this 23rd day of June, 2026.

FORDHARRISON LLP

By:    /s/ *Nicholas S. Andrews*
Edward B. Carlstedt
Florida Bar No. 0136972
ecarlstedt@fordharrison.com
Nicholas S. Andrews
Florida Bar No. 0105699
nandrews@fordharrison.com
FordHarrison LLP
401 East Jackson Street, Suite 2500
Tampa, Florida 33602
Telephone (813) 261-7800
Facsimile (813) 261-7899
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will send an electronic notification of the filing to all counsel of record, and that a true and correct copy of this motion was sent via email and mail to:

Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com

/s/ *Nicholas S. Andrews*
Attorney

WSActiveLLP:115304552.1

9