**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

METRC, INC., METRC, ID LLC,

   *Plaintiffs,*     **CASE NO.: 8:24-cv-01252**

v.

MARCUS ESTES,

   *Defendant.*
_____/

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS**

   Plaintiff's Metrc, Inc. and Metrc, ID, LLC ("Plaintiffs" or "Metrc"), pursuant to the

Court's Order at the Pre-Trial Conference held on June 9, 2026 (D.E. 100), hereby submits

objections to Defendant's Proposed Trial Exhibit List as Follows:

**OBJECTIONS TO DEFENDANT'S EXHIBITS**

| No. | Date Id. | Date Adm. | Witness | Description | Objections |
|-----|----------|-----------|---------|-------------|------------|
| 1 | | | | Order on Partial Summary Judgment (D.E. 90) | |
| 2 | | | | Offer Letter Agreement; Non-Solicitation Agreement | |
| 3 | | | | Complete text-message thread, Estes-John Brown, offered in full under Fed. R. Evid. 106 (includes the pre-termination collegial | |

1

| | | | | | |
|---|---|---|---|---|---|
| | | | | messages, e.g., 2/1/24 "let's start a company," DEF_000378) | |
| 4 | | | | Estes-Eric Mushrush text-message thread (DEF_000382). To the extent Plaintiffs offer excerpts (Pl. Ex. 9), Defendant will require admission of the complete thread under Fed. R. Evid. 106 for context, including the pre-termination collegial messages (e.g., 2/19/24 "Hey friend") | |
| 5 | | | | Estes-Stephanie Arakel text-message thread (DEF_000360-363). To the extent Plaintiffs offer excerpts (Pl. Ex. 24), Defendant will require admission of the complete thread under Fed. R. Evid. 106 for context | |
| 6 | | | | Complete text-message thread, Estes-Mark Goetz, offered in full | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | under Fed. R. Evid. 106 | |
| 7 | | | | Declaration of Eric Mushrush (D.E. 61) | **Hearsay; improper trial testimony by declaration; lack of cross-examination; Rule 804 not satisfied; Rule 403. The declaration is an out-of-court statement offered for its truth and is inadmissible under FRE 801–802. Plaintiffs object to admission or publication of the declaration because it is hearsay and does not fall within FRE 803, 804, or 807. Unavailability does not render the declaration admissible because it is not former testimony under FRE 804(b)(1), was not given at trial, hearing, or deposition, and Plaintiff had no opportunity to cross-examine the declarant. Any probative value is substantially outweighed by unfair prejudice, confusion, and the improper substitution of paper testimony for live trial testimony.** |
| 8 | | | | Declaration of Stephanie Arakel (D.E. 62) | **Hearsay; improper trial testimony by declaration; lack of cross-examination; Rule 804 not satisfied; Rule 403. The declaration is an out-of-court statement offered for its truth and is inadmissible under FRE 801–802. Plaintiffs object to admission or publication of the declaration because it is hearsay and does not fall within FRE 803, 804, or 807. Unavailability does not render the declaration admissible because it is not former testimony under FRE 804(b)(1), was not given at trial,** |

| | | | | | hearing, or deposition, and Plaintiff had no opportunity to cross-examine the declarant. Any probative value is substantially outweighed by unfair prejudice, confusion, and the improper substitution of paper testimony for live trial testimony. |
|---|---|---|---|---|---|
| 9 | | | | Emails between David Eagleson and Stephanie Arakel re Metrc Retail ID follow-up (also Pl. Ex. 21-23, 28; PLAINTIFF-003864-885, 003872-879), I offered on the customers' independent decision-making and causation | |
| 10 | | | | Email re Wyld asking not to do press, 6/14/24 (PLAINTIFF-003808; also Pl. Ex. 31), offered to show Wyld remained an active Metrc account and that any reluctance had independent causes | |
| 11 | | | | Meeting-accept documents re Chroma Signet/Metrc pilot kickoff, 9/22/23 (also Pl. Ex. 6-7; PLAINTIFF-003860-863), | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | offered to show Retail ID was a pre-commercial, no-charge pilot. The free-of-charge pilot status is also established by the Mushrush and Arakel declarations (Items 7-8) and by D.E. 90 at 17-18. | |
| 12 | | | | Metrc's Amended Objections and Answers to Defendant's First Set of Interrogatories, 5/15/25 (also Pl. Ex. 36), offered for Metrc's admissions regarding Retail ID's status, revenue, and customers | |
| 13 | | | | California Department of Technology Standard Agreement, 6/25/24 (also Pl. Ex. 32; PLAINTIFF-003886-4069), bearing on the actual market and contract and on damages | |
| 14 | | | | Metrc's Damages Spreadsheet (also Pl. Ex. 40) and Damages Calculations, offered to cross-examine and impeach Metrc's damages model | |

