JUL 7 2026 PM2:03
FILED - USDC - FLMD - TPA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | | |
|---|---|---|
| METRC, INC. and METRC ID, LLC, | ) | Case No. 8:24-cv-01252-WFJ-CPT |
| Plaintiffs, | ) | |
| v. | ) | |
| MARCUS ESTES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY

## TO PLAINTIFFS' REPLY IN SUPPORT OF THE OMNIBUS MOTION IN

## LIMINE

Defendant Marcus Estes, proceeding pro se, respectfully moves under Local Rule 3.01(e) for leave to file a sur-reply, not to exceed ten pages, to Plaintiffs' Reply in Support of their Omnibus Motion in Limine (D.E. 95; D.E. 111), and states:

1. Estes filed his Response to the Omnibus Motion on June 8, 2026 (D.E. 99), agreeing with most of the motion and opposing it only to preserve evidence of his subjective purpose, intent, and belief as element-denial evidence on the issues that remain for trial.

2. Metrc moved for leave to file a ten-page reply on June 18, 2026 (D.E. 102), and obtained that leave as unopposed by certifying that Estes did not oppose it on the condition that he be permitted to file a sur-reply of equal length. By endorsed order of

June 21, 2026, the Court granted Metrc a reply of no more than ten pages, due on or before June 29, 2026 (D.E. 103). The order did not address the equal-length sur-reply on which Estes's non-opposition was conditioned.

3. Metrc filed its reply on June 29, 2026 (D.E. 111). The reply raises matter beyond Estes's Response that he has had no opportunity to address. First, it argues, for the first time and not in the Omnibus Motion, that the declarations of Eric Mushrush and Stephanie Arakel are inadmissible and would not qualify as former testimony under Federal Rule of Evidence 804(b)(1). Second, it asks the Court to grant relief through the Omnibus Motion "consistent with" Metrc's Motion to Strike (D.E. 107), a motion Metrc filed on June 23, 2026, after Estes's Response, and to which Estes's response is not yet due. Metrc itself framed that theory as the subject of a separate motion when it sought leave to reply. 4. A short sur-reply will allow Estes to address this new matter before the Court rules. Estes requests leave to file a sur-reply not to exceed ten pages, no later than five days after the date of an order granting leave, or on such other schedule as the Court directs. This motion does not include the proposed sur-reply. *See* Local Rule 3.01(e). Estes does not seek emergency relief, but respectfully requests prompt consideration in light of the June 29 reply, the Court's pending ruling on the Omnibus Motion, and the July 27 trial. If the Court declines leave, Estes respectfully asks that his Response (D.E. 99) be treated as fully preserving his position.

Under Local Rule 3.01(e), no party may file a reply, and so a sur-reply, without leave; the matter rests in the Court's discretion, and leave is appropriate to answer new matter raised in a reply. *See Weiss v. AT&T Inc.*, No. 6:23-cv-120-WWB-EJK, 2023 WL

2

3092631, at *1 (M.D. Fla. Apr. 26, 2023) ("The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court.") (quoting Tardif v. People for Ethical Treatment of Animals, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)) (the authority Metrc itself invoked for its reply; see D.E. 102). Metrc's reply does that here: it presses a Rule 804(b)(1) argument absent from the Omnibus Motion and seeks relief tied to a later-filed motion that is not yet briefed. A short sur-reply will let Estes answer that new matter and will aid the Court in fixing the evidentiary boundary that governs the reserved trial issues and the related jury instructions.

The length requested matches what the Court allowed Metrc. Estes is mindful that Local Rule 3.01(e) sets a default seven-page reply limit and that the Court's standing practice limits reply briefs to eight pages; he seeks parity with Metrc's ten-page reply only so the responding memorandum is not outmatched, intends to file a focused brief, and will file eight pages or fewer if the Court prefers. Equity also supports the request: Metrc obtained unopposed leave by presenting Estes's conditioned non-opposition, and should not resist the single condition on which that non-opposition rested.

WHEREFORE, Defendant respectfully requests leave to file a sur-reply not to exceed ten pages, to be filed no later than five days after an order granting leave, or on such other schedule and of such length as the Court directs.

## LOCAL RULE 3.01(g) CERTIFICATE

3

Pursuant to Local Rule 3.01(g), Defendant, pro se, certifies that he conferred by email with counsel for Plaintiffs (Nicholas S. Andrews and Edward B. Carlstedt, FordHarrison LLP) on June 23, 2026, regarding the relief requested in this motion. Plaintiffs do not oppose the relief requested.

Dated: July 7, 2026.

Marcus Estes, Pro se

1142 Grand Ave., Astoria, Oregon 97103

Telephone: (917) 309-5894

Marcus.e@gmail.com

## CERTIFICATION REGARDING COUNSEL ASSISTANCE (per D.E. 88)

Pursuant to the Court's Order dated February 13, 2026 (D.E. 88), Defendant certifies as follows. Defendant did not receive any assistance from counsel in connection with this filing, and because no counsel assisted, the notice "Prepared with the Assistance of Counsel" is not required. No attorney drafted, revised, reviewed, or directed the content of this filing. Defendant prepared this filing himself and is solely responsible for its contents.

This filing was transmitted to the Clerk for filing by a member of the staff of Greenberg Gross LLP as a clerical accommodation only. No attorney or other person at Greenberg Gross LLP drafted, revised, reviewed, edited, proofread, directed, or otherwise

4

contributed to the content of this filing in any respect; their involvement was limited to transmitting it to the Clerk and serving it on Plaintiffs' counsel at Defendant's request.

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I caused a copy of the foregoing to be served on counsel of record for Plaintiffs (Edward B. Carlstedt and Nicholas S. Andrews, FordHarrison LLP, 401 E. Jackson St., Ste 2500, Tampa, FL 33602; ecarlstedt@fordharrison.com; nandrews@fordharrison.com) by email and U.S. mail.

_____

Marcus Estes, Pro se