JUL 7 2026 PM2:03
FILED - USDC - FLMD - TPA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | | |
|---|---|---|
| METRC, INC. and METRC ID, LLC, | ) | Case No. 8:24-cv-01252-WFJ-CPT |
| Plaintiffs, | ) | |
| v. | ) | |
| MARCUS ESTES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR PRECLUDE DEFENDANT'S LATE DISCLOSED JUSTIFICATION/PRIVILEGE DEFENSE AND RELATED COLLATERAL EVIDENCE

Defendant Marcus Estes, proceeding pro se, responds in opposition to Plaintiffs' Motion to Strike or Preclude Defendant's Late Disclosed Justification/Privilege Defense and Related Collateral Evidence (D.E. 107).

The motion asks the Court to strike a defense that does not exist in this case. Defendant has never pleaded a justification or privilege defense and does not assert one now. He has disclaimed it in writing: he does not argue that Plaintiffs broke the law and does not ask the jury to find any violation; he will not assert whistleblower status or retaliation as an excuse, and will not use that label; he will not relitigate the liability the Court has decided; and he will not offer generalized diversion or regulatory evidence

untethered to a remaining element. D.E. 99 at 1-4. If the Court wishes to enter an order confirming that no free-standing justification or privilege affirmative defense is available in this case, and that no jury instruction on such a defense will be given, Defendant does not oppose that order.

What the motion actually seeks is broader. It asks the Court to exclude, wholesale, evidence of Defendant's contemporaneous purpose, intent, and belief, which is evidence that denies elements Metrc must prove at trial; to exclude a witness; and to preclude "examination themes" that would reach the causation and damages defense the motion itself concedes Defendant may present. That relief is contradicted by the motion's own concessions, by Metrc's own proposed jury instructions, and by the record of what Metrc discovered and possesses. Defendant addresses each ground below and proposes the same resolution he has proposed since D.E. 99: item-by-item rulings at trial, a proffer outside the jury's presence for any borderline evidence, and a limiting instruction under Federal Rule of Evidence 105.

## I. There is no justification defense to strike, and the motion duplicates briefing already before the Court.

Defendant's pleaded defenses are legal in nature (failure to state a claim and personal jurisdiction), challenge the sufficiency of Plaintiffs' punitive-damages allegations, or rest on Plaintiffs' own damages proof (failure to mitigate). D.E. 99 at 3-4. Justification and privilege are not among them, and Defendant does not ask to add them. The motion's Parts A and H therefore argue in large part against a position no one holds,

2

and Part B's relabeling argument is answered in Part II below. Defendant agrees that he may not assert an unpleaded affirmative defense of justification or privilege, agrees that he may not ask for a jury instruction presenting such a defense, and agrees that the truth of any accusation against Metrc is not an issue the jury will be asked to decide.

The relief the motion seeks beyond that point is the same relief Metrc requested in Part IV of its Omnibus Motion in Limine (D.E. 95), which Defendant answered (D.E. 99) and Metrc replied in support of (D.E. 111). Both motions present one question in two vehicles: whether Defendant's purpose, intent, and belief evidence is admissible on the elements remaining for trial. Defendant respectfully suggests the Court resolve that single question once, under the in limine standard, on the full briefing now before it.

## II. The evidence at issue denies elements Metrc must prove. It is not an affirmative defense and was not waived.

An affirmative defense is one that "requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." D.E. 90 at 11 (citing *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)). Evidence that negates an element of the plaintiff's claim is the opposite: it prevents the plaintiff from proving its case. Rule 8(c) governs avoidances; it does not require a defendant to plead his disagreement with the plaintiff's own elements.

Three elements are in play, and each is Metrc's burden.

First, the Non-Solicitation Agreement claim as to Holistic, which the Court reserved for trial, turns on a textual purpose element: the Agreement bars contact made

3

for the purpose of inducing a customer to "reduce the amount of business previously done or contemplated to be done by the Company." D.E. 90 at 3, 15 n.5. Evidence that Defendant's purpose in contacting Holistic was to warn rather than to induce a reduction in business negates that element directly.

