# EXHIBIT 1

# FORDHARRISON

401 East Jackson Street | Suite 2500
Tampa, Florida 33602
Tel 813-261-7800 | Fax 813-261-7899

Writer's Direct Contact:

EDWARD B. CARLSTEDT
813-261-7895
ecarlstedt@fordharrison.com

April 1, 2025

VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM

Andrew DeWeese
Andrew DeWeese, PC
3055 NW Yeon Ave #527
Portland, OR 97210

> *Re:*    *Metrc, Inc., Metrc ID, LLC vs. Marcus Estes, Case No. 8:24-CV-01252*

Dear Mr. DeWeese:

We are in receipt of your client's objections to Metrc's discovery requests. By way of this correspondence, Metrc seeks clarification of whether certain documents and information will be produced by Defendant, and further points to perceived deficiencies in the responses. Please provide your response to this correspondence by close of business on **April 8, 2025**.

## A.    Objections to First Set of Interrogatories

Interrogatory No. 4 requested that Defendant identify "any written or oral statements of fact or opinion" that he heard or received from another person regarding "the subject matter of this litigation, or otherwise concerning the facts or circumstances that are the subject of this litigation." Defendant provided a lengthy objection and finally stated that the only statements have been produced in discovery in this matter. There are several text messages produced by Defendant that indicate the text conversation was followed by a telephone conference between Defendant and the other party. At minimum, Defendant appears to have had verbal or telephonic conversations with representatives of Holistic and Wyld based on the texts provided. Please confirm that no oral statements were made by them regarding this litigation. Alternatively, if those telephone conversations related to the subject matter of this litigation, please amend your response to include those statements.

Interrogatory No. 6 requested that Defendant provided all communications he had with Holistic Industries and/or Wyld, including the dates on which they occurred. In response, Defendant identified, among others, two communications with Eric Mushrush for February 16, 2024 and April 2024. Defendant also produced text message communications. While Defendant produced the February 16, 2024 communications, a second set of text messages produced by Defendant is undated, and Plaintiffs are left to guess or assume as to when these communications occurred. Please confirm that the second text thread is the "April 2024" text thread and supplement the discovery with text messages reflecting the dates of each conversation. It also appears that the

**VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM**

Andrew DeWeese
April 1, 2025

text message thread is incomplete, as there are missing texts that appear to have occurred after February 20. We need all text messages produced, with timestamps, immediately. This same conferral can be applied to those conversations between Defendant and John Brown, as further described below.

Interrogatory No. 11 requested that Defendant identify information regarding a LinkedIn post Defendant made inquiring about a "UX/UI designer." Defendant objected to the interrogatory on the grounds that it was harassing and sought inadmissible evidence. As you know, Defendant is subject to certain restrictive covenants including non-solicitation of employees and non-interference with Metrc's business relationships. Defendant's public posting mere hours after his termination searching for a new designer for a "new cannabis AI product" is relevant to whether Defendant further violated his restrictive covenants. Therefore, please amend your interrogatory response.

## B.    Objections to First Requests for Production

As an initial matter, Defendant did not produce any personal email communications to any documents which requested "all communications" or "all correspondence." Defendant needs to produce any personal emails which are responsive to those request including Requests 1 – 4, 7 - 10, 13 – 14, 18 – 19, 22 – 23, and 30. This includes any emails sent to or received from Estes' personal Gmail or chroma.io accounts.

Request No. 1 sought "All correspondence and/or other documents which refer or relate in any way to your relationship with Metrc, including all offer letters, executed contracts, and other agreements." Defendant produced only documents relating to his hire. Defendant needs to produce all communications, including personal emails and text messages, relating to his relationship with Metrc from the sale of Chroma Signet to his termination on April 7, 2024.

Request No. 2 sought "[a]ll correspondence and/or other documents reflecting communications between you and Metrc prior to the closing of Metrc's acquisition of Chroma Signet." In response, Defendant produced only several text communications with Metrc CEO Michael Johnson. Defendant did not produce any email communications with any individuals from Metrc, nor any other communications. Please confirm whether Defendant's production is complete, and there are no email communications which would be responsive to this request.

