UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**METRC, INC.** and **METRC ID, LLC**,

      Plaintiffs,

v.                              Case No. 8:24-cv-01252-WFJ-CPT

**MARCUS ESTES**,

      Defendant.

_____/

## OMNIBUS ORDER

Before the Court is Plaintiffs Metrc, Inc. and Metrc ID, LLC's (jointly, "Metrc") Motion in Limine. Dkt. 95. Defendant Marcus Estes ("Estes"), proceeding *pro se*, has responded in opposition, Dkts. 99, Metrc has replied, Dkt. 111, and Defendant Estes has filed a sur-reply. Dkt. 116. Additionally before the Court is Metrc's Motion to Strike, Dkt. 107, to which Defendant Estes has responded in opposition. Dkt. 113. After careful consideration, the Court grants-in-part and denies-in-part these motions.

## BACKGROUND[1]

This dispute arises out of the employment—and eventual termination—of Defendant Estes by Metrc. On April 7, 2023, Defendant Estes began working for Metrc after its acquisition of his company. Dkt. 90 at 2. As a part of his employment,

---

[1] For a more extensive factual background, see the Court's prior order on Metrc's Partial Motion for Summary Judgment and the corresponding citations to the evidentiary record. *See* Dkt. 90.

Defendant Estes signed an Offer Letter Agreement that stipulated that he would be required to repay his signing bonus if he was terminated within two years. *Id.* Additionally, Defendant Estes signed a Non-Solicitation Agreement that established a two-year bar after the conclusion of his employment on "contacting any past, present or potential customer of [Metrc] for the purpose of attempting to induce the entity to reduce the amount of business previously done or contemplated to be done by [Metrc] for such entity or entities." *Id.* at 3 (quoting Dkt. 55-6 § 1(a)(iii) (citation modified)).

On May 23, 2024, Metrc initiated the present action by raising the following claims: breach of contract based upon Estes' failure to repay the signing bonus, as described in the Offer Letter Agreement (Count I); breach of contract based upon Estes' attempted inducement of Metrc's customers—specifically, present and potential customers Wyld, Khalifa Kush, and Holistic—to reduce their business with Metrc, as described in the Non-Solicitation Agreement (Count II); and tortious interference with Metrc's business relationships (Count III). Dkt. 1. On August 27, 2025, this action was consolidated with a subsequent action brought by Defendant Estes against Metrc, which was originally filed in the United States District Court for the District of Oregon. Dkt. 66. Defendant Estes raised the following claims: whistleblower retaliation under Oregon law (Counterclaim I); and wrongful discharge (Counterclaim II), Dkt. 76 at 30–33, which the Court then directed to be raised as counterclaims in the present action. Dkt. 75.

On February 13, 2026, the Court dismissed Defendant Estes' counterclaims. Dkt. 87. The Court found these to be compulsory counterclaims under Rule 13(a) that should have been timely raised in the present action, *id.* at 5–9, and further declined to allow them to be added under Rule 15 due to undue delay. *Id.* 9–11.

On March 3, 2026, the Court granted partial summary judgment in favor of Metrc, finding Defendant Estes liable for Count I as to breach of contract regarding the Offer Letter Agreement, and liable for Count II as to breach of contract regarding the Non-Solicitation Agreement only as to Wyld and Khalifa Kush. Dkt. 90. The Court further found that by "failing to plead his wrongful termination and whistleblower retaliation arguments as affirmative defenses," Defendant Estes had thus "thus waived these arguments as affirmative defenses and cannot now raise them." *Id.* at 13–14.

Remaining for trial are the determinations of: appropriate relief for the established liability for breach of contract as to Wyld and Khalifa Kush (Count II); liability for breach of contract as to Holistic (Count II); and liability for tortious interference (Count III). *Id.* at 20.

## DISCUSSION

### I.    Motion in Limine

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Such evidence is only excluded if

3

it is "clearly inadmissible for any purpose." *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-CV-16-FTM-99SPC, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011). However, rulings on motions in limine are subject to change when the case unfolds. *Luce*, 469 U.S. at 41. Additionally, in light of the preliminary or preemptive nature of a motion in limine, "any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited." *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004).

