Case 8:24-cv-01252-WFJ-CPT    Document 118    Filed 07/18/26    Page 1 of 17 PageID 1513

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METRC, INC., and METRC ID, LLC,

                  Plaintiffs,              Case No.: 8:24-cv-1252-WFJ-CPT

v.

MARCUS ESTES,

                  Defendant.

_____/

## COURT'S JURY INSTRUCTIONS

This case involves claims by Plaintiffs Metrc, Inc. and Metrc ID, LLC, which I will refer to collectively as "Metrc," against Defendant Marcus Estes, whom I will refer to as "Estes." These are the jury instructions that you must follow in this case. You should consider them as a whole. You may not single out or disregard any instruction. The matters to be decided are as follows: Count Two, breach of the Non-Solicitation Agreement as to Holistic and associated damages/relief; damages/relief for the already-determined breaches of the Non-Solicitation Agreement as to Wyld and Khalifa Kush; and Count Three, tortious interference with business relationships as to Holistic, Wyld, and Khalifa Kush, and any associated damages/relief.

Certain issues have already been decided by the Court and are not for you to decide. You must accept those rulings as true and binding.

1

First, the Court has already determined that Estes breached the Non-Solicitation Agreement with respect to Wyld and Khalifa Kush. You may not reconsider whether Estes breached the Non-Solicitation Agreement as to Wyld or Khalifa Kush. You may consider only what damages, if any, Metrc proved were legally caused by those breaches.

Second, Metrc's claim that Estes breached the Non-Solicitation Agreement with respect to Holistic remains for you to decide. On that claim, you must decide whether Metrc has proved that Estes breached the Non-Solicitation Agreement as to Holistic and, if so, what damages, if any, Metrc proved were legally caused by that breach.

Third, Metrc's tortious interference claim (which is Count Three) remains for you to decide as to Holistic, Wyld, and Khalifa Kush. On that claim, you must decide whether Metrc proved tortious interference with respect to each business relationship and, if so, what damages, if any, Metrc proved were legally caused by the interference.

You must decide each claim and each customer or prospective customer separately.

## Responsibility for Proof — Preponderance of the Evidence

Metrc has the responsibility to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Metrc's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Metrc on that claim or contention. When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who called them, and all of the exhibits received in evidence, regardless of who produced them.

This preponderance standard applies to Metrc's claims for breach of the Non-Solicitation Agreement and for tortious interference, and to any compensatory damages on those claims. It does not apply to Metrc's request for punitive damages on the tortious interference claim, which Metrc must prove by clear and convincing evidence, a higher standard explained in a separate instruction.

## Binding Prior Determinations

The Court has already determined certain matters that are not for you to decide. You must not speculate about those rulings, disagree with them, or revisit them.

You must accept the following as established:

1.     The Non-Solicitation Agreement is a valid agreement between Metrc and Estes.

2.     The Non-Solicitation Agreement prohibited Estes, for a two-year period, from contacting any past, present, or potential customer of Metrc for the purpose of attempting to induce that entity to cease doing business with Metrc, or to reduce the amount of business previously done or contemplated to be done by Metrc.

3.     Estes breached the Non-Solicitation Agreement with respect to Wyld.

4.     Estes breached the Non-Solicitation Agreement with respect to Khalifa Kush.

5.     Estes did not have to succeed in causing Wyld or Khalifa Kush to cease or reduce the amount of business previously done or contemplated to be done with Metrc in order to breach the Non-Solicitation Agreement. It was enough that he contacted them for the prohibited purpose.

4

**Breach of Non-Solicitation Agreement — Holistic**

Metrc claims that Estes breached the Non-Solicitation Agreement by contacting Holistic for the purpose of attempting to induce Holistic to cease doing business with Metrc, or to reduce the amount of business previously done or contemplated to be done by Metrc.

To prove its breach-of-contract claim as to Holistic, Metrc must prove all of the following by a preponderance of the evidence:

1.      Holistic was a past, present, or potential customer of Metrc within the meaning of the Non-Solicitation Agreement;

2.      Estes contacted Holistic during the restricted period;

3.      Estes contacted Holistic for the purpose of inducing or attempting to induce Holistic to cease doing business with Metrc, or to reduce the amount of business previously done or contemplated to be done by Metrc; and

4.      Metrc suffered damage as a result, or, if Metrc proves a breach but does not prove actual damages, Metrc is entitled to nominal damages as explained in these instructions.

Metrc does not have to prove that Estes succeeded in causing Holistic to cease or reduce its business with Metrc. Under the Non-Solicitation Agreement, an attempt to induce a customer or potential customer to cease or reduce the amount of business

5

previously done or contemplated to be done with Metrc is sufficient if Metrc proves the other elements.

**Meaning of "Purpose" Under the Non-Solicitation Agreement**

For Metrc to prove that Estes contacted Holistic for a prohibited purpose, Metrc does not have to prove that the prohibited purpose was Estes' only purpose. A person may act with more than one purpose.

