**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

METRC, INC., METRC, ID LLC,

        Plaintiffs,               CASE NO.: 8:24-cv-01252

v.

MARCUS ESTES,

        Defendant.

_____/

**JOINT STIPULATION REGARDING RESOLUTION OF REMAINING**
**CLAIMS, ATTORNEYS' FEES, AND COSTS**

Plaintiffs Metrc, Inc. and Metrc ID, LLC (collectively, "Metrc") and

Defendant Marcus Estes ("Estes"), pursuant to Rule 41(a)(1) or, alternatively, Rule

15(a), Federal Rules of Civil Procedure, stipulate and agree (or, alternatively, move

the Court) as follows:

    **1.**     **Count I Final Judgment Remains Unaffected.**

On May 26, 2026, the Court entered final judgment pursuant to Federal Rule

of Civil Procedure 54(b) in favor of Metrc and against Estes on Count I of Metrc's

operative complaint. Dkts. 93–94.

Nothing in this Stipulation vacates, modifies, compromises, releases, satisfies,

or otherwise affects:

  a. the Court's determination of liability on Count I;

b. the final judgment entered on Count I;

c. the principal, prejudgment interest, or post-judgment interest awarded under that judgment;

d. Metrc's right to enforce and collect the Count I judgment; or

e. either party's rights, arguments, or defenses in any appeal concerning the Count I judgment.

**2.    Preservation of Count II Liability Determination.**

Nothing in this Stipulation vacates, modifies, compromises, releases, or otherwise affects the Court's existing determination that Estes is liable under Count II for breach of the Non-Solicitation Agreement with respect to Wyld and Khalifa Kush.

The parties agree that the Court's liability determination concerning Wyld and Khalifa Kush remains binding and in full force and effect.

**3.    Preservation of Injunctive Relief.**

Nothing in this Stipulation vacates, dissolves, limits, modifies, compromises, or otherwise affects any injunctive relief entered by the Court under Count II concerning Wyld or Khalifa Kush.

Any such injunction shall remain in full force and effect according to its terms unless and until it expires, is modified by the Court upon an appropriate motion, or is reversed or modified on appeal.

Estes remains obligated to comply fully with that injunctive relief.

## 4.    Dismissal of Unresolved Portions of Count II.

Subject to Paragraphs 2 and 3, Metrc dismisses with prejudice only those portions of Count II that remain unresolved, including:

a. any claim for monetary damages arising from Estes's breach of the Non-Solicitation Agreement concerning Wyld or Khalifa Kush;

b. any claim under Count II concerning Holistic; and

c. any request for additional relief under Count II beyond the liability determination and injunctive relief expressly preserved by this Stipulation.

This paragraph does not dismiss, withdraw, vacate, or compromise the existing liability determination or injunctive relief concerning Wyld and Khalifa Kush.

## 5.    Dismissal of Count III.

Metrc dismisses Count III, alleging tortious interference with business relationships, with prejudice in its entirety.

**6.      No Adjudication on Dismissed Matters.**

The dismissal of the unresolved portions of Count II and of Count III represents a negotiated resolution. Except for the determinations and relief expressly preserved in Paragraphs 1 through 3, the dismissal shall not constitute an admission or judicial determination concerning:

   a. the merits or lack of merit of the dismissed claims or theories;

   b. whether either party would have prevailed had those matters proceeded to trial;

   c. the existence or amount of damages arising from the dismissed matters;

   d. any defense Estes asserted or could have asserted concerning the dismissed matters; or

   e. any claim concerning Holistic.

**7.      Mutual Waiver of Attorneys' Fees and Costs.**

Each party shall bear its own attorneys' fees, taxable costs, nontaxable costs, expert-witness fees, expenses, and other litigation expenditures incurred in the District Court proceedings in this action.

Metrc and Estes each knowingly, expressly, irrevocably, and unconditionally waive and release any right to seek or recover attorneys' fees, costs, or litigation expenses from the other arising from or relating to:

   a. Count II;

4

b. Count III;

c. the Non-Solicitation Agreement;

d. the claims involving Wyld, Khalifa Kush, or Holistic;

e. the dismissal of the unresolved portions of Count II or Count III; or

f. the Court's liability determination or injunctive relief under Count II.