| 15 | | | | | RFID Journal, "Cannabis Operators Say They Have Little to Show for Track-and-Trace Investments" (Kate Robertson, Jan. 26, 2024) | **Objection. Not produced during discovery; exclusion warranted under Rules 26 and 37(c)(1). Relevance, hearsay, lack of foundation, lack of authentication, improper opinion, Rule 403, and improper attempt to introduce generalized industry criticism and collateral track-and-trace issues. Defendant cannot use an undisclosed article to support affirmative justification, lack-of-malice, or state-of-mind theories absent proof that he saw and relied on it during the relevant period. See additional objections in the table below.** |
| 16 | | | | | Minute Order (Under Submission Ruling) in HNHPC, Inc. v. Department of Cannabis Control OC Superior Court No. 30-2021-01221014-CU-WM-CJC, entered Dec. 9, 2025 | **Objection. The document should be excluded under Rules 26 and 37(c)(1): not produced in discovery and the non-disclosure is neither substantially justified nor harmless. Further object under FRE 401, 402, 403, 602, 701, 801, 802, 901, and 1002. The order is from an unrelated California proceeding involving different parties/issues and cannot prove any Metrc wrongdoing, diversion, justification, lack of malice, or reasonableness. It is hearsay if used for factual findings or recitations and creates substantial Rule 403 danger of unfair prejudice, confusion, and a collateral mini-trial. Because it was entered in December 2025, it cannot show Defendant's state of mind during 2024 communications. Exclude entirely or strictly limit to existence only, with redactions** |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | and a limiting instruction. See additional objections in the table below. |
| 17 | | | | | Defendant's own contemporaneous business records (DEF_00364-000365) | **Objection, lack of relevance, hearsay lack of foundation, improper opinion testimony, Rule 403, and improper attempt to introduce generalized industry criticism and collateral track-and-trace issues. The evidence also concerns dismissed whistleblower allegations that were never raised as affirmative defenses. In addition, the evidence to be introduced arguably relates to Defendant's recently disclosed "justification" affirmative defense, which was never raised and for which Defendant did not permit Metrc to take discovery.** |
| 18 | | | | | Estes Deposition Transcript (Apr. 8, 2025) counter-designated portions (Exhibit F) | |
| 19 | | | | | Demonstrative aids by Defendant | |
| 20 | | | | | Any exhibit listed by Plaintiffs | |

**Additional Objections to Selected Exhibits**

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|---|---|---|---|
| 15 | RFID Journal article, "Cannabis Operators Say They Have Little to Show for Track-and-Trace Investment." Defendant lists it as offered not for truth but for effect on listener and alleged industry wariness. | Not produced during discovery. Defendant should not be permitted to use the pretrial exhibit list as the first disclosure of a document offered affirmatively to support justification, state of mind, lack of malice, or industry-wariness theories. Plaintiffs had no fair opportunity to question Defendant or witnesses about whether he saw, relied on, or understood the article during the relevant period, or to test context, admissibility, and prejudice. | Objection. The document should be excluded under Rules 26 and 37(c)(1): not produced in discovery and the non-disclosure is neither substantially justified nor harmless. Further object under FRE 401, 402, 403, 602, 701, 801, 802, 901, and 1002. The article is irrelevant generalized industry commentary, inadmissible hearsay if offered for truth, lacks foundation/authentication, and would inject collateral track-and-trace criticisms and mini-trial issues. No showing Defendant actually saw or relied on the article before the relevant communications.<br><br>In addition, as stated in the Court's summary judgment order (D.E. 90), Defendant failed to plead his whistleblower retaliation arguments as affirmative defenses, instead asserting that such claims were "completely dissimilar and involve none of the same facts" as the instant action. This necessarily encompasses his cannabis diversion and failure to flag irregularities theory. Defendant failed to provide |

8

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|---|---|---|---|
| | | | Metrc sufficient notice and thus waived these arguments. D.E. 19 at 13.<br><br>Further, the privilege of justification is an affirmative defense to a tortious interference claim under Florida law, premised upon the idea that a party cannot be liable on such a claim for acting in its own economic interests in accordance with the rights and responsibilities set forth in its contracts. *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000); see also *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980) (noting that in tortious interference cases, "activities take to safeguard or promote one's own financial[] and contractual interests are entirely non-actionable").  Defendant never raised this affirmative defense, and cannot do so now, for the first time, on the eve of trial. |
| 16 | Minute Order in HNPC, Inc. v. Department of Cannabis Control, Superior Court of California, entered December 9, 2025. Defendant states it | Not produced during discovery. Defendant should not be permitted to use an undisclosed, unrelated court order as affirmative state-of-mind/justification | Objection. Exclude under Rules 26 and 37(c)(1): not produced in discovery and the non-disclosure is neither substantially justified nor harmless. Further object under FRE 401, 402, 403, 602, 701, 801, 802, 901, and 1002. The |