Second, punitive damages require clear and convincing proof that Defendant was personally guilty of intentional misconduct, meaning actual knowledge of the wrongfulness of his conduct and of the high probability that injury would result. Fla. Stat. § 768.72(2). By seeking punitive damages, Metrc placed Defendant's mental state in issue. Having undertaken to prove Defendant's actual knowledge of wrongfulness, Metrc cannot exclude the evidence by which Defendant rebuts that very element.

Third, tortious interference requires "an intentional and unjustified interference" as part of the plaintiff's prima facie case. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). The motion itself says so: it acknowledges that "Metrc must prove intentional and unjustified interference" and that Defendant "may hold Metrc to that burden." D.E. 107 at 11. The authority the motion features says the same: the *Wackenhut* opinion it block-quotes recites, as the second element of the tort, "an intentional and unjustified interference with that relationship." D.E. 107 at 12 (quoting *Wackenhut Corp. v. Maimone*, 389 So. 2d 656, 658 (Fla. 4th DCA 1980), quoting *Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc.*, 361 So. 2d 769 (Fla. 4th DCA 1978)). And Metrc's own proposed jury instruction in the joint set, Proposed Instruction No. 11, instructs that "Metrc must prove that Estes intentionally interfered with Metrc's business

4

relationship without lawful justification," and invites the jury, in deciding that question, to consider "the timing and context of the communications." D.E. 106 at 12 (Proposed Instruction No. 11, to which Defendant has otherwise objected and reserved his positions, id. n.2). Metrc cannot propose to instruct the jury that unjustified interference is Metrc's burden, and simultaneously move to exclude the defendant's evidence on that question as an unpleaded defense.

*Wackenhut*'s burden-shifting discussion does not help Metrc. *Wackenhut* was a competition-privilege case: the intention to interfere was not in dispute, "the ultimate purpose here was to regain lost business," and the question was whether that competing interest justified the interference. D.E. 107 at 12 (quoting *Wackenhut*, 389 So. 2d at 658). The burden that shifts under *Wackenhut* is the burden to establish such a privilege, and Defendant asserts none. His evidence contests Metrc's prima facie case itself: the purpose element (Holistic), the intentional-and-unjustified element (Count III), and the punitive scienter element. Nothing in *Wackenhut* or Rule 8(c) requires a defendant to plead, as an affirmative defense, his intention to disagree with the plaintiff's proof.

The Court's summary-judgment waiver ruling does not reach this evidence. That ruling addressed Defendant's "wrongful termination and whistleblower retaliation arguments as affirmative defenses" and its operative finding, that Defendant "waived the affirmative defenses that he argued excused his breach and did not provide discovery on the same," appears in the Court's Count I analysis and addresses the defenses Defendant argued excused his breach of the Offer Letter Agreement. D.E. 90 at 13-15. Defendant accepts that ruling and does not attempt to relitigate it. But a waiver of avoidances to

5

Count I is not an adjudication that Defendant may not contest the elements of the claims the same order reserved for trial. The boundary is the one Defendant has maintained since D.E. 99: "Metrc broke the law" is waived and will not be argued; "this was my purpose and belief when I acted" is element-denial evidence on questions the jury must answer anyway.

Nor would *Tamiami*'s observation that "[t]he action is tortious, regardless of motive," 463 So. 2d at 1128, support the exclusion Metrc seeks. That language rejected a requirement that the interference secure a business advantage for the interferer; it does not erase the "unjustified" component of the element *Tamiami* itself lists, and it says nothing about the Holistic contract purpose element or the punitive scienter standard. Even if the Court read that language broadly as to Count III, the same evidence would remain admissible on the two other elements, subject to a limiting instruction. The motion cannot achieve the wholesale exclusion it seeks on any reading of Florida law.

### III. Metrc's authorities address a competition or financial-interest privilege that Defendant does not assert, and they do not permit pretrial preclusion.