Request No. 3 asked for "[a]ll correspondence and/or other documents which relate/refer in any way to your relationship with Chroma Signet." Defendant responded that the request was "vague, unduly burdensome, seeking irrelevant information, and seeking information protected by the attorney-client privilege." This response is a boilerplate objection that is both improper and inapplicable. Defendant's role in producing and managing Chroma Signet relates directly to the underlying claims that he maintained control over the domain names, which he used to limit Metrc's access to Chroma Signet following his termination. Plaintiff agrees to narrow the scope of this request to all relevant responsive documents within 2 years prior to the sale of Chroma Signet through the present.

**VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM**

Andrew DeWeese
April 1, 2025

Request No. 4 similarly sought all communications related to the sale of Chroma Signet to Metrc. Again, Defendant objected on the grounds of vagueness, burden, and relevance. Further, Defendant produced only several documents and no communications regarding the sale of Chroma Signet. Please confirm whether any messages or email communications exist and are within Defendant's possession, custody, or control and supplement your production accordingly.

Request No. 7 asked for "[a]ll correspondence and/or other documents reflecting communications between you and any third-party relating to Metrc, Chroma Signet, or Retail ID from April 18, 2023, through the present." Defendant again objected to this request on the grounds that it was unduly burdensome and vague, asserting that there theoretically exist too many documents to produce. As an initial matter, this request is already narrowly tailored in that it requests only communications and documents after April 18, 2023. Further, Defendant was employed with Metrc for under a year. The number of communications responsive to this request should not be in such number that it would be "unduly burdensome" to produce, given how few communications Defendant seemed to engage in with response to other responsive documents he has produced. Please supplement your discovery with any responsive documents within Defendant's possession, custody, or control.

Request No. 9 sought "All correspondence and/or other documents reflecting communications between you and any representatives or agents of Holistic Industries. In response, Estes produced a text thread with John Brown of Holistic, **but the thread appears to have several incomplete sections, including a gap in communication from March 29 to June 12—a critical period relating to the claims in question. Furthermore, the thread cuts off after June 12, ostensibly in the middle of a conversation. Please supplement this response to provide all responsive communications. If any messages with Mr. Brown have been deleted, please inform us of the general substance of the messages, and the date and reason for deletion. Further, if Defendant has engaged or discussed any business ventures with John Brown prior to or after his termination from Metrc, those communications are highly relevant to the underlying claims at issue.**

Request No. 8 sought "All correspondence and/or other documents which refer or relate in any way to contact you had with current or former Metrc employees from April 1, 2024 to the present." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 8. Please confirm whether any responsive documents exist and, if they were produced, identify what documents.

Request No. 11 sought "[a]ll documents reflecting any emails, blog, or website posts, or any other electronic communication from you to any other person (other than communications with your attorney) concerning your employment with Metrc, and/or any other claims addressed in the Complaint." In response, Defendant produced, among other things, communications with a Lindsay Moran. The content of those communications indicates that the conversation was moved from the LinkedIn messaging system to private emails. **Plaintiff has not received any emails exchanged between Defendant and Ms. Moran. Please supplement your responses to include all communications and statements between Defendant and Ms. Moran. Indeed, Plaintiff**

**has not received any emails, generally, related to contacts with third parties regarding his employment with Metrc. These documents must be produced.**

Request No. 12 sought "[a]ll documents reflecting any emails, blog, or website posts, or any other electronic communication from you to any other person (other than communications with your attorney) concerning Metrc's Retail ID technology and/or any other claims addressed in the Complaint." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 12. Please confirm whether any responsive documents exist and, if they were produced, identify what documents.

Request No. 14 sought "[a]ll communications and/or documents sent or received between you and any third party regarding the end of your employment with Metrc." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 14. Please confirm whether any responsive documents exist and, if they were produced, identify what documents.