Much of Metrc's requested relief is undisputed by Defendant Estes. Dkt. 99 at 1 ("Defendant agrees with much of the motion and opposes it only in part."). Specifically, Defendant Estes "agrees that he will not relitigate the liability the Court decided on summary judgment, will not argue that Plaintiffs unlawfully terminated or retaliated against him or that any whistleblower status excuses his repayment, solicitation, or interference, will not use the label 'whistleblower' at trial, and will not offer generalized cannabis-diversion or regulatory evidence untethered to a remaining element." *Id.*

The issue remaining is what evidence will be allowed to defend against the elements of the remaining claims. The breach of contract claim of Count II requires Metrc to establish that Defendant Estes "contact[ed] any past, present or potential customer of [Metrc] *for the purpose of* attempting to induce the entity to reduce the amount of business previously done or contemplated to be done by [Metrc] for such

4

entity or entities." Dkt. 90 at 3 (quoting Dkt. 55-6 § 1(a)(iii) (emphasis added) (citation modified)). Additionally, the tortious interference claim of Count III requires Metrc to establish "an *intentional* and unjustified interference with the relationship by the defendant[.]" *Mortg. Now, Inc. v. Guaranteed Home Mortg. Co.*, 545 F. App'x 809, 811 (11th Cir. 2013) (emphasis added) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1995)); *see id.* (holding that this element of tortious interference "requires a plaintiff to prove that the defendant manifested a *specific intent* to interfere with the business relationship." (quoting *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So. 3d 836, 838 (Fla. 2d DCA 2009) (emphasis added))). Thus, Defendant Estes has an interest in presenting evidence as to the elements of purpose and intent.

While Metrc "does not dispute that some evidence of purpose or intent may be admissible for a proper, limited purpose[,]" Dkt. 111 at 3, it seeks to prevent Defendant Estes from "transform[ing] a limited state-of-mind issue into a trial about California cannabis diversion, alleged 'burner' distributors, Metrc's alleged regulatory obligations, or alleged software deficiencies, particularly when these defenses were dismissed or waived[.]" *Id.* at 2. Metrc principally seeks to preclude Defendant Estes from merely re-labeling his waived wrongful termination and whistleblower retaliation affirmative defenses as arguments regarding the elements. *See* Dkt. 95 at 15–19; Dkt. 111 at 3–5. However, Defendant Estes avers that he intends to rebuff the elements of the claims, not re-raise his affirmative defenses.

*See* Dkt. 99 at 3–4. Defendant Estes asserts that he will not "ask the jury to decide whether diversion occurred or whether Plaintiffs broke the law[,]" and will merely seek to establish that he did not act with the requisite purpose or intent. Dkt. 99 at 3.

The Court finds that the categories of evidence presented by Metrc are not clearly inadmissible for any purpose, and thus declines to categorically exclude such evidence at this stage. Both parties propose a procedure requiring Defendant Estes to proffer evidence in dispute outside the presence of the jury before such evidence is admitted. Dkt. 95 at 15; Dkt. 99 at 3; Dkt. 111 at 10. Additionally, the parties agree to a limiting instruction under Rule 105 that would ensure evidence is only considered for its appropriate purpose, and not to "prove that Metrc engaged in unlawful, corrupt, unsafe, or noncompliant conduct." Dkt. 95 at 8–9, 14–15; Dkt. 99 at 4; Dkt. 111 at 9–10. The Court finds these agreed-upon solutions to be sufficient.

## II.   Motion to Strike

Like in its Motion in Limine, Metrc utilizes its Motion to Strike to prevent Defendant Estes from "convert[ing] trial into a forum for litigating an unpleaded justification defense or the truth of collateral accusations he withheld during discovery. Dkt. 107 at 23; *see* Dkt. 113 at 3 (highlighting the likeness of Metrc's motions by stating that "[b]oth motions present one question in two vehicles: whether Defendant's purpose, intent, and belief evidence is admissible on the elements remaining for trial."); Dkt. 116 at 2 (same). However, Defendant Estes similarly avers that he does not seek to assert such a defense, *see id.* at 3 ("Defendant

6

agrees that he may not assert an unpleaded affirmative defense of justification or privilege, agrees that he may not ask for a jury instruction presenting such a defense, and agrees that the truth of any accusation against Metrc is not an issue the jury will be asked to decide."), and that he is only making arguments as to the elements from evidence provided in discovery. *Id.* at 9 ("[Defendant] will not offer proof that Metrc violated any law and will not ask the jury to find a violation. The discovery Defendant did not give corresponds to the theory he does not assert; the evidence he will offer is the evidence Metrc already has.").

For substantially the same reasons discussed above, the Court concludes that the concerns raised in the Motion to Strike are more appropriately addressed through evidentiary proffers and limiting instructions than through the wholesale exclusion of evidence or witnesses.

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Metrc's Motion in Limine, Dkt. 95, and Motion to Strike, Dkt. 107, are **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. It is stipulated that Defendant Estes "will not relitigate the liability the Court decided on summary judgment, will not argue that Plaintiffs unlawfully terminated or retaliated against him or that any whistleblower status excuses his repayment, solicitation, or interference, will not use the label 'whistleblower' at trial, and will not offer generalized cannabis-

7

diversion or regulatory evidence untethered to a remaining element." Dkt. 99 at 1; Dkt. 111 at 2–3.

3. Defendant Estes may offer evidence in dispute only upon a showing outside the presence of the jury that the evidence is relevant to a remaining claim element and is otherwise admissible.

**DONE AND ORDERED** at Tampa, Florida, on July 17, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record