Metrc must prove that one substantial purpose of Estes' contact with Holistic was to induce or attempt to induce Holistic to cease doing business with Metrc, or to reduce the amount of business previously done or contemplated to be done by Metrc.

You may consider all of the surrounding circumstances, including the words used, the timing of the communication, the relationship between the parties, prior and subsequent communications, and the natural and probable effect of the communication.

**Damages for Breach of Non-Solicitation Agreement**

If you find that Metrc proved that Estes breached the Non-Solicitation Agreement as to Holistic, or if you are determining damages for the already-

6

established breaches as to Wyld or Khalifa Kush, you should award Metrc an amount of money that the evidence shows by a preponderance of the evidence will fairly and adequately compensate Metrc for the damages legally caused by the breach.

The purpose of contract damages is to place the injured party, so far as money can do it, in the position it would have occupied had the contract been performed. You must not award damages to punish Estes on the contract claim.

Metrc may recover actual damages only for losses that were legally caused by a breach of the Non-Solicitation Agreement and that are proved with reasonable certainty. Damages may not be based on speculation, guesswork, or conjecture.

### Lost Profits — Breach of Non-Solicitation Agreement

Metrc seeks lost profits as damages for breach of the Non-Solicitation Agreement.

To recover lost profits, Metrc must prove both of the following by a preponderance of the evidence:

1. Estes' breach caused Metrc to lose profits; and

2. Metrc can establish the amount of lost profits with reasonable certainty.

To establish lost profits with reasonable certainty, Metrc must prove that a reasonable person would be satisfied that the amount of lost profits is not simply the

result of speculation or guessing. Metrc must prove that there is some standard or reliable basis by which the amount of lost profits may be established.

Metrc is not required to prove the amount of lost profits with mathematical precision. But Metrc must prove enough facts and circumstances to permit a reasonable estimate of the amount of lost profits caused by the breach.

### Nominal Damages — Breach of Non-Solicitation Agreement

If you find that Metrc proved that Estes breached the Non-Solicitation Agreement as to Holistic, but Metrc did not prove actual damages caused by that breach, then you should award Metrc nominal damages for that breach, such as one dollar.

Because the Court has already determined that Estes breached the Non-Solicitation Agreement as to Wyld and Khalifa Kush, if you find that Metrc did not prove actual damages caused by either or both of those established breaches, you should award Metrc nominal damages for any such breach, such as one dollar.

Nominal damages are not intended to compensate a party for a proved monetary loss. They recognize that a legal right was violated even though actual damages were not proved.

## Tortious Interference — Introduction

Metrc also claims that Estes intentionally and unjustifiably interfered with Metrc's business relationships with Holistic, Wyld, and Khalifa Kush.

Estes denies that he tortiously interfered with those relationships. Estes contends, among other things, that his communications did not cause damage to Metrc and that any damages claimed by Metrc are speculative.

You must decide Metrc's tortious interference claim separately as to Holistic, as to Wyld, and as to Khalifa Kush.

## Tortious Interference — Business Relationship or Prospective Business Relationship

To prove tortious interference as to a particular customer or prospective customer, Metrc must prove all of the following by a preponderance of the evidence:

1.    Metrc had a business relationship or prospective business relationship with the customer or prospective customer;

2.    Estes knew of that relationship;

3.    Estes intentionally and unjustifiably interfered with that relationship;

4.    The interference caused the customer or prospective customer not to enter into, continue, or expand a business relationship with Metrc, or caused the

relationship to be impaired, delayed, reduced, or made more difficult or expensive; and

5. Metrc was damaged as a result.

A business relationship need not be evidenced by an enforceable contract, but it must be an actual and identifiable relationship that gives Metrc existing or prospective legal or business rights. A mere hope that some unidentified customer might do business in the future is not enough. But a relationship with an identifiable customer or prospective customer may be sufficient if the evidence shows an actual business relationship or a reasonable and identifiable expectation of a business relationship.

**Intentional and Unjustified Interference — No Separate Justification Defense**

Interference is intentional if a person acts with the purpose of interfering with a business relationship or knows that interference is substantially certain to occur as a result of his conduct.

For purposes of Metrc's tortious interference claim, Metrc must prove that Estes intentionally interfered with Metrc's business relationship without lawful justification. In deciding whether the interference was unjustified, you may consider the nature of the conduct, the relationship of the parties, the timing and context of

the communications, and whether the conduct was directed toward disrupting or impairing Metrc's business relationship.

No separate affirmative defense of justification, privilege, public concern, whistleblowing, or protection of a legitimate interest has been submitted to you. You should not decide this case based on whether Estes believed he had good reasons to communicate with Metrc's customers unless that evidence bears on an issue submitted to you, such as whether he intentionally interfered, whether his communications caused damage, whether he acted with the purpose alleged by Metrc, or punitive damages if that issue is submitted to you.

A person is not liable merely because his conduct incidentally affects another's business relationship. But a person may be liable if he intentionally and unjustifiably induces, persuades, pressures, or otherwise causes a customer or prospective customer not to enter into, continue, expand, or maintain a business relationship with another.