This mutual waiver applies regardless of whether either party could otherwise contend that it is a prevailing party.

### 8.    Express Waiver of Attorneys' Fees, Costs, and Expenses

The parties knowingly, expressly, irrevocably, and unconditionally waive and release any right to seek or recover attorneys' fees, costs, or expenses, whether based upon contract, statute or otherwise, incurred in the District Court proceeding.

### 9.    No Prevailing-Party Claim.

Neither party shall file, assert, or maintain any motion, application, bill of costs, or other request claiming prevailing-party attorneys' fees or costs arising from any claim in this District Court proceeding.

Neither party shall argue that the dismissal of the unresolved portions of Count II or Count III independently establishes that party as a prevailing party.

Nothing in this paragraph requires either party to disclaim or characterize the legal effect of the Court's preserved rulings. Rather, the parties agree that any potential prevailing-party entitlement has been knowingly and mutually waived.

### 10.    Appellate Proceedings.

This Stipulation does not waive either party's right to pursue or defend any pending or future appeal concerning Count I or any preserved ruling under Count II.

Unless the parties separately agree otherwise, this Stipulation does not waive taxable appellate costs awarded by the appellate court under the Federal Rules of Appellate Procedure. No party, however, may seek appellate attorneys' fees whether based upon any contract, statute or otherwise.

### 11.    Remaining District Court Matters.

Following approval or effectiveness of this Stipulation, no claim shall remain for trial in the District Court.

The parties jointly request that the Court:

a. recognize that the Rule 54(b) judgment on Count I remains in full force and effect;

b. recognize that the existing liability determination and injunctive relief under Count II concerning Wyld and Khalifa Kush remain in full force and effect;

6

c. dismiss with prejudice the unresolved portions of Count II identified in Paragraph 4;

d. dismiss Count III with prejudice;

e. direct each party to bear its own attorneys' fees and costs as provided in this Stipulation; and

f. close the District Court case subject to the continuing enforceability of the Count I judgment and the preserved injunctive relief under Count II.

**12.    Material and Binding Terms.**

The waivers and covenants concerning attorneys' fees and costs are material terms of this Stipulation and are binding upon Metrc, Estes, and any person or entity asserting a derivative entitlement through either party. For the avoidance of doubt, Paragraphs 7 through 9 and this Paragraph reach only attorneys' fees, costs, and expenses incurred in this action, and nothing in this Stipulation waives, releases, or limits any right of any party or non-party in any other action or proceeding.

**13.    Void if Not Approved.**

If the Court does not enter an order approving this Stipulation in its entirety, this Stipulation shall be void in its entirety and shall not be used by either party for any purpose.

**CERTIFICATION REGARDING COUNSEL ASSISTANCE (per D.E. 88)**

Pursuant to the Court's Order of February 13, 2026 (D.E. 88), Defendant certifies that he has not received assistance from counsel in connection with this Stipulation. This document was drafted by Plaintiffs' counsel and negotiated at arm's length between the parties; Defendant reviewed it personally and is solely responsible for his decision to sign.

Respectfully submitted this 20th day of July, 2026.

FORDHARRISON LLP


By: /s/ *Nicholas S. Andrews*
Edward B. Carlstedt
Florida Bar No. 0136972
ecarlstedt@fordharrison.com
Nicholas S. Andrews
Florida Bar No. 0105699
nandrews@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, Florida 33602
Telephone (813) 261-7800
Facsimile (813) 261-7899
Attorneys for Plaintiffs

By: /s/ *Marcus Estes*
Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com
Pro Se Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 20, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will send an electronic notification of the filing to all counsel of record, and that a true and correct copy of this filed joint motion was sent via email and mail to:

Marcus Estes
1142 Grand Ave.
Astoria, Oregon 97103
Marcus.e@gmail.com

/s/  *Nicholas S. Andrews*
Attorney

WSACTIVELLP:115390210.2

9