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|---|---|---|---|
| | is not offered for truth or findings against Metrc, but for business bearing on whether his concerns were unreasonable or malicious. | evidence. Plaintiffs had no discovery opportunity to explore the order, the proceeding, context, reliability, or Defendant's claimed reliance. In any event, the order post-dates the relevant 2024 communications and therefore could not have informed Defendant's contemporaneous state of mind. | article is irrelevant generalized industry commentary, inadmissible hearsay if offered for truth, lacks foundation/authentication, and would inject collateral track-and-trace criticisms and mini-trial issues. No showing Defendant actually saw or relied on the article before the relevant communications.<br><br>In addition, as stated in the Court's summary judgment order (D.E. 90), Defendant failed to plead his whistleblower retaliation arguments as affirmative defenses, instead asserting that such claims were "completely dissimilar and involve none of the same facts" as the instant action. This necessarily encompasses his cannabis diversion and failure to flag irregularities theory. Defendant failed to provide Metrc sufficient notice and thus waived these arguments. D.E. 19 at 13.<br><br>Further, the privilege of justification is an affirmative defense to a tortious interference claim under Florida law, premised upon the idea that a party cannot be liable on such a claim for acting in its own economic |

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|---|---|---|---|
| | | | interests in accordance with the rights and responsibilities set forth in its contracts. *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000); see also *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980) (noting that in tortious interference cases, "activities take to safeguard or promote one's own financial[] and contractual interests are entirely non-actionable").  Defendant never raised this affirmative defense, and cannot do so now, for the first time, on the eve of trial. The evidence at issue would only (arguably) be relevant to the affirmative defense of justification. |
| 17 | Defendant's own purported contemporaneous business records, including an email, internal concerns, alleged Metrc acknowledgment, and June 8 and September 5, 2023 calendar records (DEF 364-365) | | Objection pursuant to Rules FRE 401, 402, 403, 602, 701, 801, 802, 901, and 1002. The article referenced in the communication is irrelevant generalized industry commentary, inadmissible hearsay if offered for truth, lacks foundation/authentication, and would inject collateral track-and-trace criticisms and mini-trial issues.<br><br>In addition, the evidence bears directly on Defendant's |

11

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|-----|------------------------|------------------------------|----------------------|
|     |                        |                              | dismissed whistleblower allegations and, as stated in the Court's summary judgment order (D.E. 90), Defendant failed to plead his whistleblower retaliation arguments as affirmative defenses, instead asserting that such claims were "completely dissimilar and involve none of the same facts" as the instant action.  This necessarily encompasses his cannabis diversion and failure to flag irregularities theory. Defendant failed to provide Metrc sufficient notice and thus waived these arguments. D.E. 19 at 13.<br><br>Further, the privilege of justification is an affirmative defense to a tortious interference claim under Florida law, premised upon the idea that a party cannot be liable on such a claim for acting in its own economic interests in accordance with the rights and responsibilities set forth in its contracts. *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000); see also *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980) (noting that in tortious interference |

| No. | Defendant's Description | Discovery / Disclosure Issue | Expounded Objections |
|-----|------------------------|------------------------------|----------------------|
|     |                        |                              | cases, "activities take to safeguard or promote one's own financial[] and contractual interests are entirely non-actionable").  Defendant never raised this affirmative defense, and cannot do so now, for the first time, on the eve of trial. The evidence at issue would only (arguably) be relevant to the affirmative defense of justification. |

Respectfully submitted this 23rd day of June, 2026.

FORDHARRISON LLP

By:    /s/ *Nicholas S. Andrews*
        Edward B. Carlstedt
        Florida Bar No. 0136972
        ecarlstedt@fordharrison.com
        Nicholas S. Andrews
        Florida Bar No. 0105699
        nandrews@fordharrison.com
        FordHarrison LLP
        401 East Jackson Street, Suite 2500
        Tampa, Florida 33602
        Telephone (813) 261-7800
        Facsimile (813) 261-7899
        Attorneys for Plaintiffs

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will send an electronic notification of the filing to all counsel of record, and that a true and correct copy of this motion was sent viaail and mail to:

Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com

/s/  *Nicholas S. Andrews*
Attorney

WSActiveLLP:115302696.1

14