The Florida cases the motion collects, *Southeastern Integrated Medical, Abele, Melbourne Medical*, and *Wackenhut*, describe the privilege of a defendant who interfered but claims his own economic or contractual interest excuses it: the competitor regaining lost business, the party protecting its own financial stake. That is why the privilege is an affirmative defense, and Defendant does not quarrel with those holdings. But Defendant asserts no such privilege: he does not claim that a business or financial interest of his own

justified the April 2024 communications, and he does not ask the Court or the jury to excuse an admitted interference by reference to any competing interest. The motion answers an argument Defendant is not making.

Even within their own doctrine, Metrc's cases do not support this motion. *Southeastern Integrated Medical* reversed a trial court for resolving the defendant's motives at the pleading stage, because privilege and justification are fact-bound questions. 50 So. 3d 21, 23-24 (Fla. 1st DCA 2010). And the privilege Metrc's cases recognize is qualified, as the motion concedes: it protects a defendant's pursuit of his own interests only "so long as improper means are not employed." D.E. 107 at 21 (citing *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1321-22 (11th Cir. 1998)). Questions of that kind belong to the trier of fact on a full record, not to a pretrial order striking evidence categorically.

### IV. Rule 26(e) and Rule 37(c)(1) do not support exclusion, because the element-denial evidence was disclosed, produced, and examined in discovery.

Under Rule 37(c)(1), a party that fails to provide information or identify a witness as required by Rule 26(a) or (e) may not use that information or witness at trial, unless the failure was substantially justified or is harmless; the exclusion inquiry turns on surprise, prejudice, the ability to cure, disruption of trial, the importance of the evidence, and the explanation for nondisclosure. *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (cited at D.E. 107 at 8). There is no surprise here, because the evidence

at issue is Defendant's own communications and his own testimony about them, all of which Metrc obtained in discovery.

Metrc's own motion attaches the proof. Exhibit A to the motion is Defendant's amended interrogatory response identifying, communication by communication, the 2024 exchanges at the center of this case: the communications with Holistic's John Brown and Wyld's Eric Mushrush (Interrogatory No. 6), and the "communications involving Metrc," including the text messages with Leif Shackelford, Mark Goetz, and Stephanie Arakel and the LinkedIn messages with Lindsay Moran and Paul Botto (Interrogatory No. 7). D.E. 107-1. The underlying documents were produced. Defendant's contemporaneous work records bearing on his state of mind were produced by Defendant himself in discovery, Bates-stamped DEF_000364 and DEF_000365 (proposed Exhibit 17), in response to Plaintiffs' document requests; Plaintiffs' own exhibit objections assert no objection that Exhibit 17 was not produced in discovery (contrast their non-production objections to Exhibits 15 and 16). See D.E. 105 (Items 15-17). And Metrc examined Defendant at his deposition on precisely the mental state it now calls undisclosed. Metrc's counsel asked: "Was it your intent to interfere with Metrc's relationship with Wyld?" Estes Dep. Tr. 241:22-24 (excerpt in the summary-judgment record at D.E. 55-4). A party that identified the communications in interrogatory answers, produced the documents, and questioned the defendant about his intent at deposition cannot claim the surprise or prejudice on which Rule 37(c)(1) exclusion depends. As to this evidence, any claimed nondisclosure is harmless.

What Defendant declined to provide in discovery was something else: Interrogatory No. 14 sought the factual basis for a contention that Metrc violated the law, with statutes, dates, complaints, and Metrc's responses. D.E. 90 at 12-13; D.E. 107-1. That subject matter is the case Defendant is not making. He will not offer proof that Metrc violated any law and will not ask the jury to find a violation. The discovery Defendant did not give corresponds to the theory he does not assert; the evidence he will offer is the evidence Metrc already has.