Requests Nos. 15 and 16 sought "[a]ll documents" that Estes, or anyone working on his behalf, received, obtained, copied, uploaded, or removed from Metrc. Defendant objected that these requests were "burdensome, seeking irrelevant information, and seeking information protected by the attorney-client privilege. Defendant worked for Metrc as an employee and this request encompasses every single email, text, and other communication that Defendant had during the course of his employment. Most of these documents are totally irrelevant to the allegations." As these requests do not request any communications, Defendant's objections are wholly irrelevant. Further, these requests go to the underlying allegations in this matter, as Defendant is alleged to have removed Metrc's access to Chroma Signet's domains following his termination, in violation of his pre-employment agreements.

Request No. 21 "[a]ll documents which refer or relate in any way to communications between you and any third-party relating in any way to Metrc and/or any former, current, or prospective customer, or business partner, of Metrc." Defendant objected that this request was overbroad and unduly burdensome and that "Defendant is unaware of all possible persons or entities who may qualify as Metrc's 'former, current, or prospective customer, or business partner.'" Defendant was Metrc's Executive Vice President for nearly a year and should have some idea which of his contacts are related to Metrc. It is difficult to fathom that Defendant would not know which persons he communicates with, in a community as small as the cannabis logistics industry, that are related to Metrc. Plaintiff agrees to narrow the subject of these documents to Metrc, Metrc's products, Chroma Signet, Retail ID, Metrc's employees, and Defendant's employment and relationship with Metrc. Please amend your responses and produce any responsive documents to these requests.

Request No. 22 sought "[a]ll communications in your possession in which you discuss any Metrc customer (current or former), prospective customer, or business partner." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 22. Please confirm whether any responsive documents exist and, if they were produced, identify what documents.

**VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM**

Andrew DeWeese
April 1, 2025

Request No. 23 sought "All communications in your possession in which you discuss any Metrc product or technology, including, but not limited to, Retail ID." Defendant claimed that this request was overly burdensome and not limited to a reasonable timeframe. Plaintiff agrees to narrow the scope of this request to April 7, 2023, through the present. Please supplement your discovery accordingly.

Request No. 25 requested "All records, reports, and other documents that reflect the identity of any customer, prospective customer, or business partner of Metrc that you have contacted since April 9, 2024." Defendant objected that this request was overbroad and unduly burdensome and that "Defendant is unaware of all possible persons or entities who may qualify as Metrc's 'former, current, or prospective customer, or business partner.'" Defendant was Metrc's Executive Vice President for nearly a year and should have some idea which of his contacts are related to Metrc. It is difficult to fathom that Defendant would not know which persons he communicates with, in a community as small as the cannabis logistics industry, that are related to Metrc. Plaintiff agrees to narrow the subject of these documents to Metrc, Metrc's products, Chroma Signet, Retail ID, Metrc's employees, and Defendant's employment and relationship with Metrc. Please amend your responses and produce any responsive documents to these requests.

Request No. 31 sought "[o]ther than the pleadings, all documents that constitute or concern your recollection of facts addressed in Metrc's claims in the Complaint." Defendant stated that the request sought protected documents. Please confirm that there are no responsive documents to this request that would not fall under an applicable privilege. If any privilege is being asserted to any request herein, a privilege log must be produced.

Request No. 34 sought "all documents utilized in responding to Plaintiffs' First Set of Interrogatories to Plaintiff." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 34. Please confirm whether all non-privileged responsive documents have been produced.

Request No. 38 sought "[a]ll documents reflecting representations or statements you made to any current, former, or prospective customer, or business partner of Metrc regarding the viability or functionality of its Retail ID technology." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 38. Further, no communications provided by Defendant in response to these requests related to the functionality of Retail ID. Please confirm whether any responsive documents exist and supplement your production accordingly. If documents were produced, identify what documents are meant to be responsive to this request.

Request No. 40 asked for "[a]ll non-privileged communications between you and any current or former employee of Metrc pertaining to this lawsuit." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 40. Please confirm whether any responsive documents exist and, if they were produced, identify what documents.

**VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM**

Andrew DeWeese
April 1, 2025

Request Nos. 43 – 44, 46 – 51, 57 – 60, requested documents concerning assertions Defendant has made regarding Metrc's business practices, products, and acquisitions. Defendant set forth several boilerplate objections to these requests, including as to the relevance of these documents to the underlying pleadings. Each request sough "all documents" which encompassed any communications made between Defendant and any client of Metrc – current, prospective, or former – regarding Defendant's statements about Metrc. If the statements were made to Metrc's clients, those communications are relevant to the underlying interference and breach of contract claims that are the subject of the operative pleadings in this case. Plaintiffs are willing to limit these requests to seek only any communications. Please amend your responses and produce any responsive documents to these requests.

Request No. 45 sought "[a]ll communications between you Metrc's CEO, Michael Johnson." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 45. Please confirm whether any responsive documents exist and supplement your production accordingly. If documents were produced, identify what documents are meant to be responsive to this request.

Request No. 53 sought "[a]ll communications between you and James Daley." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 53. Please confirm whether any responsive documents exist and supplement your production accordingly. If documents were produced, identify what documents are meant to be responsive to this request.

Request No. 55 sought "[a]ll documents wherein you made complaints about Metrc's business practices." There were no documents produced that were specifically identified as being responsive to this request. Please confirm whether Defendant produced all documents within his possession, custody, or control regarding this request.

Request No. 56 sought "[a]ll documents reflecting the reasons you failed to repay to Metrc the $100,000 signing bonus." Defendant objected to this question claiming that it "constitutes premature contention discovery: and that Defendant had not yet "gathered all of the facts and information that will be used to supports its defenses." In his interrogatory responses, Defendant claimed that he failed to repay the bonus because Metrc "wrongfully terminated him" and it would be "financially burdensome" for Defendant to return the money. While Plaintiffs understand that additional documentation may become available during the course of discovery, since Defendant claims that repayment would be "financially burdensome" it would seem apparent that financial records, bank statements, debts, or other financial documents could be produced at this time to support Defendant's claims. Therefore, please amend Defendant's response to Request No. 56 and produce documents that would support Defendant's interrogatory statements.

Requests Nos. 62 and 63 asked for "[a]ll documents reflecting monies you have received from any source since your termination from Metrc." Defendant stated that he would produce all *income* since his termination. This request seeks records regarding all "monies" Defendant received "from any source" since his termination. If Defendant has only received income from an employer since his termination, please confirm that the documents you produced are fully

**VIA EMAIL TO ANDREW@ANDREWDEWEESE.COM**

Andrew DeWeese
April 1, 2025

responsive and that Defendant has not received monies from any other source since his termination.

Request No. 64 sought "[a]ll offer letters, employment contracts, or other documents showing the terms of your employment with any employer since your termination from Metrc." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 64. Please confirm whether all available responsive documents have been produced.

Request No. 65 sought "[a]ll documents reflecting your efforts to obtain employment since your termination from Metrc." Defendant's response stated that it would produce responsive documents, yet there were no documents produced identified as responsive to RFP 65. Please confirm whether all available responsive documents have been produced.

Requests Nos. 66 and 67 seek documentation regarding what laws, rules, or regulations that Defendant believes Metrc violated and any documentation supporting this belief. Defendant objected on the grounds that these requests constitute premature discovery. Defendant produced text communications where he repeatedly referred to Metrc as "corrupt." Defendant's statements and beliefs that Metrc violated any laws, rules, or regulations directly relate to the underlying tortious interference claims that Plaintiffs have brought against him and are not solely related to Defendant's potential counterclaims – if any. The information sought by these requests is relevant to the allegations within the operative pleadings in this matter and should be produced. Please supplement your discovery responses accordingly.

Sincerely,

Ford & Harrison LLP

*/s/ Edward B. Carlstedt*

Edward B. Carlstedt

EBC/jpf