**No General Justification, Public Concern, or Whistleblower Defense**

Estes' alleged concerns, accusations, opinions, or stated reasons for contacting Metrc's customers are not a separate defense to liability. This case does not include an affirmative defense that Estes was legally justified, privileged, acting as a whistleblower, or acting on a matter of public concern.

11

You may consider such evidence only for a limited purpose, such as deciding what was communicated, the context of the communication, Estes' intent or purpose, the effect on the listener, causation, damages, or punitive-damages issues if submitted to you. You may not use such evidence to excuse conduct that otherwise satisfies the elements of breach of the Non-Solicitation Agreement or tortious interference.

## Limited Use of Customer Communications

You have heard or may hear evidence of communications between Estes and persons associated with Holistic, Wyld, or Khalifa Kush. Some of those communications may include accusations, opinions, or statements about Metrc.

Those communications are admitted only for limited purposes. You may consider them to decide:

1. Whether the communication was made;

2. The content and context of what was communicated;

3. Estes' intent, purpose, or state of mind;

4. The effect, if any, on the listener;

5. Whether Estes contacted a customer or prospective customer for the purpose of attempting to induce that entity to cease or reduce the business previously done or contemplated to be done with Metrc;

12

6.      Whether Estes intentionally and unjustifiably interfered with Metrc's business relationship; and

7.      Whether the communication legally caused damage to Metrc.

You may not consider the accusations or assertions in those communications as proof that the accusations or assertions were true, unless I specifically instruct you otherwise.

## Legal Cause — Tortious Interference

Tortious interference is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the interference, the damage would not have occurred.

A legal cause need not be the only cause. Tortious interference may be a legal cause of damage even though it operates in combination with some other cause, if the interference contributes substantially to producing the damage.

## Damages — Tortious Interference

If you find for Metrc on its tortious interference claim as to a particular customer or prospective customer, you should award Metrc an amount of money that

13

the evidence shows by a preponderance of the evidence will fairly and adequately compensate Metrc for the damage legally caused by the intentional interference.

Metrc may recover actual damages only for losses that were legally caused by Estes' tortious interference and that are proved with reasonable certainty. Damages may not be based on speculation, guesswork, or conjecture.

### Lost Profits — Tortious Interference

Metrc seeks lost profits as damages for tortious interference.

To recover lost profits, Metrc must prove both of the following by a preponderance of the evidence:

1. Estes' tortious interference caused Metrc to lose profits; and

2. Metrc can establish the amount of lost profits with reasonable certainty.

To establish lost profits with reasonable certainty, Metrc must prove that a reasonable person would be satisfied that the amount of lost profits is not simply the result of speculation or guessing. Instead, Metrc must prove that there is some standard or reliable basis by which the amount of lost profits may be established. Metrc is not required to prove the amount of lost profits with mathematical precision, so long as Metrc has shown there is a reasonable basis for determining the amount of the loss.

14

Case 8:24-cv-01252-WFJ-CPT    Document 118    Filed 07/18/26    Page 15 of 17 PageID 1527

**No Double Recovery**

Metrc has asserted both breach-of-contract and tortious-interference claims. Some of the damages claimed by Metrc may overlap.

You must not award duplicate damages for the same injury. If the same loss was caused by both a breach of the Non-Solicitation Agreement and tortious interference, Metrc may recover for that loss only once.

You should separately answer the questions on the verdict form. The Court will ensure that any final judgment does not result in a double recovery for the same injury.

**Punitive Damages — Entitlement, Standard of Proof**

Metrc also seeks punitive damages on its tortious interference claim. You may consider punitive damages only if you first find that Metrc proved tortious interference and actual damages.

Punitive damages are not intended to compensate a plaintiff for a loss. They are intended to punish a defendant for wrongful conduct and to deter similar conduct in the future.

You may award punitive damages only if Metrc proves by clear and convincing evidence that Estes was personally guilty of intentional misconduct.

15

"Clear and convincing evidence" is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or issue is highly probable or reasonably certain.

"Intentional misconduct" means that Estes had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to Metrc would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

You may not award punitive damages because of mere mistake, poor judgment, negligence, or because you disagree with Estes' views. You may award punitive damages only if the required standard is met.

If you decide that Metrc is entitled to punitive damages, the amount of punitive damages must be supported by the preponderance of the evidence, which is the ordinary civil standard also described as the greater weight of the evidence.

## Evidence of Prior Rulings, Dismissed Claims, or Resolved Claims

You must not speculate about why the Court has already decided certain issues or dismissed other claims. You must not award or deny damages based on sympathy, punishment for claims that are not before you, disagreement with the Court's rulings, or speculation about matters not submitted for your decision.

16

The only claims and issues for you to decide are those described in these instructions and on the verdict form.

**Verdict Form — Separate Consideration**

The verdict form will ask you separate questions about the remaining claims, customers, causation, and damages. You must answer each question based on the evidence and these instructions.

Your findings as to one customer or prospective customer should not automatically control your findings as to another. You must consider the evidence separately as to Holistic, Wyld, and Khalifa Kush.