Metrc's own discovery correspondence forecloses its claim of surprise on this score. In its April 1, 2025 conferral letter to Defendant's then-counsel, Metrc took the position, as to the document requests seeking the basis for Defendant's beliefs, that "Defendant's statements and beliefs that Metrc violated any laws, rules, or regulations directly relate to the underlying tortious interference claims that Plaintiffs have brought against him and are not solely related to Defendant's potential counterclaims – if any." Ex. 1 at 7. It likewise asserted that, if Defendant's statements "were made to Metrc's clients, those communications are relevant to the underlying interference and breach of contract claims that are the subject of the operative pleadings in this case." Ex. 1 at 6. Metrc thus told Defendant, during discovery, that his statements and beliefs were directly at issue in the tortious-interference claims it chose to bring. It cannot now describe the same subject matter as a surprise theory smuggled into the case on the eve of trial. Defendant does not suggest the letter resolved the parties' discovery disputes; he cites it only for what it shows about notice.

9

Finally, to the extent the motion rests on the theme that Defendant "blocked discovery" and now litigates by ambush, the record is more balanced than the motion allows. Defendant's final discovery requests, Requests for Production Set Two (Nos. 10-12, served February 25, 2025), sought Metrc's post-termination communications concerning Defendant and this lawsuit, among other things; on April 1, 2025, Metrc served objections only and produced nothing. Neither party moved to compel anything in this case. Defendant does not contend the two postures are legally equivalent, and he does not seek any discovery remedy now. He notes the record only because Metrc argues, in effect, that the state of the discovery record should be held against Defendant alone. It should not be held against either party; it should simply frame trial on the evidence both sides actually have.

## V. Elliott Lewis should not be excluded; alternatively, the proffer Metrc itself requests is the appropriate mechanism.

Defendant identified Elliott Lewis on the witness list served with his pretrial disclosures on June 4, 2026 (D.E. 97), seven weeks before trial. Defendant acknowledges that Lewis was not named in his initial disclosures or his interrogatory answers, which were served while Defendant was represented by counsel. The question under Rule 37(c)(1) is not whether that omission occurred, but whether exclusion, the harshest available remedy, is warranted under the *Romero* factors. It is not.

There is no meaningful surprise as to substance. Lewis is the chief executive of Catalyst Cannabis Co., whose public allegations concerning cannabis diversion were

10

reported in the trade press in June 2023 and were posted by Defendant, contemporaneously, in a Metrc workplace channel, a record Defendant himself produced in discovery (DEF_000364). Metrc's own filings describe Catalyst, Lewis, and the substance of his anticipated testimony in detail. See D.E. 107 at 16, 19-21. The prejudice Metrc identifies is curable well short of exclusion: Defendant consents to a deposition of Lewis before trial at a time convenient to Metrc, offers Lewis for no more than forty-five minutes of direct examination, and is prepared for Lewis to appear remotely if the Court permits, so that trial is not disrupted. The testimony matters, because Lewis is the witness with personal knowledge of Catalyst's own public allegations and of their prominence in the trade at the time, the contemporaneous context on which Defendant's state of mind rests. And the scope Defendant proposes is narrow: Lewis would not be offered to prove that diversion occurred or that Metrc violated any obligation, and his testimony would be subject to the same limiting instruction as the rest of the state-of-mind evidence.

If any concern remains, the motion itself supplies the answer: Metrc asks, in the alternative, that Defendant "be required to proffer any such evidence outside the jury's presence before he is allowed to introduce it or argue it to the jury." D.E. 107 at 2. Defendant accepted that mechanism in D.E. 99 and accepts it for Lewis. A proffer lets the Court hear exactly what Lewis would say and cabin it to its proper purpose before the jury hears a word. Blanket exclusion of a disclosed trial witness, in advance of any proffer, is not required by Rule 37(c)(1) and would deprive the jury of testimony bearing on elements Metrc must prove.

11

## VI. The proposed order is overbroad: it would sweep in the causation and damages defense the motion concedes Defendant may present.

The motion concedes, as it must, that Defendant may contest the elements left for trial: he may "deny that he breached the Non-Solicitation Agreement as to Holistic, deny causation, contest damages, contest punitive damages, and cross-examine witnesses," and his "actual statements to customers may be admissible for limited purposes, such as proving what he said, his intent to induce reduced business, or the effect on listeners, subject to appropriate limiting instructions and other evidentiary objections." D.E. 107 at 19, 22-23.

The proposed order would take those concessions back. It asks the Court to prohibit evidence, cross-examination, and "examination themes" touching an enumerated list of subjects, including Metrc software deficiencies and failures to flag irregularities, and the motion elsewhere counts "alleged reasons customers acted" among the matters it wants kept from the jury. D.E. 107 at 16, 23. But the reasons customers acted are the reserved trial. Consistent with D.E. 99, Defendant does not contest that causation was unnecessary to establish the adjudicated breaches; what the Court reserved for trial is compensatory damages (D.E. 90 at 18 n.6), and the joint instructions ask the jury what damages, if any, Metrc proved "were legally caused by the interference." D.E. 106 at 2. Metrc's damages presentation attributes its claimed losses to Defendant's communications with those same customers. Defendant's defense on those questions is that the customers made their own decisions for their own reasons; the witnesses on his list who go to that

question include the customers' own personnel. An order barring any examination "theme" that touches the listed subjects would let Metrc introduce Defendant's communications as the cause of its claimed losses while disabling Defendant from examining the alternative causes, a one-sided trial the motion's own concessions disclaim.

The tailored tool for every risk the motion identifies already exists and has been proposed by both sides: a limiting instruction under Rule 105, resolving specific items at trial, with a proffer outside the jury for anything borderline. Defendant proposed that instruction at D.E. 99 at 4, and it confines the evidence to "the questions that remain for your decision" while expressly instructing the jury that the evidence "is not evidence that Metrc engaged in any unlawful, corrupt, unsafe, or noncompliant conduct." ###

CONCLUSION

Defendant respectfully requests that the Court:

1. GRANT the motion insofar as it seeks confirmation that no free-standing justification or privilege affirmative defense is available, that no jury instruction presenting such a defense will be given, and that the truth of any accusation against Metrc is not an issue for the jury, none of which Defendant asserts or offers;

2. DENY the motion insofar as it would exclude evidence of Defendant's purpose, intent, and belief offered on the elements remaining for trial (the Holistic purpose element, the intentional-and-unjustified element, and punitive damages), or would preclude the causation and damages defense the motion concedes;

3. DENY the blanket exclusion of Elliott Lewis, and instead apply the proffer mechanism the motion itself proposes, with any conditions the Court deems appropriate, including the pretrial deposition Defendant has offered; and

4. Resolve any remaining evidentiary questions item-by-item at trial, upon proffer outside the jury's presence, with the limiting instruction proposed at D.E. 99 at 4 or one substantially similar.

Dated: July 7, 2026.

_____

Marcus Estes, Pro se

1142 Grand Ave., Astoria, Oregon 97103

Telephone: (917) 309-5894

Marcus.e@gmail.com

## CERTIFICATION REGARDING COUNSEL ASSISTANCE (per D.E. 88)

Pursuant to the Court's Order dated February 13, 2026 (D.E. 88), Defendant certifies as follows. Defendant did not receive any assistance from counsel in connection with this filing, and because no counsel assisted, the notice "Prepared with the Assistance of Counsel" is not required. No attorney drafted, revised, reviewed, or directed the content of this filing. Defendant prepared this filing himself and is solely responsible for its contents.

This filing was transmitted to the Clerk for filing by a member of the staff of Greenberg Gross LLP as a clerical accommodation only. No attorney or other person at Greenberg Gross LLP drafted, revised, reviewed, edited, proofread, directed, or otherwise contributed to the content of this filing in any respect; their involvement was limited to transmitting it to the Clerk and serving it on Plaintiffs' counsel at Defendant's request.

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I caused a copy of the foregoing, with its exhibit, to be served on counsel of record for Plaintiffs (Edward B. Carlstedt and Nicholas S. Andrews, FordHarrison LLP, 401 E. Jackson St., Ste. 2500, Tampa, FL 33602; ecarlstedt@fordharrison.com; nandrews@fordharrison.com) by email and U.S. mail.

Marcus Estes, Pro se